UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR 413-28 |
| | ) | |
| v. | ) | |
| | ) | |
| **NAJAM AZMAT** | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S APPEAL TO THE DISTRICT COURT FOR REVIEW OF DETENTION ORDER**

Now comes the United States of America, by and through Edward J. Tarver, United States Attorney for the Southern District of Georgia, and files this Response in Opposition to Defendant's Appeal to the District Court for Review of Detention Order and in support thereof notes the following:

1. A detention hearing was held before the Magistrate Judge on February 28, 2013, after which the defendant ("Azmat") was ordered detained. A written order of detention [Doc 43] was entered on March 19, 2013. Azmat asks the court, pursuant to Title 18, United States Code, Section 3145(b), for a review of the detention order. [Doc 57] The United States respectfully request that the court, after reviewing the case *de novo*, deny the defendant's motion.

**FACTUAL SUMMARY**

2. As shown in the indictment and detention order, Azmat is charged with numerous controlled substance offenses, each of which is punishable by more than ten years' imprisonment. Under 18 U.S.C. § 3142(e), Congress has created a presumption that no conditions of release will reasonably assure that those charged with serious drug crimes (punishable by ten years or more of imprisonment) will not flee or pose a danger to the community. [Docs 1 and 43]

3. In its written order of March 19, 2013, the Court found that the government offered convincing evidence that Azmat "briefly served as the prescribing physician for a 'pill mill' which operated as 'East Health Center' in Garden City, Georgia in early 2011" [Doc 43, p. 2]; see also, transcript of February 28 detention hearing p. 8 (Azmat worked at East Health Center from February 21 through March 15, 2013). The evidence at the detention hearing showed that Azmat routinely prescribed high doses of narcotic pain medication to numerous "patients" who had traveled great distances (generally from out of state) to acquire such drugs from this cash-only business. [Doc 43, p. 2] The Magistrate Judge further found that Azmat was paid in cash for his services and knew that he was dealing with drug addicts. The prescriptions he wrote were not for any legitimate medical purpose. Id.

4. After Azmat left East Health Center, he opened a pain management clinic in Lexington, Kentucky, where he engaged in the same practice of prescribing high doses of narcotic pain medication to a series of drug addicts. Federal law enforcement officials shut this business down in February 2012. Id. Although Azmat reported earning $30,000 per month from May 2011 until February 2012, he claims to have used those funds "to help pay off old debts" and asserts that he is now "a broken man financially." [Doc 57, p. 6] Azmat originally requested court-appointed counsel. [Doc 10]

5. Azmat has family ties in two foreign countries and reports recently traveling abroad. He admits traveling to Pakistan in 1999, to Saudi Arabia in 2006, and to England and Europe in 2011 to visit family. [Doc 57, p. 4] Given the wealth likely available to him and his foreign connections, and given the length of the potential sentence and the statutory presumption, the Magistrate Judge found that defendant poses a substantial risk of flight and there are no

conditions that will reasonably assure the defendant's appearance for further proceedings in this case. [Doc 43, p. 3]

      6. Although he claims to have no power to continue writing prescriptions, the government has recently learned that defendant is contesting a revocation of his medical license in the State of Indiana. The government maintains that any possibility of Azmat gaining employment as a medical doctor constitutes a danger to others.

## ARGUMENT

      7. In reviewing a magistrate's release or detention decision, the district court must review the case *de novo*, although it need not conduct a *de novo* hearing. <u>United States v. Gaviria</u>, 828 F.2d 667 (11th Cir. 1987). The court must, however, review all the facts presented to the magistrate. <u>United States v. King</u>, 849 F. 2d 485 (11th Cir. 1988); <u>United States v. Hurtado</u>, 779 F.2d 1467 (11th Cir. 1985). The defendant's actions were found by the Magistrate Judge to constitute clear and convincing evidence that he is a risk of flight. The government submits that the facts found by the magistrate are very clear, and that no intervening circumstances since the detention hearing or upon the court's reconsideration of its order on March 25, 2013, should cause the court to amend its findings. Quite simply, the defendant has offered no new evidence sufficient to rebut the showing that was made at the detention hearing (and the statutory presumption), that no conditions of release will reasonably assure that the defendant will not flee nor pose a danger to the community. See 18 U.S.C. § 3142(e). On review of the Magistrate Judge's findings, the government respectfully requests that this honorable Court order detention of the defendant pending trial and DENY the defendant's motion or revocation of the detention order without a hearing.

3

WHEREFORE, the government respectfully requests that the Court deny the defendant's motion.

                    Respectfully submitted,

                    EDWARD J. TARVER
                    UNITED STATES ATTORNEY

                    *s/ Karl I. Knoche*

                    Karl I. Knoche
                    Assistant United States Attorney
                    Georgia Bar No. 426624

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 16th day of April 2013.

                                                Respectfully submitted,

                                                EDWARD J. TARVER
                                                UNITED STATES ATTORNEY

                                                *s/ Karl I. Knoche*

                                                Karl I. Knoche
                                                Assistant United States Attorney
                                                Georgia Bar No. 426624

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422