AO 199A (Rev. 11/95) Order Setting Conditions of Release                                    Page 1 of ___ Pages

FILED
U.S. DISTRICT COURT
SAVANNAH
2013 MAY 13  AM 11: 5_
CLERK _____
SO. DIST. OF GA.

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA

V.

NAJAM AZMAT

ORDER SETTING CONDITIONS
OF RELEASE

Case Number: CR413-28-04

Defendant

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear at (if blank, to be notified) _____
                                                                                                             Place
_____ on _____
                                    Date and Time

## Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

☐ (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

☐ (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
_____ dollars ($ _____ )
In the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

GAS Rev 4/17/97

AO 199B (Rev. 5/99) Additional Conditions of Release                                                                 Page_____ of _____ Pages

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.
IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

☐ (6) The defendant is placed in the custody of:
   (Name of person or organization) _____
   (Address) _____
   (City and State) _____ (Tel. No.) _____
who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
Custodian or Proxy

☒ (7) The defendant shall:
   ☒ (a) report to the SUPERVISING OFFICER AS DIRECTED .
      telephone number _____, not later than _____.
   ☒ (b) execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property:
      $100,000.00 SECURED BY 5%
   ☐ (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above described
      _____
   ☐ (d) execute a bail bond with solvent sureties in the amount of $_____
   ☐ (e) maintain or actively seek employment.
   ☐ (f) maintain or commence and educational program.
   ☒ (g) surrender any passport to: _____
   ☒ (h) obtain no passport.
   ☒ (i) abide by the following restrictions on his personal associations, place of abode, or travel:
      SAVANNAH, WAYCROSS AND BRUNSWICK DIVISION OF THE SOUTHERN DISTRICT OF GEORGIA
   ☒ (j) avoid all contact, directly or indirectly, with any persons, who are or who may become a victim or potential witnesses in the subject investigation or prosecution, including but not limited to:
      CO-DEFENDANT'S
   ☐ (k) undergo medical or psychiatric treatment and/or remain in an institution, as follows: _____
   ☐ (l) return to custody each (week)day as of _____ o'clock after being released each (week)day as of _____
      o'clock for employment, schooling, or the following limited purpose(s): _____

   ☐ (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
   ☒ (n) refrain from possessing a firearm, destructive device, or other dangerous weapon.
   ☒ (o) refrain from ☐ any ☒ excessive use of alcohol.
   ☒ (p) refrain from any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.
   ☐ (q) submit to testing to determine whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
   ☐ (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling.
   ☒ (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
   ☒ (t) participate in one of the following home confinement program components and abide by all the requirements of the program which
      ☒ will or ☐ will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
      ☒ Curfew. You are restricted to your residence every day ☒ from 8:00 pm to 7:00 am , or ☐ as directed by the pretrial services office or supervising officer.
      ☐ Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
      ☐ Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
   ☒ (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
   ☒ (v) DEFENDANT IS TO ABIDE BY ALL CONDITIONS SET FORTH IN THE ATTACHED ORDER DATED 5/9/13
   ☐ (w) _____
   ☐ (x) _____

AO 199C (Rev. 8/94) Advice of Penalties . .             Page _____ Of _____ Pages

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of any crime while on pretrial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation. It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Witness: _____      _____
          Deputy Clerk                                    Signature of Defendant

707 CONFEDERATE WAY
Address

WAYCROSS GA 31503   (912) 338.9796
City and State                  Telephone

## Directions to United States Marshal

☐ The defendant is ORDERED released after processing.
☑ The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: MAY 13, 2013            _____
                                                           Signature of Judicial Officer
                                          Honorable William T. Moore, Jr.
                                          U. S. District Court Judge
                                          Name and Title of Judicial Officer

FILED
U.S. DISTRICT
SA...

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA  2013 MAY -9 PM 4:
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CLERK |
| ) | SO. DIST. OF GA. |
| v. ) | CASE NO. CR413-028 |
| ) | |
| NAJAM AZMAT, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is Defendant's appeal of the Magistrate Judge's detention order. (Doc. 57.) In total, Defendant has been charged with fifty-one controlled substance offenses, each punishable by more than ten years' imprisonment. On February 28, 2013, after conducting a detention hearing, the Magistrate Judge ordered Defendant to pretrial detention. Defendant appealed the Magistrate Judge's detention order to this Court. On May 6, 2013, this Court held a hearing on the matter. After careful consideration of the testimony and exhibits before the Magistrate Judge, as well as the testimony and exhibits provided before this Court, the Court now holds that Defendant is entitled to bond.

