UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | CR 4:13 - 028 |
| DR. NAJAM AZMAT, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR DISCLOSURE OF SEIZED EVIDENCE
THE GOVERNMENT INTENDS TO RELY UPON AT TRIAL AND
REQUEST FOR EXTENSION OF TIME TO FILE A MOTION TO
SUPPRESS SAID EVIDENCE AND MEMORANDUM OF LAW**

Comes now, Dr. Najam Azmat, the defendant herein, by and through his counsel, and without waiving any rights, pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure, moves this Court for the entry of an Order directing the Government to provide notice of its intention to use evidence at trial including, but not limited to, the seized documents, statements or other evidence which may be subject to a motion to suppress evidence. As grounds for this request, the defendant states:

1. Rule 12 (b)(4)(B) of the Federal Rules of Criminal Procedure requires the Government to notify Defendant of its intention to rely upon specified evidence at trial in order to afford Defendant an opportunity to make a motion to suppress such

evidence prior to trial under Rules 12(d) (3) and 41 of the Federal Rules of Criminal Procedure. In the present case, Defendant cannot frame a proper motion to suppress such evidence until the Government provides notice of the specific intention to introduce said evidence at trial.

2. The present motion contemplates, but is not limited to, the disclosure of any seized documents, objects or statements obtained by the Government as a result of a search and seizure or interrogation in this case and which the Government intends to introduce at trial. Said motion further contemplates disclosure of evidence Defendant is entitled to pursuant to Rule 16 of the Federal Rules of Criminal Procedure. These discoverable items have been requested in the detailed motions filed previously.

3. The Government must disclose the evidence it intends to rely upon to permit the preparation of a properly framed motion to suppress said evidence. Furthermore, the evidentiary items requested pursuant to Rule 16 will provide Defendant with the underlying facts surrounding any search and seizure and interrogation in this case.

4. The present motion is being filed to expedite the filing and consideration of the pre-trial motion to suppress seized evidence and statements. Rules 12 and 41 of the Federal Rules of Criminal Procedure require that a motion to suppress be filed

prior to trial. The granting of the instant motion would facilitate the earliest possible resolution of any suppression issues in this cause. However, Defendant cannot prepare an adequate motion to suppress until this motion and other discovery motions are ruled upon and the government complies with the order thereon. Hence, Defendant requests that this Honorable Court permit him to file the motion to suppress within a reasonable time after the government complies with all relevant discovery orders.

## MEMORANDUM OF LAW

Rule 12 (b)(4)(B) of the Federal Rules of Criminal Procedure provides that the Government, on its own or at the defendant's demand, shall notify the defense of the evidence it intends to rely upon at trial in order to facilitate the preparation of the defendant's motion to suppress illegally seized evidence. The intent and purpose of Rule 12(d) is to aid defendant in the preparation of a motion to suppress pursuant to Rules 12(b)(3) and 41. Rules 12 and 41 of the Federal Rules of Criminal Procedure provide that motions to suppress should be filed prior to trial. United States v. Jones, 619 F.2d 494 (5th Cir. 1980) ; United States v. Farnkoff, 535 F.2d 661 (1st Cir. 1976); United States v. Rollins, 2 F.2d 160 (2d Cir. 1975) . Though it is common practice for the court to allow Defendant ten (10) days from the date of arraignment to file pre-trial motions regarding discovery, both the Federal Rules of Criminal Procedure and

the case law exclude motions to suppress evidence from such time constraints. Rule 12(d) militates against such time limitations because it specifically recognizes that a motion to suppress cannot be prepared until the Government notifies the defendant of the evidence it intends to rely upon at trial.

In some cases, a motion to suppress will even be deemed timely where it is filed at the time of trial. United States v. Pheaster, 544 F.2d 353 (9th Cir. 1975); United States v. Hall, 565 F.2d 917 (5th Cir. 1978) . The defendant should not be penalized if a motion to suppress is not filed until time of trial, where opportunity for earlier filing did not exist. The result in Hall, supra, is authorized by Rule 12(f), where denial of said motion on the basis of timeliness would unduly prejudice a defendant.

It is suggested that in the present case this Court should order the Government to promptly comply with the present motion and the other discovery motions filed herein. It is further suggested that after the Government supplies said discovery that Defendant be given a reasonable time to file the motion to suppress seized evidence. United States v. Baker, 443 F.Supp. 526, 529 (S.D. N.Y. 1977).

In the present case, the Government's full response to the discovery request is a necessary predicate for any motion so to suppress the seized evidence and statements.

WHEREFORE, based on the foregoing, Defendant respectfully requests that this Court direct the Government to notify Defendant of the evidence it intends to rely upon at trial and that Defendant be permitted to file the motion to suppress said evidence and related motions within a reasonable time after the Government complies with all discovery orders entered in this case.

This the 24th day of ___May___, 2013.

                                      **s/ Thomas A. Withers, Esq.**
                                      Thomas A. Withers, Esq.
                                      Georgia Bar Number: 772250
                                      Attorney for Dr. Najam Azmat

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
Facsimile:   (912) 629-6347
E-Mail: Twithers@gwllawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 24th day of __May__, 2013.

                                        **s/ Thomas A. Withers, Esq.**
                                        Thomas A. Withers, Esq.
                                        Georgia Bar Number: 772250
                                        Attorney for Dr. Najam Azmat

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
E-Mail: Twithers@gwllawfirm.com