UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | INDICTMENT NUMBER: |
| ) | CR 4:13 - 028 |
| Dr. NAJAM AZMAT, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT NAJAM AZMAT'S BRADY MOTION AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW the defendant, Dr. Najam Azmat, by and through his undersigned counsel, and files this, his Brady Motion for Disclosure of Exculpatory and Impeaching Information and Memorandum of Law in Support thereof pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and moves the Court for entry of an Order directing the government[1] to make inquiry and disclose all of the following within its possession, custody or control, or the existence of which is known or by the exercise of due diligence could become known to the government.

Defendant brings this motion and shows the Court the following:

I.   REQUESTS

The Defendant, hereby expressly requests that the Government produce any

---

[1] The government includes, but is not limited to the following: The Drug Enforcement Agency (DEA), Georgia Bureau of Investigation (GBI) and all other Federal and State investigative agencies, sheriff or police departments.

and all material exculpatory and impeaching evidence in the possession, custody or control of, or obtainable through due diligence by the Government and any of its employees, agents or representatives, relating to the following:

1.     Any and all records and information revealing prior convictions or guilty verdicts or juvenile adjudications attributed to any witness called by the Government including but not limited to relevant "rap sheets", and/or judgment and commitment orders.

2.     Any and all records and information revealing prior misconduct or bad acts attributed to any witness, particularly those which may be admissible under Fed.R.Evid. 608(b) to impeach the witness' truthfulness.

3.     Any and all consideration or promises of consideration given to or on behalf of any witness or expected or hoped for by the witness. By "consideration" the defendant, refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect, leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative or other dispute with the Government or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from

forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provisions, shelter, transportation, legal services or transactions with the Government or over which the Government has real, apparent or perceived influence.

4. Any and all informant files on any government witness; the existence and identity of all federal, state and local government files on the witness; and the existence and identity of all official internal affairs, internal investigation, public integrity investigation, or personnel files relating to or connected with each witness who was or is a law enforcement officer.

5. The existence and identification of each occasion on which each witness who was or is an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body.

6. Any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecution's evidence or which arguably could lead to such records or information. This request specifically includes information as to the witness' psychiatric history or "basic mental trouble"; the use of hypnosis or hypnotic age regression; the use of "lie detectors" and the results; the witness' use of narcotics or other drugs.

7. The same records and information requested in items 1 through 6 above with

respect to each non-witness declarant whose statements are offered in evidence.

8.      Any exculpatory information which would reflect favorably upon the defendant's lack of intent to combine, conspire, confederate or aid or abet any violation of Conspiracy in violation of 21 U.S.C. § 846, Maintaining Drug Involved Premises, in violation of 21 U.S.C. § 856(a)(1), Unlawful Dispensation of Controlled Substances, in violation of 21 U.S.C. § 841(a)(1), and Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h), as alleged in the Indictment.

9.      Produce any records, reports, statements or data compilations in any form of any federal public offices or agencies including reports in criminal matters observed by law enforcement officers and other law enforcement personnel which might in any way reflect in an exculpatory way upon the guilt or innocence of the defendant. Such documentation would be admissible against the United States pursuant to Rule 803(8) of the Federal Rules of Evidence.

10.     All materials seized by the GBI, DEA or any State or Federal criminal or administrative investigators concerning any witness testifying on behalf of the government at the trial of this cause.

11.     A list of all pending cases or investigations regarding any government witness.

12.     Any statement of any government witness in which the witness minimizes,

diminishes or denies criminal involvement that was later admitted.

13. Any statement of criminal conduct of any government witness that adds to, enhances embellishes of completes an earlier statement that was not a full and complete disclosure of alleged criminal conduct at the time it was made.

14. Any statement of any government witness that acknowledges criminal conduct on behalf of the witness.

15. All communications between attorneys for the government and counsel for any government witness.

16. Any promises or benefits bestowed by the government in any fashion upon any government witness.

## II.  ARGUMENT AND CITATION OF AUTHORITIES

### a.  Brady Requires Disclosure of the Requested Information

As established by the Supreme Court in *Brady v. Maryland*, the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. 373 U.S. 83, 87 (1963). The duty of disclosure under *Brady* further extends to impeachment evidence. *See Strickler v. Greene*, 527 U.S. 263, 280 (1999) (citing *United States v. Bagley,* 473 U.S. 667, 676 (1985)). "Exculpatory evidence" is "substantive evidence relating to a defendant's

guilt or innocence or in mitigation of what otherwise would be guilty conduct." *United States v. Thevis*, 84 F.R.D. 47, 52 (N.D. Ga. 1979). Impeachment evidence comprises evidence affecting the credibility of witnesses: "[i]n the case of impeachment evidence, a constitutional error may derive from the government's failure to assist the defense by disclosing information that *might* have been helpful in conducting the cross-examination." *United States v. Scheer*, 168 F.3d 445, 452 (11th Cir. 1999) (emphasis supplied) (citing *Bagley* at 678); *see also Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763 (1972). The rule of Brady is "a rule of fairness and minimum prosecutorial obligation." *Thevis,* 84 F.R.D. at 52 (citing *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978)).

