UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,       )
                                )
v.                              )       INDICTMENT NUMBER:
                                )       CR 4:13 – 028
DR. NAJAM AZMAT,                )
                                )
        Defendant.              )

**MOTION TO DISMISS COUNT TWO OF THE INDICTMENT**

COMES NOW DR. NAJAM AZMAT, one of the Defendants herein, and files this his Motion to Dismiss Count Two of the indictment pursuant to Federal Rules of Criminal Procedure 7(c)(1), 12(b)(2) and 12(b)(3) and the Fifth and Sixth Amendments to the Constitution and shows this Court the following:

**A.  The Indictment**

The charges in the Indictment against Dr. Azmat include conspiracy, in violation of 18 U.S.C. § 846 (Count One), maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) (Count Two) and controlled substances offenses, in violation of 21 U.S.C. § 841(a)(1) (Counts Three through Fifty-One).

Count Two of the Indictment charges that the Defendants knowingly and intentionally opened and maintained a place known as East Health Center for the purpose of "*dispensing* Schedule II, III and IV controlled substances… in violation of Title 21, United States Code, Section 856(a)(1)." Doc. # 3, p. 12 (emphasis added).

**B.  The Legal Standard**

Two separate provisions of the Constitution must be considered in any inquiry into the facial validity of an indictment.  First, the Sixth Amendment's "appraisal" requirement mandates that "[i]n all criminal prosecutions, the accused shall enjoy the right to ... be informed of the nature and cause of the accusation."  U.S. Const., Amend. VI.  Second, the Fifth Amendment's Indictment Clause provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand jury."  *See* U.S. Const., amend. V.  This second guaranty can be protected only if the indictment identifies a particular offense coming within the general statutory definition.

In light of these provisions, the Supreme Court has "identified two constitutional requirements for an indictment: 'first, [it must] contain [] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and, second [it must] enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Resendiz-Ponce*, 127 S.Ct. 782, 788 (2007);  *accord United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998) (*en banc*).  From a practical standpoint, these two requirements are closely related in the sense that any indictment failing to satisfy the first requirement would likely fail to satisfy the second.  Perhaps for that reason, inquiries into the sufficiency of an indictment almost inevitably focus on the first requirement, *i.e.*, on whether the indictment 1) sets forth the elements of the offense, and 2) fairly informs the defendant of the charge against which he must defend.  *Russell v. United States*, 369 U.S. 765, 772 (1962).  *See, e.g., United States v. Bobo*, 344 F.3d 1076, 1984 (11th Cir. 2003) (reversing healthcare fraud conviction where "the indictment  ma[de] only a broad allegation of fraud in a health care benefit

program without the required specificity," and noting that "[a]n indictment that requires speculation on a fundamental part of the charge is insufficient").

An indictment that merely tracks statutory language will state an offense **only** when the language tracked includes all the essential elements of the crime. *See United States v. Adkinson*, 135 F.3d 1363, 1375 & n. 37 (11th Cir. 1998);  *accord Hamling v. United States*, 418 U.S. 87 (1974) (it is "sufficient that an indictment set forth the offense in the words of the statute itself, **as long as** 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth *all* the elements necessary to constitute the offence intended to be punished'")  (emphasis added);   *see also United States v. Hess*, 124 U.S. 483, 487-88 (1888); *United States v. Carll,* 105 U.S. 611, 612 (1881);  *United States v. Hooker*, 841 F.2d 1225, 1231 (4th Cir. 1988) (*en banc*).

These constitutional requirements have been codified in Rule 7(c)(1) of the Federal Rules of Criminal Procedure which states that an "indictment ... shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."  A motion challenging the sufficiency of an indictment must be decided by examining only the "face" of the indictment. *United States v. Walker*, 490 F.3d 1282, 1296 (11th  Cir. 2007), *cert. denied Walker v. United States*, 128 S.Ct. 1649 (2008); *United States v. Sharpe*, 438 F.3d 1257, 1262 (11th Cir. 2006); *United States v. Salman*, 378 F.3d 1266, 1267-68 (11th Cir. 2004) (*per curiam*).

## C.  Argument and Citation of Authority

21 U.S.C. § 856 makes it unlawful to "knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of **manufacturing, distributing, or using** any controlled substance…" 21 U.S.C. § 856(a)(1) (emphasis added). Accordingly, the place must be operated or maintained "'for the purpose of manufacturing, distributing, or using

any controlled substance.'"*United States v. Garcia*, 405 F.3d 1260, 1271 (11th Cir. 2005) (quoting *United States v. Pineiro*, 389 F.3d 1359, 1367 (11th Cir. 2004)).

Count Two charges an offense – maintaining a place to **dispense** controlled substances – that is not found in Section 856. Count Two is accordingly deficient for failure to allege an essential element of the statute (manufacturing, distributing or using, as opposed to dispensing).

Courts in this Circuit have not hesitated to reverse convictions when indictments omit an element of the offense. The Eleventh Circuit vacated the defendants' convictions for conspiracy, bank, mail and wire fraud, interstate transportation of stolen property and money laundering in *United States v. Adkinson*, as a result of the government's failure to allege actual execution of a bank fraud scheme—an essential element of the offense. 135 F.3d at 1380.

WHEREFORE, Dr. Azmat respectfully requests that Count Two of the Indictment be dismissed.

This the ___24th___ day of ____May_____, 2013.

**s/ Thomas A. Withers, Esq.**
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Dr. Najam Azmat

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
E-Mail: Twithers@gwllawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This  24th  day of     May    , 2013.

**s/ Thomas A. Withers, Esq.**
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Dr. Najam Azmat

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
E-Mail: Twithers@gwllawfirm.com