IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR 413-028 |
| | ) | |
| v. | ) | |
| | ) | |
| **SEAN MICHAEL CLARK, ET AL.** | ) | |

### GOVERNMENT'S DISCLOSURE OF EXPERT TESTIMONY PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(a)(1)(G)

Now comes the United States of America, by and through Edward J. Tarver, United States Attorney for the Southern District of Georgia, and files the government's Disclosure of Expert Testimony Pursuant to Fed. R. Crim. P. 16 (a)(1)(G). In support of its disclosure, the government states as follows:

In accordance with Fed. R. Evid. 702, 703, and 705, the government intends to call during its case-in-chief, Gene Kennedy, M.D. as an expert witness in the field of medicine and pain management and Martin M. Zdanowicz, Ph.D. as an expert in the field of pharmacology. The *curricula vitae* listing the qualifications of these experts is being provided to counsel via email and are incorporated herein by reference. Both Dr. Kennedy and Dr. Zdanowicz were retained by the United States as expert witnesses in the case of United States v. Hung Thien Ly, CR 407-286.

A.   WITNESSES OPINIONS:

Written reports containing the opinions of Dr. Kennedy, and the bases therefor, were previously provided to counsel as USAO-002335 through USAO 002916. A written report of Dr. Zdanowicz is being provided separately. In summary,

Dr. Kennedy is expected to testify that in his opinion, the defendant Azmat routinely prescribed controlled substances outside the usual course of professional practice as a medical doctor and without legitimate purpose relating to the practice of medicine, as set forth in the indictment. Dr. Zdanowicz will testify that in his opinion the defendant Azmat demonstrated a gross pattern of over-prescription of scheduled drugs without consideration of alternative therapies, drug interactions and side effects, contraindications for the prescribed drugs, and evidence of street drug abuse.

  B. BASES AND REASONS THEREFOR:

In forming their opinions the experts relied on their training and experience in the fields in which they are tendered as experts and their review of patient medical records. In addition, standard reference materials, including, but not limited to, the Physicians Desk Reference and the Merck Manual may have been considered.

  C. MEMORANDUM OF LAW AND CITATIONS TO AUTHORITY

The Federal Rules of Evidence provide for the admission of expert testimony when "scientific, technical, or other specialized knowledge will assist the trier of fact." Fed.R.Evid. 702. Under Rule 702, in such situations a witness "qualified as an expert by knowledge, skill, experience, training, or education may testify ... in the form of an opinion or otherwise." Id.

The admissibility of scientific expert testimony is admissible only if it is both relevant and reliable. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). In order to ensure that both of these elements are present, under Fed.R.Evid. 702, the trial judge serves as a "gatekeeper." United States v. Majors, 196 F.3d 1206,

1215 ( 11th Cir. 1999) citing Daubert. In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999), the Supreme Court extended Daubert's gatekeeping obligation beyond scientific experts. The trial judge is required to inquire into the areas of relevance and reliability whether the expert testimony is "scientific" or otherwise. Majors, 196 F.3d at 1215 citing Daubert. and United States v. Paul, 175 F.3d 906 (11th Cir.1999). "'[F]ederal district courts ... perform [this] important gatekeeping function by screening the reliability of all expert testimony, but they have substantial discretion in deciding how to test an expert's reliability and whether the expert's relevant testimony is reliable.'" United States v. Majors, 196 F.3d at 1215 quoting Forklifts of St. Louis, Inc. v. Komatsu Forklift, USA, Inc., 178 F.3d 1030, 1034 (8th Cir.1999), citing Kumho.[1]

While evidence received from lay witnesses surrounding the facts and circumstances of the prescriptions can be sufficient for a jury to find that a doctor prescribed controlled substances outside of the usual course of medical practice and was acting other than for a legitimate medical purpose, the use of expert testimony is both permissible and useful. See, e.g., United States v. Rogers, 609 F.2d 834 (5th Cir. 1980).

---

[1] A district court's decision to admit or exclude expert testimony under Rule 702 is reviewed for abuse of discretion. General Elec. Co. v. Joiner, 522 U.S. 136 (1997); United States v. Gilliard, 133 F.3d 809, 812 (11th Cir.1998).

WHEREFORE, the government requests that the Court permit Gene Kennedy, M.D. and Martin M. Zdanowicz, Ph.D. to testify as experts in their respective fields, subject to the government laying the proper evidentiary foundation at trial.

Respectfully submitted,

EDWARD J. TARVER
UNITED STATES ATTORNEY

*s/ Karl I. Knoche*

Karl I. Knoche
Assistant United States Attorney
Georgia Bar No. 426624

P.O. Box 8970
Savannah, Ga. 31401
(912) 652-4422

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 26th day of September, 2013.

Respectfully submitted,

EDWARD J. TARVER
UNITED STATES ATTORNEY

*s/ Karl I. Knoche*

Karl I. Knoche
Assistant United States Attorney
Georgia Bar No. 426624

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422