UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No.:  CR 413-028 |
| | ) | |
| SEAN MICHAEL CLARK, ET AL. | ) | |
| Defendants. | ) | |

GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE ANY REFERENCE AT TRIAL
CONCERNING PUNISHMENT OR PLEA AGREEMENTS FOR PERSONS NOT CALLED
AS GOVERNMENT WITNESSES AT TRIAL

The United States moves the Court to prohibit defense counsel from mentioning at trial any reference of punishment or plea agreements for persons not called as government witnesses at trial.  Such information is not relevant and will result in a confusion of the issues.[1] Additionally, the United States moves the Court to prohibit defense counsel from mentioning at trial any potential punishment any defendant on trial may receive.  Such information is not relevant and will result in a confusion of the issues.

It goes without saying that one's punishment is not relevant to whether they committed a crime.  Additionally, what sentence a co-conspirator may have received is also not relevant to whether another defendant is guilty of a crime.  In fact, the judge will instruct such; and the Federal Rules of Evidence limit this type of irrelevant evidence pursuant to Fed. R. Crim. P. Rules 401-403.

---

[1] The United States recognizes that witnesses will be subject to cross-examination regarding such plea deals and punishment benefits because the information will be relevant to bias.  This motion is intended to eliminate reference to those persons who are not testifying.

Rule 401 states in pertinent part:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Rule 402 states, by way of summary, only relevant evidence is admissible, unless prohibited.

Rule 403 states that relevant evidence may be inadmissible if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly cumulative evidence. "

In the case at hand a co-conspirator's punishment is not relevant to whether the defendant on trial committed the crimes charged (of course unless the co-conspirator is testifying and trying to earn a sentencing reduction for cooperation- then bias may be in play). Additionally, what potential punishment a defendant on trial may receive upon conviction is also irrelevant because it has nothing to do with whether the government proved the elements of a crime beyond a reasonable doubt. Because punishment is irrelevant to guilty v. not guilty, the evidence should be excluded; and that is why the government is so moving for its exclusion. To allow the jury to hear the punishment of other non-testifying defendants, or what the defendants on trial may receive if convicted will result in unfair prejudice, confusion of the issues, misleading the jury, undue delay, and a complete waste of time. Additionally, it will call on jurors to ignore the anticipated jury instructions to base the verdict on "only on the evidence presented during the

2

trial.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government." (11th Circuit Pattern Jury Instruction 2.2).

      Therefore, the government moves the Court to prohibit such references.

                              Respectfully submitted,

                              EDWARD J. TARVER
                              UNITED STATES ATTORNEY

                              *s/E. Greg Gilluly, Jr.*
                              E. Greg Gilluly, Jr.
                              Assistant United States Attorney
                              Tennessee Bar No. 019397

Post Office Box 8970
Savannah, GA  31412
(912) 652-4422

## CERTIFICATE OF SERVICE

  This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

  This 18th day of November, 2013.

Respectfully submitted,

EDWARD J. TARVER
UNITED STATES ATTORNEY

*s/E. Greg Gilluly, Jr.*
E. Greg Gilluly, Jr.
Assistant United States Attorney
Tennessee Bar No. 019397

PO Box 8970
Savannah, Georgia 31412
912.652.4422