UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | CR 4:13 – 028 |
| DR. NAJAM AZMAT, | ) | |
| | ) | |
| Defendant. | ) | |

### DR. AZMAT'S SUPPLEMENT TO MOTION TO EXCLUDE GOVERNMENT EXPERTS DR. GENE KENNEDY AND MARTIN ZDANOWICZ

COMES NOW, Dr. Najam Azmat, ("Dr. Azmat") one of the defendants herein, and files this, his Supplement to Motion to Exclude Government Experts Dr. Gene Kennedy and Martin Zdanowicz (hereinafter "Supplement"), and hereby requests that his Motion be granted.

On October 25, 2013, the Dr. Azmat filed his *Daubert* Motion to Exclude Government Expert's Dr. Gene Kennedy and Martin Zdanowicz and Request for an Evidentiary Hearing (hereinafter "*Daubert* Motion"), Doc. # 241, seeking to exclude the alleged expert witnesses proffered by the Government, Dr. Gene Kennedy and Martin Zdanowicz, Ph.D., pursuant to *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993); Federal Rules of Evidence 401, 403, 701, 702, 703, and 704; and the Due Process Clause of the Fifth Amendment.

Over three (3) weeks have expired since Dr. Azmat filed his *Daubert* Motion. The government has not response or filed papers in opposition to Dr. Azmat's *Daubert* Motion. It follows that Dr. Azmat's *Daubert* Motion is due to be granted and any and all proposed

1

testimony from the Government's experts, Dr. Gene Kennedy and Martin Zdanowicz, Ph.D., should be excluded from any trial in this case.

The Local Rules for Criminal Cases, 12.1 provide that "[u]nless otherwise ordered, responses to motions shall be filed within fourteen (14) days of filing." LCrR 12.1. The Court's Local Rules for Civil Actions are furthermore fully applicable in criminal cases. *See* Local Rules for the Administration of Criminal Cases ("These Local Rules for the Administration of Criminal Cases are supplemental in nature, and are to be construed consistently with the generally applicable Local Rules, *supra*"). And, Local Rule 7.5 provides that "[f]ailure to respond [to a motion] within the applicable time period shall indicate that there is no opposition to a motion." LR 7.5. The Government has failed to respond to Dr. Azmat's Daubert Motion within fourteen (14) days and is now over a week outside such period, even if an additional three (3) days for certain kinds of service are added under Federal Rule of Civil Procedure 6(d). Nor has the Government moved for any extension of time in which to file a response under Local Civil Rule 6.1. *See* LR 6.1. The Government may accordingly be held to have no opposition to Dr. Azmat's *Daubert* Motion.

The Court has enforced its rule that motions to which there is no response filed within fourteen (14) days are held to be unopposed in hundreds of cases up until the present. *See Martinez-Garcia v. Perez*, No. CV613-015, 2013 WL 5606366, *1 (S.D.Ga., October 11, 2013) (observing that the Court had granted the plaintiffs' motion for fees and expenses where the defendant failed to respond, citing LR 7.5); *Johnson v. Coca Cola Bottling Co. United East, LLC*, No. CV413-053, 2013 WL 4590786, *1 (S.D.Ga., August 28, 2013)

(granting the defendants' motions to dismiss where the plaintiff filed no response to the motions, holding that the motions were "unopposed by operation of Local Rule 7.5"); *Wilson v. Probate Court, County of Emanuel, Georgia*, No. CV613-065, 2013 WL 4458526, *1 (S.D.Ga., August 19, 2013) (granting the defendant's motion to dismiss where the plaintiff failed to respond to the motion); *Morris v. McCallar*, No. CV411–309, 2012 WL 3095543 (S.D.Ga., July 30, 2012) (same). The rule is fully capable of being applied in criminal case. *See United States v. Honken*, 378 F.Supp.2d 928, 964 (N.D.Iowa 2004) ("Where the defendant has never attempted, even belatedly, to respond to the government's motion for admissibility of audio recordings on the merits, despite notice of his procedural default, the court can find no reason to refrain from granting the motion as unresisted pursuant to N.D. IA. L.CR.R.. 47.1 and N.D. IA. L.R. 7.1(f)"). The Court should follow its Rule in this case and grant Dr. Azmat's *Daubert* Motion and exclude the Government's proposed, alleged expert testimony.

The Government has managed to timely respond to Defendant's Motion for Reconsideration of Detention Order, Doc. # 38, and Defendant's Appeal to the District Court for Review of Detention Order, Doc. # 57. See Doc. # 47, 68. Here, however, regarding this *Daubert* issue, it is silent.

For the reasons set forth herein, therefore, Dr. Azmat's *Daubert* Motion should be granted and the alleged expert testimony from the Government's experts should be excluded.

WHEREFORE, for the reasons set forth herein and in Defendant Najam Azmat's *Daubert* Motion to Exclude Government Expert's Dr. Gene Kennedy and Martin Zdanowicz

and Request for an Evidentiary Hearing, Doc. # 241, the Court should grant the Motion and exclude the expert witnesses proffered by the Government, Dr. Gene Kennedy and Martin Zdanowicz, Ph.D., from any trial of this case.

This the   19th   day of   November  , 2013.

/s/ **Thomas A. Withers, Esq.**
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Dr. Najam Azmat
Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
E-Mail: Twithers@gwllawfirm.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This   19th   day of   November  , 2013.

/s/ **Thomas A. Withers, Esq.**
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Dr. Najam Azmat
Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
E-Mail: Twithers@gwllawfirm.com