**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR 413-28 |
| | ) | |
| v. | ) | |
| | ) | |
| **SEAN MICHAEL CLARK, ET AL.** | ) | |

**GOVERNMENT'S COMBINED RESPONSE TO MOTIONS IN LIMINE TO EXCLUDE TESTIMONY OF GOVERNMENT EXPERTS (DOCS. 241, 244, 245 AND 246)**

Defendants Azmat, Clark, Lizama, and Wise have moved in limine to exclude the testimony of Dr. Gene Kennedy and Dr. Martin Zdanowicz noticed as expert witnesses by the government on September 26, 2013 (Doc 223). For the reasons shown below, the motion should be denied.[1]

1. To convict a licensed physician under Title 21, United States Code, Section 841(a)(1), the government must prove that the physician dispensed controlled substances outside of the usual course of professional practice and not for a legitimate medical purpose, and that he did so knowingly and intentionally. United States v. Joseph, 709 F.3d 1082, 1094 (11th Cir. 2013). The appropriate focus is not on the subjective intent of the doctor, but rather rests upon whether the physician prescribed medicine "in accordance with a standard of medical practice generally recognized and accepted in the United States." United States v. Moore, 423 U.S. 122, 139, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975). Some factors recognized by the Eleventh Circuit as indicative of a doctor's illegitimate dispensation of drugs include, among other things, (1) the prescription of inordinately large quantities of controlled substances; (2) the issuance of large numbers of

---

[1] This combined response is being filed within 14 days of defendant Wise's second motion to adopt (Doc 246) and is timely, contrary to Azmat's assertion in Doc 260.

prescriptions, and (3) only cursory or no physical examinations are given prior to issuance of the prescription. Joseph, id. at 1104.

2. Dr. Kennedy is expected to testify that in his opinion, Najam Azmat routinely prescribed controlled substances outside the usual course of professional practice as a medical doctor and without legitimate purpose relating to the practice of medicine, as set forth in the indictment. Dr. Zdanowicz will testify that in his opinion the defendant Azmat demonstrated a gross pattern of over-prescription of scheduled drugs without consideration of alternative therapies, drug interactions and side effects, contraindications for the prescribed drugs, and evidence of street drug abuse. In forming their opinions, the proposed experts relied on their training and experience in the fields of medicine and pain management (Kennedy) and pharmacology (Zdanowicz) and their review of patient medical records. In addition, standard reference materials may have been considered.

3. The government notes that both Dr. Kennedy and Dr. Zdanowicz have previously provided expert testimony in this Court. See United States v. Hung Thien Ly, CR 407-286 (conviction affirmed on appeal United States v. Hung Thien Ly, --- Fed.Appx. ----, 2013 WL 5878451 (11th Cir. 2013)). The fact that Dr. Zdanowicz, a professor of pharmacology, does not treat patients in no way disqualifies him from opining whether a patient's prescription was written for a legitimate medical purpose. See, e.g., United States v. Joseph, F.3d at 1090; United States v. Ignasiak, 667 F.3d 1217, 1227 (11th Cir 2012)(pharmacology expert testified that the combinations of drugs prescribed by defendant were not excessive and were appropriate for the conditions documented in the medical records from a pharmaceutical standpoint).

WHEREFORE, the government requests that the Court deny defendants' motions and permit Gene Kennedy, M.D. and Martin M. Zdanowicz, Ph.D. to testify as experts in their respective fields, subject to the government laying the proper evidentiary foundation at trial.

Respectfully submitted,

*/s Karl I. Knoche*

Karl I. Knoche
Assistant United States Attorney
Georgia Bar No. 426624

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 19th day of November, 2013.

                                             Respectfully submitted,

                                             EDWARD J. TARVER
                                             UNITED STATES ATTORNEY

                                             *s/ Karl I. Knoche*

                                             Karl I. Knoche
                                             Assistant United States Attorney
                                             Georgia Bar No. 426624

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422