UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | CR 4:13 – 028 |
| DR. NAJAM AZMAT, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT NAJAM AZMAT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE*__**

COMES NOW, Najam Azmat, Defendant herein, by and through the undersigned counsel, and files this, his response in opposition the government's Motion In Limine to Exclude any Reference at Trial Concerning Punishment or Plea Agreements for Persons Not Called as government Witnesses at Trial, Doc. # 258, showing as follows:

**I. INTRODUCTION**

The government indicted six defendants and alleged co-conspirators, including Dr. Azmat, alleging, among other things, that they entered into an conspiracy to unlawfully distribute and dispense controlled substances through a pain management clinic, East Health Center in Garden City, Georgia, an alleged "pill mill." *Id.*, ¶¶ 23, 28.

Last month, the government filed a Motion *In Limine* to Exclude any Reference at Trial Concerning Punishment or Plea Agreements for Persons Not

1

Called as government Witnesses at Trial (hereinafter "Motion"), Doc. # 258. Without citation to case law, the government seeks to prohibit the defense from making any reference at trial to any plea agreements or punishment of persons not called as witnesses. *Id*., p. 1-3.

The Government's Motion should be denied.

## II. ARGUMENT AND CITATION OF AUTHORITIES

The government states in its Motion that it moves to "prohibit" the defense from "mentioning" any punishment or plea agreements for persons not called as government witnesses at trial. *See* Doc. #258, p. 1. The remainder of the government's Motion asserts that reference to potential "punishment" of co-defendants or co-conspirators is not relevant, and will allegedly result in unfair prejudice (to the government), confusion of the issues, misleading the jury, undue delay, and waste of time. *Id*., pp. 1-2. The Motion does not support its contentions with citation to the record.  The Motion does not identify any persons or agreements that it seeks to prohibit reference to.

**A. The Motion Fails to Identify any Facts Upon Which it is Based and Should be Denied**

In violation of Local Rule 12.1 the Motion fails to identify any particular co-conspirator, or any particular agreement is seeks to preclude the defendant from mentioning. This Court is familiar with Local Rule 12.1, which provides that, "[e]very factual assertion in a motion, response, or brief shall be supported by a

citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted." Failure to comply with that portion of Rule 12.1 results in the dismissal of the Motion in question. See *United States v. Verch*, 2007 WL 3333473 (S.D. GA. November 9, 2007), *United States v. Davis*, 2010 WL 2892722 (S.D. GA. July 2, 2010). This Court is not required to make evidentiary determinations in a vacuum, *CadleRock Joint Venture, L.P. v. Royal Indem. Co.*, 872 F.Supp.2d 592, 602 (N.D. Ohio 2012), and this Motion should be denied.

### B. The Government's Motion, Unsupported by Citation to Authority, Should be Denied

Local Rule 12.1 for Criminal Cases also provides that "Unless otherwise ordered by the Court, every motion filed in a criminal proceeding shall be accompanied by a memorandum of law citing supporting authorities." The government has not supported its Motion in this case with citation to case law. The government broadly references Federal Rules of Evidence 401-403 and cites to the Pattern Instruction 2.2 that the jurors should not be influenced by either sympathy or prejudice for either the government or the defendant. Those citations are not sufficient and this Court should find that the government has not properly supported its papers with citation to authority as required by the Local Rules. A party waives an issue by failing to brief it for the Court. *See Mikell v. Brian*, No.

CV409-171, 2010 WL 6797007, *12 (S.D.Ga., November 9, 2010) (Report and Recommendation) (holding that petitioner for habeas corpus relief "waived" his claim that the trial judge sentenced him to life-without-parole under the mistaken belief that the court possessed no discretion to impose another sentence by failing to expressly raise the claim in his main brief) (citing *Walters v. Metro. Educational Enter., Inc.*, 519 U.S. 202, 205, 117 S.Ct. 660 (1997) (issue waived by failing to brief it); *Cargo v. Alabama, Bd. of Pardons and Parole Div.*, 2010 WL 3037546 at * 2 n. 3 (11th Cir. Aug. 5, 2010) ("'[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed'")); *see also United States v. Ragland*, No. 1:10-CR-0472-SCJ, 2011 WL 4708710, *4 (N.D.Ga., October 4, 2011) (Order) (holding, regarding defendant's motion to suppress and arguments that his statements were involuntary, that defendant's "failure to brief the grounds of the motion has resulted in abandonment and waiver of that motion"); *Anti–Monopoly, Inc., v. Hasbro, Inc.*, 958 F.Supp. 895, 907 & n. 11 (S.D.N.Y. 1997) ("the failure to provide argument on a point at issue constitutes abandonment of the issue"). Having failed to brief the issue raised in the motion, the motion should be denied.

