UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | INDICTMENT NUMBER: |
| ) | CR 4:13 – 028 |
| DR. NAJAM AZMAT, ) | |
| ) | |
| Defendant. ) | |

### DR. AZMAT'S REPLY TO THE GOVERNMENT'S RESPONSE TO MOTION IN LIMINE TO EXCLUDE GOVERNMENT EXPERTS DR. GENE KENNEDY AND MARTIN ZDANOWICZ

COMES NOW, Dr. Najam Azmat, ("Dr. Azmat") one of the defendants herein, and files this, his Reply to the Government's Response to his Motion in Limine to Exclude Government Experts Dr. Gene Kennedy and Martin Zdanowicz, and shows the Court the following:

### I.    PROCEDURAL HISTORY

On October 25, 2013, Dr. Azmat filed his Daubert Motion to Exclude Government Experts Dr. Gene Kennedy and Martin Zdanowicz and Request for an Evidentiary Hearing (hereinafter "Daubert Motion"), Doc. # 241.

The government failed to file a timely response.

On November 19, 2013, 25 days after the filing of his Daubert Motion, Dr. Azmat filed a Supplement, noting that no response to his motion had been filed and seeking to have his Motion granted. Doc. # 260.

That same day, **after** the filing of Dr. Azmat's Supplement, the government filed a 3 page Response to the Daubert motion contending that the response was timely because

1

Defendant Wise had filed a Motion to Adopt. Doc. # 262, p. 1.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   The Government's Response is Untimely.

The filing of a Motion to Adopt does not extend the time for the filing of a response to the underlying Motion. The government had 14 days from October 25, 2013 to file a Response in Opposition to Dr. Azmat's Daubert Motion. Similarly, the government had 14 days from November 5, 2013 to file a Response to the Motion to Adopt. The Motion to Adopt could either be opposed, or assented to, however, the Motion to Adopt had nothing to do with the government's obligation to file a timely response to the Daubert Motion.

Twenty five days after filing his Daubert Motion Dr. Azmat filed a Supplement requesting that his Daubert Motion be granted. Only then did the government file a Response. That response was untimely and this Court should grant Dr. Azmat's Daubert Motion and exclude Dr. Kennedy and Dr. Zdanowicz.

Local Rule 7.5 provides that "[f]ailure to respond [to a motion] within the applicable time period shall indicate that there is no opposition to a motion." LR 7.5. The Court has enforced its rule that motions to which there is no response filed within fourteen (14) days are held to be unopposed in countless cases. *See Martinez-Garcia v. Perez*, No. CV613-015, 2013 WL 5606366, *1 (S.D.Ga., October 11, 2013) (observing that the Court had granted the plaintiffs' motion for fees and expenses where the defendant failed to respond, citing LR 7.5); *Johnson v. Coca Cola Bottling Co. United East, LLC*, No. CV413-053, 2013 WL 4590786, *1 (S.D.Ga., August 28, 2013) (granting the defendants' motions to dismiss where

2

the plaintiff filed no response to the motions, holding that the motions were "unopposed by operation of Local Rule 7.5"); *Wilson v. Probate Court, County of Emanuel, Georgia*, No. CV613-065, 2013 WL 4458526, *1 (S.D.Ga., August 19, 2013) (granting the defendant's motion to dismiss where the plaintiff failed to respond to the motion); *Morris v. McCallar*, No. CV411–309, 2012 WL 3095543 (S.D.Ga., July 30, 2012) (same).

The Government's Response was untimely. Dr. Azmat's Daubert Motion should be granted.

**B. The Government's Response, Even if Considered, is Non-Responsive to Dr. Azmat's Daubert Motion.**

Even where this Court to consider the Government's Response, it is non-responsive to Dr. Azmat's Daubert Motion. The government's response is 3 paragraphs and the first paragraph cites 2 of the cases cited in Dr. Azmat's papers about what the government must show at trial to prove that a physician has become a drug dealer. Doc. # 262, p. 1, compare, doc # 241, pp. 13, 16.

The second paragraph sets forth what the experts are supposed to testify about and contends that they have considered "standard reference materials." Doc. # 262, p. 2. This paragraph completely fails to respond to the Daubert Motion of Dr. Azmat and fails to rebut the legal infirmities of not only the expert witness disclosure of the government, but also the legal infirmities of the opinions to be rendered by their experts.

Finally, the third paragraph of the government's response contends that Dr. Kennedy and Dr. Zdanowicz both testified against Dr. Hung Thien Ly and so should be authorized to testify in this case. Again, there was no Daubert Motion filed in the *Ly* case so that case

provides no legal precedent for the admissibility of the opinions supposedly held by their experts in this case vis-à-vis Daubert.

### C. The Government has Not Addressed the Issues in Dr. Azmat's Motion

In a detailed pleading, doc. # 241, Dr. Azmat cited this Court's own decisions that an expert's testimony can be excluded where it is simply a reiteration or recasting of a parties' contentions. *North American Specialty Co., v. Wells*, 2013 WL 4482455, *2 (S.D. Ga., August 19, 2013). *See* Daubert Motion, Doc. # 241, pp. 5-6.

Dr. Azmat then carefully examined why the opinions of Dr. Kennedy are inadmissible, fundamentally because he had not cabined his opinions with anything other than his own say-so. *Id*, pp. 8-13. This type of *ipse dixit* testimony is not admissible and should be excluded. *United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004).[1]

The government further fails to identify the standards upon which Dr. Kennedy and Dr. Zdanowicz are basing their opinions and, thus, have failed to respond to Dr. Azmat's challenge that their opinions have simply been fashioned together for the purpose of this litigation. See, doc. # 241, pp. 13-14.

The government has also not responded to the fact that Dr. Kennedy failed to account for the fact that Dr. Azmat reduced the dosage of opiods and in most cases eliminated the

---

[1] In contrast to Dr. Kennedy and Dr. Zdanowicz, Dr. Simopoulus, makes plain in his disclosure that there were no requirements for prescribing opiods during the relevant time frame and instead of using artificial standards of when a physician becomes a drug dealer, he has used objective markers upon which federal courts have relied, supplemented with other objective indicia in rendering his opinion. For this reason, Dr. Simopoulus' opinions are admissible, while those of the government's experts are not.

prescription of Xanax. *Id*., at pp. 14-15.

Finally, the government has failed to respond to Dr. Azmat's contention that Dr. Kennedy should not be able to make credibility determinations, which he does throughout his reports. *Id.*, pp. 18-19.

As to Dr. Zdanowicz, the government fails to respond to why his opinions are not even a close call in terms of passing this Court's gatekeeping function. *Id*., at pp. 19-22.

Having failed to address any of the arguments raised in Dr. Azmat's Daubert Motion, the Motion should be granted and Dr. Kennedy and Dr. Zdanowicz should be excluded from testifying at the trial of this cause.

WHEREFORE, based upon all of the reasons and authorities set forth herein and in Defendant Najam Azmat's *Daubert* Motion to Exclude Government Expert's Dr. Gene Kennedy and Martin Zdanowicz and Request for an Evidentiary Hearing, Doc. # 241, the Court should grant the Motion and exclude them from testifying at any trial of this case.

This the 2nd day of December, 2013.

**/s/ Thomas A. Withers, Esq.**
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Dr. Najam Azmat
Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
E-Mail: Twithers@gwllawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This   2nd   day of December, 2013.

/s/ **Thomas A. Withers, Esq.**
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Dr. Najam Azmat
Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
E-Mail: Twithers@gwllawfirm.com