**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CR 413-028** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SEAN MICHAEL CLARK, ET AL.** | ) | |

## GOVERNMENT'S REQUEST TO CHARGE

Now comes the United States of America, by and through Edward J. Tarver, United States Attorney for the Southern District of Georgia, and files this request to charge the jury on the following subjects, as taken from the Eleventh Circuit Pattern Jury Instructions, 2010 Edition.

| TYPE | NO. | DESCRIPTION |
|------|-----|-------------|
| Basic | 1 | Face Page - Introduction |
| Basic | 2.1 | Duty to Follow Instructions and the Presumption of Innocence |
| | or | |
| | 2.2 | Duty to Follow Instructions, etc. (When a Defendant Does Not Testify) |
| Basic | 3 | Definition of "Reasonable Doubt" |
| Basic | 4 | Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court |
| Basic | 5 | Credibility of Witnesses |
| Basic | 6.5 | Impeachment of Witnesses Because of Inconsistent Statement or Felony Conviction (Defendant with No Felony Conviction Testifies) |
| Basic | 7 | Expert Witnesses |

| TYPE | NO. | DESCRIPTION |
|------|-----|-------------|
| Special | 1.1 | Testimony of Accomplice, Informer, or Witness with Immunity |
| Special | 1.2 | Testimony of Accomplice or Codefendant with Plea Agreement |
| Special | 1.3 | Testimony of Accomplice, Witness Using Addictive Drugs, or Witness with Immunity |
| Special | 2.1 | Confession or Statement of a Single Defendant |
| | or | |
| Special | 2.2 | Confession or Statement of Multiple Defendants |
| Special | 3 | Identification Testimony |
| Special | 5 | Notetaking |
| Govt. Request | 1 | Summary Charts |
| Basic | 8 | Introduction to Offense Instructions |
| Offense | 100 | Conspiracy 21 U.S.C. § 846 |
| Govt. Request | 2 | Unlawful Dispensation of Controlled Substances 21 U.S.C. § 841(a)(1) |
| Offense | 98 | Controlled Substances: Distribution 21 U.S.C. § 841(a)(1) |
| Offense | 74.5 | Money Laundering Conspiracy 18 U.S.C. § 1956(h) |
| Special | 7 | Aiding and Abetting; Agency 18 U.S.C. § 2 |
| Special | 8 | Deliberate Ignorance as Proof of Knowledge |
| Basic | 9.1A | On or About; Knowingly; Willfully (Generally) |
| Basic | 10.4 | Caution and Punishment; Multiple Defendants; Multiple Counts |

| TYPE | NO. | DESCRIPTION |
|------|-----|-------------|
| Basic | 11 | Duty to Deliberate |
| Basic | 12 | Verdict |

Requested jury instructions follow in complete form.

Respectfully Submitted,

EDWARD J. TARVER
UNITED STATES ATTORNEY

*s/ Karl Knoche*

Karl Knoche
Assistant United States Attorney
Georgia Bar No. 426624

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   1

## **FACE PAGE -- INTRODUCTION**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   2.1

**DUTY TO FOLLOW INSTRUCTIONS AND THE**
**PRESUMPTION OF INNOCENCE**

Your decision must be based only on the evidence presented here.   You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.   You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt.   The law presumes every defendant is innocent.   The Defendant does not have to prove [his] [her] innocence or produce any evidence at all.   The Government must prove guilt beyond a reasonable doubt.   If it fails to do so, you must find the Defendant not guilty.

5

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   2.2

**DUTY TO FOLLOW INSTRUCTIONS AND THE
PRESUMPTION OF INNOCENCE WHEN A
<u>WHEN A DEFENDANT DOES NOT TESTIFY</u>**

Your decision must be based only on the evidence presented during the trial.   You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law   – and you must follow all of my instructions as a whole.   You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt.   The law presumes every Defendant is innocent.   The Defendant does not have to prove his innocence or produce any evidence at all.   A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.   The Government must prove guilt beyond a reasonable doubt.   If it fails to do so, you must find the Defendant not guilty.

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   3

## DEFINITION OF "REASONABLE DOUBT"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt.   The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.   If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.   If you are not convinced, say so.

7

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   4

## CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; <u>ARGUMENT OF COUNSEL</u>

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted.   But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.   Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.   You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.   There's no legal difference in the weight you may give to either direct or circumstantial evidence.