STANDARD

The Bail Reform Act, 18 U.S.C. §§ 3141-3156, is intended to favor pretrial release. See United States v.

Salerno, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."). However, for controlled substance offenses where there is a maximum term of imprisonment of at least ten years, 18 U.S.C. § 3142(e)(3)(A) triggers a rebuttable presumption that "no combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." A grand jury indictment provides the probable cause required to trigger the presumption. United States v. Hurtado, 779 F.2d 1467, 1479 (11th Cir. 1985). Once the statutory presumptions are raised under the Bail Reform Act, a defendant carries the burden of production "to come forward with evidence to rebut the presumptions, but defendant's obligation to come forward with evidence does not shift to defendant the Government's burden of persuasion." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990). Even if the evidence rebuts this presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence relative to factors listed in § 3142(g)."[1] United States v. King, 849 F.2d 485,

---

[1] 18 U.S.C. § 3142(g) factors include: the nature and circumstances of the offense charged; the weight of the

2

488 (11th Cir. 1988) (citations omitted). If the defendant rebuts the presumption, the Government must prove by a preponderance of the evidence that the defendant presents a risk of flight and by clear and convincing evidence that the defendant is a danger to the community. King, 849 F.2d at 489. Any conditions of pretrial release must be the least restrictive that will reasonably assure the appearance of the defendant and assure the safety of the community. 18 U.S.C. § 3142(c)(1).

### FACTUAL FINDINGS

At the May 6, 2013 hearing, Ware County Middle School Principal Dr. Darlene Tanner and retired Georgia Department of Corrections Chief Probation Officer Mr. James Arnold testified on Defendant's behalf. Both Dr. Tanner and Mr. Arnold testified that they have known Defendant and Defendant's family for several years, regularly visited Defendant in his Waycross, Georgia home, and worked with Defendant on community projects involving the Ware County public schools. In both Dr. Tanner's and Mr. Arnold's opinions, Defendant is not a flight risk. Further,

---

evidence against the person; the history and characteristics of the person—including family ties, length of residence in the community, community ties, past conduct, criminal history, and record concerning appearance at court proceedings; and the nature and seriousness of the danger to any person or the community.

Defendant provided two affidavit exhibits from two of his neighbors in Waycross, Ms. Kay Starnes and Mr. Donnie Carter. (Bond Hearing Exhs. 5, 6.) Ms. Starnes and Mr. Carter also acknowledge knowing Defendant for several years and that he would honor any bond commitment imposed by this Court.

The Court also heard testimony from Mr. Fox DeMoisey, a Kentucky attorney, who concentrates his practice on representing medical professionals before state licensing boards. Mr. DeMoisey has known Defendant since late-2011 and represents Defendant in an administrative complaint and emergency suspension of his medical license currently pending before the Kentucky Board of Medical Licensure. Mr. DeMoisey testified that Defendant's Kentucky Medical License has been suspended pending an administrative appeal. Additionally, Mr. DeMoisey testified that Defendant's Indiana medical license has also been suspended and is awaiting review by the Medical Licensing Board of Indiana. Mr. DeMoisey stated that Defendant has voluntarily surrendered his DEA registration number, preventing Defendant from prescribing or distributing certain controlled substances. In his opinion, Mr. DeMoisey does not believe Defendant to be a flight risk or danger to the community.

4

The Government expressed concern that Defendant would pose a danger to the community because the Kentucky Board of Medical Licensure's administrative recommendation found that Defendant was an ongoing danger to the public. However, Mr. DeMoisey testified that this language was standard boilerplate language routinely found in administrative suspension recommendations in Kentucky. Critically, the Government did not offer any evidence that Mr. DeMoisey's characterization of that language as standard boilerplate was inaccurate or incorrect.

Defendant's danger to the public is further mitigated because the evidence at the hearing showed that Defendant is not currently licensed to practice medicine in Georgia, Kentucky, or Indiana and his DEA registration number has been surrendered. Even if one of these states were to reinstate Defendant's medical license, the DEA registration number remains suspended. Additionally, Defendant consented during the hearing to a condition of any bond that he would not seek or be employed by any organization related to the practice of medicine in any capacity. Therefore, Defendant would be in no position to write prescriptions under the auspices of any hospital, clinic, or health group.