"Disclosure of documents and tangible objects which are 'material' to the preparation of the defense is required under the rule of *Brady v. Maryland*." *United States v. Jordan*, 316 F.3d 1215, 1250 n. 73 (11th 2003) (quoting Fed.R.Crim.P. 16, Notes (1974 Amends.)). Evidence is "material" for the purposes of *Brady* disclosure if it "would be *useful* in obtaining further [favorable] evidence." *Giles v. Maryland*, 386 U.S. 66, 74 (1967) (emphasis supplied); *see also United States v. Fernandez*, 136 F.3d 1434, 1438 (11th Cir. 1998); *United States v. Arnold*, 117 F.3d 1308 (11th Cir. 1997); *Hays v. State of Ala.*, 85 F.3d 1462, 1497-98 (11th Cir. 1996); *United States v. Newton*, 44 F.3d 913, 918 (11th Cir. 1994); *United States v. Spagnoulo*, 960 F.2d

990, 994 (11th Cir. 1992) (citation omitted). The disclosure requirements of *Brady* extend to potential exculpatory or impeaching evidence within other evidence. *See United States v. Arnold*, 117 F.3d 1308, 1317 (11th Cir. 1997) (surveillance tapes held to contain *Brady* material); *Ogle v. Estelle,* 641 F.2d 1122, 1125 (5th Cir. Unit A Apr.1981) (*Brady* violation found because suppressed Federal Bureau of Investigation reports contained favorable impeachment evidence).  Accordingly, "*Brady's* disclosure requirements extend to materials that, *whatever their other characteristics*, may be used to impeach a witness," *Strickler*, 527 U.S. at 282 n. 21, even if the materials also contain allegedly "inculpatory" evidence, *id*. (Emphasis supplied) (citing *Bagley,* 473 U.S. at 676).  Rather, the test focuses on "whether the undisclosed information could have substantially affected the efforts of defense counsel."  *United States v. Smith*, 77 F.3d 511, 515 (D.C. Cir. 1996).  Furthermore, when material falls under both the ambit of *Brady* and the government's discovery obligations pursuant to Federal Rule of Criminal Procedure 16, "there can be no doubt but that the government must disclose the requested exculpatory material." *Thevis*, 84 F.R.D. at 52.

The government's duty to disclose favorable or impeachment evidence under *Brady* applies even where there is no request by the accused. *See Strickler*, 527 U.S. at 280 (citing *United States v. Agurs,* 427 U.S. 97, 107 (1976)). The prosecution

7

further "has a duty to learn of *any* favorable evidence known to the others acting on the government's behalf in this case, including the police." *See id.*, at 281 (emphasis supplied) (citing *Kyles v. Whitley,* 514 U.S. 419, 438 (1995)). This includes evidence known *only* to law enforcement officers, and not the prosecuting attorney. *See id.*, at 280-81 (citing *Kyles* at 438). *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995) (holding that once the Food and Drug Administration "consulted with the prosecutor in the steps leading to the prosecution," it "is to be considered as part of the prosecution in determining what information must be made available to the defendant" and "cannot with its right hand say it has nothing while its left hand holds what is of value"); *United States v. Diaz-Munoz*, 632 F.2d 1330, 1334 (5th Cir. 1980) (government had duty to search CIA files since the nature of charges and defendant's alleged conduct supported inference that CIA might have materials); *United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980) (holding that government has duty to seek "out information readily available to it" such as information regarding witness' criminal record); *Martinez v. Wainwright*, 621 F.2d 184, 186-87 (5th Cir. 1980) (finding *Brady* violation where state prosecutor was unaware that the FBI rap sheet was in the possession of a state medical examiner); *United States v. Antone*, 603 F.2d 566, 569-70 (5th Cir. 1979) (imputing knowledge of state investigators to federal prosecutors in determining whether there was a *Brady* violation where there was a

joint investigative task force); *United States v. Deutsch*, 475 F.2d 55 (5th Cir. 1973), *overruled on other grounds*, *United States v. Henry*, 749 F.2d 203 (5th Cir. 1984) (government had duty under *Brady* to obtain exculpatory information in possession of the United States Postal Service). "[A] prosecutor may not 'avoid disclosure of evidence by the simple expedient of leaving relevant evidence to repose in the hands of another agency while utilizing his access to it in preparing his case for trial.'" *United States v. Brazel*, 102 F.3d 1120, 1150 (11th Cir. 1997) (citation omitted).

"[T]he prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable." *Kyles,* 514 U.S. at 438. Similarly, "[w]hen the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable." *Agurs,* 427 U.S. at 111. This is a result of the fact that "the more specifically the defense requests certain evidence, thus putting the prosecutor on notice of its value, the more reasonable it is for the defense to assume from the non-disclosure that the evidence does not exist, and to make pretrial and trial decisions on the basis of this assumption." *Bagley,* 473 U.S. at 682-83. "[T]he prudent prosecutor will [therefore] resolve doubtful questions in favor of disclosure." *Id.*, at 108.

The obligations of *Brady* and its progeny therefore clearly require that the government produce to the defendant, any and all exculpatory or impeaching

evidence relating to the defendant's specific requests above, which could be used by the defense within its possession, custody or control, or that of any of its employees, agents or representatives. The defendant is entitled to production of evidence relating to the motives of any witness for the Government. *See Giglio*, 405 U.S. 150; *United States v. Williams*, 954 F.2d 668 (11th Cir. 1992); Fed.R.Evid. 608. The Government may further not withhold evidence that a witness has made prior false or inconsistent statement. *See States v. Espinosa-Hernandez,* 918 F.2d 911, 914 (11th Cir. 1990); *United States v. Martino*, 648 F.2d 367, 384 (5th Cir. 1981); *Schneider v. Estelle*, 552 F.2d 593, 595 (5th Cir. 1977).

Any promises or inducements made by the government to any witness constitute logical impeachment material under *Brady*. *See Williams* at 672; *United States v. Nickerson*, 669 F.2d 1016, 1018 (5th Cir. 1982). Similarly, evidence that the government has threatened a potential witness to obtain the witness' cooperation is subject to production under *Brady* and furthermore because it implicates a defendant's Sixth Amendment right of access to witnesses. *See United States v. Heller*, 830 F.2d 150, 154 (11th Cir. 1987); *United States v. Hendricksen*, 564 F.2d 197, 198 (5th Cir. 1977). A witness' mental health information has further been held to be relevant for impeachment purposes. *See United States v. Partin*, 493 F.2d 750, 762 (5th Cir. 1974). The Defendant is also entitled to production of any evidence

tending to impeach or show the unreliability of the statement of any alleged co-conspirator. *See United States v. Kubiak*, 704 F.2d 1545, 1549-1551 (11th Cir. 1983) (co-conspirator's exculpatory statement was *Brady* material). Similarly, a witness' prior arrests and misconduct are relevant for impeachment purposes and therefore within the purview of *Brady*. *See United States v. Espinosa-Hernandez*, 918 F.2d 911, 914 (11th Cir. 1990) (holding government witness' misconduct bears directly on credibility); *United States v. Cohen*, 888 F.2d 770, 776-777 (11th Cir. 1989) (conviction reversed where trial court excluded evidence offered under Fed. R. Evid. 404(b) that prosecution witness had previously concocted and managed a fraudulent scheme); *United States v. McClure*, 546 F.2d 670, 673 (5th Cir. 1977) (conviction reversed where trial court excluded evidence offered under Fed. R. Evid. 404(b) to show that informant had previously entrapped other defendants).

## III. CONCLUSION

For the reasons set forth herein, the Defendant, respectfully requests that his Brady Motion be granted.

This __24th__ day of __May__, 2013.

                                               GILLEN, WITHERS & LAKE, LLC

                                               **s/Thomas A. Withers, Esq.**
                                               Thomas A. Withers
                                               Georgia Bar Number: 772250
                                               Attorney for Defendant Dr. Najam Azmat

8 East Liberty Street
Savannah, Ga. 31401
(912) 447-8400

**CERTIFICATE OF SERVICE**

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This __24th__ day of __May__, 2013.

                                        **s/ Thomas A. Withers, Esq.**
                                        Thomas A. Withers, Esq.
                                        Georgia Bar Number: 772250
                                        Attorney for Dr. Najam Azmat

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
Facsimile:   (912) 629-6347
E-Mail: Twithers@gwllawfirm.com