### C. The Government's Motion in Limine Abridges His Sixth Amendment Right of Confrontation

"Criminal defendants are guaranteed the right to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 106 S.Ct. 2142 (1986). A trial court

must "'be cautious and unparsimonious in presenting to the jury all of the possible defenses which the jury may choose to believe.'" *United States v. Partin*, 493 F.2d 750, 761 (5th Cir. 1974)[1] (quoting *United States v. Megna*, 450 F.2d 511 (5th Cir. 1971)). Prohibiting the defense from any mention of any actual or potential plea agreements or punishments for persons with a relationship to the facts or charges contained in the government's indictment, whether testifying or not, would violate Dr. Azmat's Sixth Amendment right to present a complete defense. The evidence should accordingly be admitted. Exclusion of the evidence might form the basis for reversible error. *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1374 (11th Cir. 1994) (holding that the defendant should have been permitted to cross-examine government witnesses regarding the fact that the defendant had been a civilian operative for the FBI, reversing the defendant's convictions).

Moreover, the defense should be permitted to introduce or refer to evidence relating to the bias or interest of any witnesses, not merely witnesses whom the government selectively chooses to testify. "'It is especially important in a case where a witness or an accomplice may have substantial reason to cooperate with a government that a defendant be permitted to search for an agreement between the government and the witness.'" *United States v. Williams*, 592 F.2d 1277, 1281 (5th

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former United States Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981.

Cir. 1979) (quoting *United States v. Crumley*, 565 F.2d 945 (5th Cir. 1978)). "'[C]ross-examination of a witness in matters pertinent to his credibility ought to be given the largest possible scope.'" *McKinzy v. Wainwright*, 719 F.2d 1525, 1528 (11th Cir. 1983) (quoting *United States v. Mayer*, 556 F.2d 245, 248 (5th Cir. 1977); quoting *United States v. Partin*, 493 F.2d 750, 763 (5th Cir. 1974); quoting *McConnell v. United States*, 393 F.2d 404, 406 (5th Cir. 1968)). "The importance of such cross-examination does not depend upon whether or not some deal in fact exists between the witness and the government." *United States v. Lankford*, 955 F.2d 1545, 1548 (11th Cir. 1992) (citing *Greene v. Wainwright*, 634 F.2d 272, 275 (5th Cir. 1981)). Furthermore, while a trial court possesses discretion regarding the admissibility of evidence and the scope of cross-examination, "this discretion is limited by the guarantee of the Sixth Amendment's Confrontation Clause that a criminal defendant has the right to cross-examine prosecutorial witnesses." *United States v. Maxwell*, 579 F.3d 1282, 1295 (11th Cir. 2009) (quoting *United States v. Garcia*, 13 F.3d 1464, 1468 (11th Cir. 1994)). Pursuant to the foregoing authorities, Dr. Azmat should be allowed considerable latitude to examine any witnesses for the government, including government agents, concerning not only any actual or potential understandings between the witness and the government, but their knowledge of any such understandings between the government and any co-defendants or co-conspirators.

6

Lastly, the Court of Appeals has upheld admission at trial of statements by co-conspirators who did not testify at trial, *see United States v. Diaz*, 377 Fed.Appx. 883, 891 (11th Cir. 2010) (*per curiam*); and statements or confessions by non-testifying co-defendants, *see United States v. Williamson*, 339 F.3d 1295, 1303 (11th Cir. 2003) (citing *Richardson v. Marsh*, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987)); *United States* v. Petit, 841 F.2d 1546, 1556 (11th Cir. 1988); *see also United States v. Dawson*, 576 F.2d 656, 658 (5th Cir. 1978) ("[S]tatements made by a nontestifying coconspirator are admissible against the defendant if 'there is independent evidence of a concert of action…'") (quoting *Park v. Huff*, 506 F.2d 849, 859 (5th Cir. 1975)). Conversely, in this case, if the government seeks to prove an alleged conspiracy between the defendants and others at trial, Dr. Azmat should be permitted to refer to, or elicit, any evidence regarding any actual or potential hope of leniency in either prosecution or sentencing. The government's Motion should therefore be denied.

## III. CONCLUSION

Based upon all of the reasons and authorities set forth above, Dr. Azmat respectfully requests that this Court deny the government's Motion *In Limine* to Exclude any Reference at Trial Concerning Punishment or Plea Agreements for Persons Not Called as government Witnesses at Trial, Doc. # 258,.

This the  2nd  day of  December , 2013.

              **/s/ Thomas A. Withers, Esq.**
              Thomas A. Withers, Esq.
              Georgia Bar Number: 772250
              Attorney for Dr. Najam Azmat

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
E-Mail: Twithers@gwllawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 2nd day of December, 2013.

/s/ **Thomas A. Withers, Esq.**
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Dr. Najam Azmat

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
E-Mail: Twithers@gwllawfirm.com