8

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   5

## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.   You should decide whether you believe what each witness had to say, and how important that testimony was.   In making that decision you may believe or disbelieve any witness, in whole or in part.   The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   6.5

**IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS**
**OR FELONY CONVICTION**
**<u>(DEFENDANT WITH NO FELONY CONVICTION TESTIFIES)</u>**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.   And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.   People naturally tend to forget some things or remember them inaccurately.   So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.   The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

[A defendant has a right not to testify.   But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.]

10

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   7

## **EXPERT WITNESSES**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.   As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

PATTERN JURY INSTRUCTIONS
SPECIAL JURY INSTRUCTION NO.   1.1

**<u>TESTIMONY OF ACCOMPLICE, INFORMER OR WITNESS WITH IMMUNITY</u>**

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

PATTERN JURY INSTRUCTIONS
SPECIAL JURY INSTRUCTION NO.   1.2

## TESTIMONY OF ACCOMPLICE OR CODEFENDANT WITH PLEA AGREEMENT

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for his testimony.   Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face.   Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

PATTERN JURY INSTRUCTIONS
SPECIAL JURY INSTRUCTION NO.   1.3

**TESTIMONY OF ACCOMPLICE, WITNESS USING ADDICTIVE DRUGS, OR
<u>WITNESS WITH IMMUNITY</u>**

You must consider some witnesses' testimony with more caution than others.

For example, a witness may testify about events that occurred during a time when the witness was using addictive drugs, and so the witness may have an impaired memory of those events.   And a witness who has been promised immunity from prosecution or witnesses who hope to gain more favorable treatment in [his] [or] [her] own case may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

14

PATTERN JURY INSTRUCTIONS
SPECIAL JURY INSTRUCTION NO.   2.1

## **CONFESSION OR STATEMENT OF A SINGLE DEFENDANT**

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it.   To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

PATTERN JURY INSTRUCTIONS
SPECIAL JURY INSTRUCTION NO.   2.2

**CONFESSION OR STATEMENT OF MULTIPLE DEFENDANTS**

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it.   To make these decisions, you must consider all the evidence about the statement –   including the circumstances under which it was made.

Any such statement is not evidence about any other Defendant.

PATTERN JURY INSTRUCTIONS
SPECIAL JURY INSTRUCTION NO.   3

## **IDENTIFICATION TESTIMONY**

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth.     But even if you believe the witness is telling the truth, you must still decide how accurate the identification is.   I suggest that you ask yourself questions:

- Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

- How much time did the witness have to observe the person?

- How close was the witness?

- Did anything affect the witness's ability to see?

- Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

17

PATTERN JURY INSTRUCTIONS
SPECIAL JURY INSTRUCTION NO.   5

**<u>NOTETAKING</u>**

You've been permitted to take notes during the trial.   Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.   You must not give your notes priority over your independent recollection of the evidence.   And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

GOVERNMENT REQUEST   1

### **SUMMARY CHARTS**

Charts or summaries have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are in evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.

Edward J. Devitt, et al., Federal Jury Practice and Instructions, §   14.02 (4th ed. 1992).

United States v. Bray, 139 F.3d 1104, 1112 (6th Cir. 1998).

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   8

## INTRODUCTION TO OFFENSE INSTRUCTIONS

The indictment charges fifty-two separate crimes, called "counts," against the Defendants.   Each count has a number.   You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendants knowingly and willfully combined, conspired, confederated and agree with others to violate Title 21, United States Code, Section 846, that is, to knowingly and intentionally dispense various Schedule II, III, and IV controlled substances not for a legitimate medical purpose and not in the usual course of professional practice.

Counts Two through Fifty charge that the Defendants committed what are called "substantive offenses," specifically the unlawful dispensation or distribution of controlled substances.   I will explain the law governing those substantive offenses in a moment.

Count Fifty-One charges the Defendant Daniel Wise with the unlawful distribution of oxycodone.

Count Fifty-Two charges that the Defendants conspired to commit money laundering offenses. I will explain the law governing that offense in a moment.

But first note that the Defendants are not charged in Count One or in Count Fifty-Two with committing a substantive offense – they are charged with conspiring to commit certain offenses. I will give you specific instructions on conspiracy.

20

PATTERN JURY INSTRUCTIONS
OFFENSE JURY INSTRUCTION NO. 100
(MODIFIED)

**CONTROLLED SUBSTANCES: CONSPIRACY**
21 U.S.C. § 846

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another federal crime if it was actually carried out.

Title 21 United States Code Section 841(a)(1) makes it a crime for a medical doctor to knowingly and intentionally distribute or dispense controlled substances outside of the usual course of professional practice and without legitimate purpose relating to the practice of medicine.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act.   In other words, it is a kind of partnership for criminal purposes.   Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

(1)          two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute or dispense controlled substances not for a legitimate medical purpose and not in the usual course of professional practice; and

21

(2)             the Defendant, knew the unlawful purpose of the
                plan and willfully joined in it; and

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.   Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

GOVERNMENT'S RQUEST TO CHARGE 2**
OFFENSE JURY INSTRUCTION

**<u>UNLAWFUL DISPENSATION OF CONTROLLED SUBSTANCES</u>**
21 U.S.C. § 841(a)(1)

Counts Two through Fifty of the Indictment allege violations of Title 21, United States Code, Section 841(a)(1).

Title 21, United States Code, section 841(a)(1), makes it a federal crime or offense for a medical doctor, licensed and registered in the State of Georgia and by the United States, to knowingly and intentionally dispense controlled substances outside the usual course of professional practice and without legitimate purpose relating to the practice of medicine.

Each of counts Two through Fifty of the indictment refers to a prescription or prescriptions written by the defendant for a particular individual or a dispensation by the defendant on a given date. Each count represents one instance where the defendants are is alleged to have committed a violation of federal law.

A defendant can be found guilty of the offenses charged in Counts Two through Fifty of the indictment only if all of the following facts are proved beyond a reasonable doubt:

(1)     That the defendant dispensed a controlled substance or caused a controlled substance to be dispensed, as charged in the indictment,

(2)     That the defendant acted knowingly and intentionally; and

(3)     That the defendant either acted outside the usual course of professional practice or acted without legitimate medical purpose.

These elements apply to counts two through fifty of the Indictment. In other words, the defendant can be found guilty of a specific count of the indictment only if these essential elements are found beyond a reasonable doubt for that specific count.

23

As it is used in these instructions, "dispensing a controlled substance or causing a controlled substance to be dispensed" includes issuing a prescription for a controlled substance.

"Controlled substance" means a drug or other substance that is included in certain schedules that have been formulated by congress and are part of the laws of the United States. The drugs referred to in the Indictment as "Oxycodone," "Percocet," "Lorcet," and "Xanax" are "controlled substances" within the meaning of the law.

A physician may be convicted of a violation of Title 21, United States Code, Section 841(a)(1) when he dispenses a controlled substance either outside the usual course of professional practice or without a legitimate medical purpose.

Whether the defendant acted outside the usual course of professional practice is to be judged objectively by reference to standards of medical practice generally recognized and accepted in the United States. Therefore, whether the defendant had a good faith belief that he dispensed a controlled substance in the usual course of his professional practice is irrelevant.

However, whether the defendant acted without a legitimate medical purpose depends on the defendant's subjective belief about whether he was dispensing the controlled substance for a legitimate medical purpose. Therefore, in order for the government to establish that the defendant was acting without a legitimate medical purpose, the government must prove beyond a reasonable doubt that the defendant did not subjectively believe that he was dispensing the controlled substance for a legitimate medical purpose. Good faith in this context means good intentions and the honest exercise of good professional judgment as to a patient's medical needs. Good faith connotes an observance of conduct in accordance with what the physician believes to be proper medical practice. In determining whether the defendant acted in good faith, you may consider all of the evidence in the case that relates to that conduct.

24

**Charge adapted from the District Court's Instruction to the Jury in <u>United States v.</u> <u>Hung Thien Ly</u>, 4:07CR286 (SDGA), Doc 350.

PATTERN JURY INSTRUCTIONS
OFFENSE JURY INSTRUCTION NO.   98
(As modified to reflect distribution)

**<u>CONTROLLED SUBSTANCES: DISTRIBUTION</u>**
21 U.S.C. § 841(a)(1)

It is a Federal crime for anyone to distribute a "controlled substance."

 Oxycodone is a "controlled substance."

The Defendant Daniel John Wise can be found guilty of this crime as charged in Count Fifty-One only if all the following facts are proved beyond a reasonable doubt:

(1)     The defendant distributed oxycodone as charged in the particular

count of the indictment; and

(2)     The defendant did this knowingly and intentionally.

To "distribute" simply means to deliver or transfer possession of a controlled substance to someone else, even if nothing of value is exchanged.

26

PATTERN JURY INSTRUCTIONS
OFFENSE JURY INSTRUCTION NO.   74.5

## MONEY LAUNDERING CONSPIRACY
18 U.S.C. § 1956(h)

It is a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Section 1956.

Money laundering in violation of 18 U.S.C. § 1956 would occur when

(1) a person knowingly conducts or tries to conduct a financial transaction,

(2) the person knows that the money or property involved in that transaction was the proceeds of some kind of unlawful activity,

(3) the money or property involved in that transaction does in fact come from a specified unlawful activity, in this case, the unlawful dispensation of controlled substances, and

(4) the person is involved in the financial transaction with the intent to promote the carrying on of the specified unlawful activity.

To "conduct a transaction" means to start or finish a transaction, or to participate in a transaction at any point.

A "transaction" means a purchase, sale, loan, promise, gift, transfer, delivery, or other disposition of money or property. A transaction with a financial institution also includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, use of a safe deposit box, or purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument.

A "financial transaction" means a transaction that in any way or to any degree affects interstate or foreign commerce by sending or moving money by wire or other means, or a

27

transaction that in any way or to any degree affects interstate or foreign commerce by involving one or more "monetary instruments." The phrase "monetary instrument" includes coins or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in a form that allows ownership to transfer on delivery, or a transaction involving the use of a financial institution that is involved in interstate or foreign commerce, or whose activities affect interstate or foreign commerce in any way or degree.

The phrase "financial institution" includes a bank that is insured under the Federal Deposit Insurance Act, a commercial bank or trust company, any credit union, an investment banker or investment company, an operator of a credit card system, or an issuer, redeemer, or cashier of travelers' checks, checks, money orders, or similar instruments.

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and people or businesses outside the United States.

To know "that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that is a felony under state, Federal, or foreign law.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity;

The phrase "specified unlawful activity" includes the unlawful dispensation of Schedule II, III, or IV controlled substances.

Here, the Defendants are not charged with the substantive offense of money laundering.   Rather, they are charged with conspiring to launder money in violation of Title 18, United States Code, Section 1956(h).

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) Two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956; and

(2) The Defendant knew about the plan's unlawful purpose and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.   Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

29

PATTERN JURY INSTRUCTIONS
SPECIAL JURY INSTRUCTION NO.   7

## AIDING AND ABETTING; AGENCY
18 U.S.C. § 2

It is possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent."   Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.   A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime − not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

30

PATTERN JURY INSTRUCTIONS
SPECIAL JURY INSTRUCTION NO.   8

## DELIBERATE IGNORANCE AS PROOF OF KNOWLEDGE

If a Defendant's knowledge of a fact is an essential part of a crime, it is enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact did not exist.

"Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains the controlled substance so he or she can deny knowledge of the package's contents.

So you may find that a defendant knew [a particular fact] if you determine beyond a reasonable doubt that the defendant (1) actually knew about the [fact], or (2) had every reason to know but deliberately closed his eyes.

But I must emphasize that negligence, carelessness, or foolishness is not enough to prove that the Defendant knew about the [fact].

31

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   9.1A

## **ON OR ABOUT; KNOWINGLY; WILLFULLY -GENERALLY**

You will see that the indictment charges that a crime was committed "on or about" a certain date.   The Government does not have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.   While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

ATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   10.4

**CAUTION:   PUNISHMENT**
**(MULTIPLE DEFENDANTS, MULTIPLE COUNTS)**

Each count of the indictment charges a separate crime against one or more of the Defendants.   You must consider each crime and the evidence relating to it separately.   And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment.   You are here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty.   If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

33

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   11

## **DUTY TO DELIBERATE**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree.   Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.   So you must discuss the case with one another and try to reach an agreement.   While you are discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.   But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts.   Your only interest is to seek the truth from the evidence in the case.

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   12

## **VERDICT**

When you get to the jury room, choose one of your members to act as foreperson.   The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.   When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.   Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.   The marshal will bring it to me and I'll respond as promptly as possible –   either in writing or by talking to you in the courtroom.   But I caution you not to tell me how many jurors have voted one way or the other at that time.

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 18th day of December, 2013.

Respectfully submitted,

EDWARD J. TARVER
UNITED STATES ATTORNEY

*s/ Karl I. Knoche*

Karl I. Knoche
Assistant United States Attorney
Georgia Bar No. 426624

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422

36