The Government has also argued that Defendant poses a flight risk. It is the Court's understanding from the

5

evidence presented at trial that Defendant does not currently possess a passport because it has been seized by the State of New Jersey as a result of Defendant's nonpayment or delinquent payments in a child support matter. To further reduce any possibility of Defendant's flight, and as condition of his bond obligations, the Court will require Defendant's wife, three minor children, mother, and mother-in-law to surrender their passports to the Government. Additionally, Defendant's travel will also be restricted to the Savannah, Waycross, and Brunswick divisions of the Southern District of Georgia.

The Court also understands that the suspension of Defendant's Kentucky medical license is currently under review. According to Mr. DeMoisey, an administrative hearing has been scheduled for later this month in the matter. At the bond hearing, Defendant agreed, as a condition of release, to seek a continuance from the Kentucky Board of Medical Licensure as to his administrative hearing until the matter pending before this Court has been resolved.

Thus, the Government has not established by a preponderance of the evidence that no condition or set of conditions will reasonably assure Defendant's presence at trial. Defendant demonstrated his ties to the Waycross

6

community—he owns a home there, has lived there since 2005 with his wife, children, and mother-in-law, and has been involved in the numerous groups and activities in the Waycross community. Defendant does not possess a passport. Defendant's wife agreed to the surrender of her and her children's passports. Defendant has no prior criminal history. There was recurring testimony at the hearing that Defendant is prepared to confront and defend the charges made against him. With the pretrial release conditions outlined below in place, this Court concludes that Defendant does not present a flight risk.

The Government has also failed to present clear and convincing evidence that Defendant constitutes a danger to the community. Defendant has presented evidence that his medical licenses in Georgia, Kentucky, and Indiana are suspended. Defendant has agreed to ask the Kentucky Board of Licensure for a continuance as to the administrative review, rendering it unlikely that his medical license will be reinstated. Defendant has voluntarily surrendered his DEA registration number, making it impossible for him to personally prescribe or distribute certain controlled substances. Finally, Defendant has agreed to not seek or be employed by any organization related to the practice of medicine in any capacity, assuring that Defendant will not

7

write or issue prescriptions under the name or registration number of another. With these conditions, Defendant's pretrial release does not pose a danger to the community.

### PRETRIAL RELEASE CONDITIONS

Defendant shall be released pending trial subject to the following conditions:

Defendant shall post $100,000 bond, secured with $5,000 cash. Defendant's wife, Sameena Azmat, and brother, Nabil Azmat, shall also sign for the bond.

Defendant shall write a letter to the Kentucky Board of Medical Licensure indicating his intention to stay the administrative proceedings.

Defendant shall not seek employment or be employed by any hospital, clinic, health organization or company related to the practice of medicine in any way.

Defendant's wife, Sameena Azmat; three children, Nausher, Neesha, and Jansher Azmat; mother, Akhtar Haq; and mother-in-law, Zeb Nisa shall immediately surrender their passports to the United States Probation Office.

Defendant's travel will also be restricted to the Savannah, Waycross, and Brunswick divisions of the Southern District of Georgia. Defendant shall be restricted to his residence every day from 8:00 PM to 7:00 AM to include electronic monitoring during these hours as specified in the

standard order setting conditions of release in this district.

Defendant shall also comply with all the terms and conditions as set forth in the order setting conditions of release.

Pursuant to the requirements of 18 U.S.C. § 3142(h), Defendant is hereby **ADVISED** that failure to comply with all of the pretrial release conditions will result in the immediate issuance of an arrest warrant as well as subject him to additional penalties as provided in 18 U.S.C. §§ 3146-3148. Federal Rule of Criminal Procedure 46(f) also provides that "the district court must declare the bail forfeited if a condition of the bond is breached." Additionally, Defendant is advised that he shall not intimidate any witnesses, jurors, or officers of the court as prescribed in 18 U.S.C. § 1503; obstruct any criminal investigation as prescribed in 18 U.S.C. § 1510; tamper with a witness, victim, or informant as prescribed in 18 U.S.C. § 1512; or retaliate against a witness, victim, or informant as prescribed in 18 U.S.C. § 1513.

SO ORDERED this 9th day of May 2013.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA