UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | CR 4:13 – 028 |
| DR. NAJAM AZMAT, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT AZMAT'S NOTICE OF FILING OF PROPOSED
JURY INSTRUCTIONS**

COMES NOW, Najam Azmat, Defendant herein, by and through the undersigned

counsel, and respectfully submit the proposed jury instructions which are attached hereto.

Respectfully submitted, this 18th day of December, 2013.

**s/ Thomas A. Withers, Esq.**
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Dr. Najam Azmat

GILLEN, WITHERS & LAKE, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Facsimile:     (912) 629-6347
E-Mail: Twithers@gwllawfirm.com

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

### Preliminary Instructions[1]

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

---

[1] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Preliminary Instruction.

<u>What is not evidence</u>:

Certain things are not evidence and must not be considered. I will list them for you now:

•   Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

•   Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence.

You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

<u>Credibility of witnesses</u>:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know

- the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

<u>Rules for criminal cases</u>:

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence or to present any evidence, or to testify. Since

the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

<u>Conduct of the jury</u>:

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial.  I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

4

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites such as Facebook, My Space, or Twitter.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge.

It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

Taking notes:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are

to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

Separate consideration for each defendant:

Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to a particular defendant and disregard any evidence admitted solely against some other defendant[s]. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant[s].

Course of the trial:

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1</u>

### Face Page - Introduction[2]

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | CR 4:13 – 028 |
| DR. NAJAM AZMAT, | ) | |
| | ) | |
| Defendant. | ) | |

### COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

---

[2] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 1.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

**The Duty to Follow Instructions**
**And the Presumption of Innocence**[3]

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[3] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 2.1.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

**The Duty to Follow Instructions and the Presumption**

**Of Innocence When a Defendant Does Not Testify**[4]

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government. You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[4] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 2.2.

10

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

### Definition of "Reasonable Doubt" [5]

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

[5] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 3.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

### Consideration of Direct and Circumstantial Evidence;

### Argument of Counsel; Comments by the Court[6]

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

---

[6] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 4.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

### Credibility of Witnesses[7]

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

---

[7] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 5.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

### Impeachment of Witnesses Because of
### Inconsistent Statements[8]

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail

---

[8] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 6.1.

<u>**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8**</u>

**Testimony of Accomplice, Informer, or Witness with Immunity**[9]

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

---

[9] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Special Instruction No. 1.1.

15

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9</u>

**Testimony of Accomplice or Codefendant with Plea Agreement**[10]

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for his testimony.  Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it. But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

---

[10] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Special Instruction No. 1.2.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

**Testimony of Accomplice, Witness Using Addictive Drugs, or
Witness With Immunity** [11]

You must consider some witnesses' testimony with more caution than others.

For example, a witness may testify about events that occurred during a time when the witness was using addictive drugs, and so the witness may have an impaired memory of those events. And a witness who has been promised immunity from prosecution or witnesses who hope to gain more favorable treatment in [his] [or] [her] own case may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

---

[11] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Special Instruction No. 1.3.

17

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

### Impeachment of Witnesses Because of

### Inconsistent Statements or Felony Conviction[12]

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

---

[12] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 6.2.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

### Confession or Statement (Multiple Defendants)[13]

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care. You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

Any such statement is not evidence about any other Defendant.

---

[13] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Special Instruction No. 2.2.

19

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13

### Expert Witness[14]

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

---

[14] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 7.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14

### Introduction to Offense Instructions[15]

The indictment charges fifty two separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendants, aided and abetted by each other and by other persons known and unknown, did knowingly and willfully combine, conspire, confederate and agree with other persons, both known and unknown, to knowingly and intentionally distribute and dispense, and cause to be distributed and dispensed, quantities of controlled substances, including Oxycodone, a Schedule II Controlled Substance, Hydrocodone, a Schedule III controlled substance, and Alprazolam, a Schedule IV controlled substance, not for a legitimate medical purpose and not in the usual course of professional practice, in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 841(a)(l) and 846.

Counts Fifty-Two charges that the Defendants, aided and abetted by each other and by others known and unknown, did knowingly and intentionally combine, conspire, and agree with each other and with other persons known and unknown, to conduct and attempt to conduct financial transactions affecting interstate commerce, with funds which were proceeds of a specified unlawful activity, that is the unlawful dispensation of Schedule II, III, and IV controlled substances, in violation of Title 21 United States Code, Section 841(a)(1), and which the defendants knew to be the proceeds of some form of unlawful activity, and did conspire to do so with the intent to promote the carrying on of the aforesaid specified unlawful activity, in violation of Title 18, United States Code, Sections 2, 1956(a)(1)(A)(i), and 1956(h).

---

[15] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 8.

Counts Two through Fifty-One charge that Defendants committed what are called "substantive offenses," specifically unlawful dispensation of controlled substances. I will explain the law governing those substantive offenses in a moment.

But first note that the Defendants are not charged in Counts One and Fifty Two with committing a substantive offense – they are charged with conspiring to commit that offense. I will also give you specific instructions on conspiracy.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15**

**Controlled Substances: Conspiracy**
**21 U.S.C. § 846**[16]

Count One charges that the Defendants knowingly and willfully conspired to dispense and caused to be distributed and dispensed controlled substances by writing prescriptions for patients not for legitimate medical purposes, and not in the usual course of professional medical practice in the State of Georgia, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

Section 841(a) provides in part that it shall be unlawful for any person knowingly or intentionally to distribute and dispense a controlled substance, except as authorized by federal law. Because many controlled substances have an accepted medical use, federal law authorizes registered practitioners to dispense controlled substances pursuant to lawful prescriptions for legitimate medical purposes within the usual course of professional practice.

To "dispense" means to deliver a controlled substance to an ultimate user, including the prescribing of a controlled substance and administering of a controlled substance and the packaging, labeling or compounding necessary to prepare the substance for such delivery.

The term "practitioner" includes a physician (M.D. or D.O.), licensed by the United States or the jurisdiction in which he or she practices to write prescriptions for, or dispense, or cause to be dispensed, controlled substances in the course of professional practice.

Oxycodone, Hydrocodone, and Alprazolam are controlled substances within the

---

[16] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Offense Instruction No. 98 and 100 (modified); *United States v. Tobin*, 676 F.3d 1264, 1282-1283 (11th Cir. 2012).

23

meaning of the law.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

(1) two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute and dispense, or cause to be distributed and dispensed, quantities of Oxycodone, Hydrocodone, or Alprazolam, not for a legitimate medical purpose and not in the usual course of professional practice;

(2) the Defendant, knew the unlawful purpose of the plan and willfully joined in it; and

(3) the object of the unlawful plan was to deliberately distribute and dispense or cause the distribution and dispensing of controlled substances in bad faith, not for a legitimate medical purpose, and not in the usual course of medical practice in the State of Georgia.

The "usual course of professional medical practice" refers to the standard of medical practice and treatment generally recognized and accepted in the State of Georgia. To determine the "usual course of professional medical practice" you may consider the totality of the circumstances, including evidence of accepted professional standards of care in

effect at the time and expert testimony. In making a medical judgment concerning the right treatment for an individual patient, physicians have discretion to choose among a wide range of options.

If a doctor believes in good faith he is writing prescriptions or dispensing controlled substances for legitimate medical purposes, then those prescriptions are within the usual course of professional practices in the State of Georgia and elsewhere and the doctor is protected from prosecution under the Controlled Substances Act.

But a doctor who acts in bad faith by prescribing and dispensing drugs not for a legitimate medical purpose or outside the usual course of professional practice in the State of Georgia and elsewhere may be guilty of violating the law. For you to find the Government has proven this essential element, you must determine that the Government has proven beyond a reasonable doubt that the doctor was acting intentionally and knowingly outside the bounds of professional medical practice, as his authority to prescribe and dispense controlled substances was being used not for treatment of a patient, but knowingly and intentionally acting as a drug dealer.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also a

person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of the conspiracy doesn't automatically become a conspirator.

A person who does not know the illegal objectives of the conspiracy and has a good faith belief that his conduct is legal is not a conspirator.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16

### Unlawful Dispensation of Controlled Substances –
### 21 U.S.C. §841(a)(1) [17]

Counts Two through Fifty Two allege violations of 21 U.S.C. Section 841 (a)(1). That code section makes it a federal crime for anyone to unlawfully dispense a controlled substance.

Section 841(a) provides in part that it shall be unlawful for any person knowingly or intentionally to dispense a controlled substance, except as authorized by federal law. Because many controlled substances have an accepted medical use, federal law authorizes registered practitioners to dispense controlled substances pursuant to lawful prescriptions for legitimate medical purposes within the usual course of professional practice.

To "dispense" means to deliver a controlled substance to an ultimate user, including the prescribing of a controlled substance and administering of a controlled substance and the packaging, labeling or compounding necessary to prepare the substance for such delivery.

The term "practitioner" includes a physician (M.D. or D.O.), licensed by the United States or the jurisdiction in which he or she practices to write prescriptions for, or dispense, or cause to be dispensed, controlled substances in the course of professional practice.

Oxycodone, Hydrocodone, and Alprazolam are "controlled substances."

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

---

[17] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Offense Instruction No. 98. (modified)

(1) the Defendant knowingly dispensed Oxycodone, Hydrocodone, or Alprazolam, not for a legitimate medical purpose and not in the usual course of professional practice;

(2) the Defendant intended to dispense Oxycodone, Hydrocodone, or Alprazolam, not for a legitimate medical purpose and not in the usual course of professional practice; and

The "usual course of professional medical practice" refers to the standard of medical practice and treatment generally recognized and accepted in the State of Georgia and elsewhere. To determine the "usual course of professional medical practice" you may consider the totality of the circumstances, including evidence of accepted professional standards of care in effect at the time and expert testimony. In making a medical judgment concerning the right treatment for an individual patient, physicians have discretion to choose among a wide range of options.

If a doctor believes in good faith he is dispensing controlled substances for legitimate medical purposes, then that dispensation is within the usual course of professional practices in the State of Georgia and elsewhere and the doctor is protected from prosecution under the Controlled Substances Act.

But a doctor who acts in bad faith dispensing drugs not for a legitimate medical purpose and outside the usual course of professional practice in the State of Georgia and elsewhere may be guilty of violating the law. For you to find the Government has proven this essential element, you must determine that the Government has proven beyond a reasonable doubt that the doctor was acting intentionally and knowingly outside the bounds of professional medical practice, as his authority to dispense controlled substances was being used not for treatment of a patient, but knowingly and intentionally acting as a drug dealer.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17

### Money Laundering Conspiracy
### 18 U.S.C. § 1956(h) [18]

It's a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Section 1956.

Title 18, United States Code, Section 1956(a)(1) provides that it is a crime for a person, knowing that the property involved in a financial transaction represents the proceeds of unlawful activity, to conduct or attempt to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity, with the intent to promote the carrying on of specified unlawful activity.

The specified unlawful activity as alleged in the indictment is the unlawful dispensation of Schedule II, III, and IV controlled substances in violation of 21 U.S.C. 841(a)(1).

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

---

[18] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Offense Instruction No. 74.5. (modified).

(1)  two or more people agreed to try to accomplish a  common  and  unlawful  plan  to violate  Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(2) the Defendant knew about the plan's unlawful purpose and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with  certain people  and  discussing  common  goals  and  interests  doesn't establish proof of a conspiracy. Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18**

### **Aiding and Abetting; Agency**
### **18 U.S.C. § 2**[19]

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged. Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it. In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

---

[19] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Special Instruction No. 7.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19

### Good Faith Defense [20]

Good faith is a complete defense to Counts One and Fifty Two in the indictment because good faith on the part of a Defendant is inconsistent with willfulness which is an essential part of the conspiracy charges. The burden is not on the Defendant to prove good faith, since the Defendants have no burden to prove anything. The Government must establish beyond a reasonable doubt that the Defendants acted with specific intent to do something the law forbids.

An honestly held opinion or an honestly formed belief cannot be illegal intent even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

---

[20] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2010 revision), Special Instruction 17, modified.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20

### Theory of the Defense [21]

### Good Faith [22]

Whether a controlled substance is prescribed or dispensed for legitimate medical purpose is determined by a subjective standard, whether the physician has a good faith belief that he prescribed or dispensed a prescription for a legitimate medical purpose. Whether a prescription or dispensation is within the usual course of professional practice within the State of Georgia is determined by an objective standard of the standards of practice within the State of Georgia and elsewhere.

"Good faith" in this context means good intentions and the honest exercise of best

---

[21] There can be cases in which the evidence arguably supports, and the Defendant may rely upon, some specific theory of defense other than the traditional defenses covered by Special Instructions 13.1 through 17. In such cases, upon appropriate request, theory of defense instructions relating to material factual issues arising from the evidence must be given. *United States v. Conroy*, 589 F.2d1258, 1273 (5th Cir. 1979); *United States v. Lewis*, 592 F.2d1282 (5th Cir. 1979); *United States v. Sirang*, 70 F.3d 588 (11th Cir. 1995) (A defendant is entitled to a specific instruction on his theory of defense, not an abstract or general one). It is error to not give a requested instruction if the requested instruction's subject matter: is a correct statement of the law; is not covered by a separate pattern instruction; and goes to an important issue in the case. *See United States v. Woddard*, 531 F.3d 1352, 1364 (11th Cir. 2008).

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), p. 50, Note (2010). "'[T]he defendant 'is entitled to have presented instructions relating to a theory of defense for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.'" *United States v. Morris*, 20 F.3d 1111, 1116 (11th Cir. 1994) (quoting *United States v. Opdahl*, 930 F.2d 1530, 1535 (11th Cir. 1991); quoting *United States v. Lively*, 803 F.2d 1124, 1126 (11th Cir. 1986); quoting *United States v. Young*, 464 F.2d 160, 164 (5th Cir. 1972)).

[22] *United States v. Tobin*, 676 F.3d 1264, 1282-1283 (11th Cir. 2012)

33

professional judgment as to a patient's needs. If you find that a Defendant had a good faith belief that the prescription was for a legitimate medical purpose and the prescription was within the usual course of practice within the State of Georgia and elsewhere, then you must find that Defendant not guilty.

The burden is not on the Defendant to prove good faith, since the Defendants have no burden to prove anything. The Government must establish beyond a reasonable doubt that the Defendants acted with specific intent to do something the law forbids.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21

### Uncertainty in the Law - Standard of Care[23]

You are further instructed that if you find that the standards for treating patients suffering from chronic moderate to severe pain with controlled substances at issue in this case to be vague or highly debatable, then you must find that the Defendant lacked the requisite intent to violate the law.

---

[23] *United States v. Heller*, 830 F.2d 150, 155 (11th Cir. 1987)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22

### Difference Between Civil Malpractice and Criminal Conduct[24]

This is not a civil medical malpractice case. Medical malpractice consists of a negligent, careless, reckless, or unskilled performance by a doctor of the duties imposed on him by his profession. If a physician falls below the line of what a reasonable physician would have done, then he acted negligently and his conduct subjects him to lawsuit for medical malpractice.

This is not what this case is about. This is a criminal case for violation of federal drug laws. We're talking about whether or not the Defendant's conduct was so far outside the bounds of his professional medical practice that he was no longer dispensing or prescribing controlled substances to treat the patient's illness or condition or relieving the patient of pain, but for the sole purpose of assisting the patient in maintaining a drug habit and making a personal profit – that is, whether the Defendant was not acting as a doctor but as a drug pusher.

---

[24] *United States v. Shaygan*, 08-20112-CR-Gold, S.D. Fla., Court's Instructions to the Jury March 3, 2009; *United States v. Ignasiak*, 3:08CR27, N.D. Fla., Court's Instructions to the Jury November 3, 2008; *United States v. Moore*, 423 United States 122, 143 (1975)(emphasizing that the defendant doctor had so wantonly ignored the basic protocols of the medical profession that "he acted as a large-scale 'pusher'—not as a physician."); *United States v. Feingold*, 454 F.3d 1001, 1010 (9th Cir. 2006) ("We hold that an instruction is improper if it allows a jury to convict a licensed practitioner under § 841(a) solely on a finding that he has committed malpractice, intentional or otherwise. Rather, the district court must ensure that the benchmark for criminal liability is the higher showing that the practitioner intentionally has distributed controlled substances for no legitimate medical purpose and outside the usual course of professional practice.")

Accordingly, you may *not* find the Defendant guilty merely because the government has proven that he carelessly, negligently or even incompetently prescribed controlled substances to his patients in the treatment of their complaints. The essential issue for your determination is whether the Defendant acted not as a doctor, or even as a bad doctor, but as a drug pusher without legitimate justification. A physician does not become a criminal when he is a bad or negligent physician. He becomes a criminal when he ceases to be a physician at all.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23

### Reasonable Physicians May Disagree[25]

There are no specific guidelines concerning what is required to support a conclusion that a defendant physician acted outside the usual course of professional practice and for other than a legitimate medical purpose. In making a medical judgment concerning the right treatment for an individual patient, physicians have discretion to choose among a wide range of options. Therefore, in determining whether a Defendant acted without a legitimate medical purpose, you should examine all of the Defendant's actions and the circumstances surrounding them, keeping in mind that reasonable physicians may differ in the proper course of treatment for pain. Some patients require greater or lesser amounts of pain medication to relieve a similar amount of pain than do other patients.

---

[25] *Dept. of Prof. Reg., Brd. of Med. Examiners v. Johnston*, Case No. 83-356, 1983 Fla. Div. Adm. Hear., Recommended Order ("Reasonable physicians differ in manner of treating the same condition. Reasonable physicians differ in the manner of treating pain. A person's pain is not measurable. A person's pain threshold is not measurable."), *supported by Johnston v. Dept. of Prof. Reg., Board of Medical Examiners*, 456 So.2d 939, 942 (Fla. 1st, DCA 1984).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24

### Honest Information

A patient is responsible for providing to the physician, to the best of his or her knowledge, accurate and complete information about present complaints, past illnesses, hospitalizations, medications, and other matters relating to his or her health.

It is a crime in Georgia for a patient to withhold information from a practitioner from whom a person seeks to obtain a controlled substance or a prescription for a controlled substance that the patient making the request has received a controlled substance or a prescription for a controlled substance of like therapeutic use in a concurrent time period from another practitioner.

O.C.G.A. 16-13-43 (a)(4) and (6).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 25**

**Physician's Duty to Relieve Pain—Patient Addiction[26]**

It is a physician's duty and obligation to try to relieve a patient's pain. Therefore, it is ethical and medically justifiable for a physician to prescribe controlled substances for a patient suffering from chronic moderate to severe pain, even if the patient has developed a tolerance or addiction to those substances. It is also ethical and medically justifiable for such treatment to be performed for the purpose of relieving chronic moderate to severe pain in a patient, regardless of the patient's addiction history.

---

[26] *Forlaw v. Fitzer*, 456 So.2d 432, 434 (Fla. 1984)("[t]here is nothing inherently improper in prescribing drugs to a drug addict."); *Johnston v. Dept. of Prof. Reg., Board of Medical Examiners*, 456 So.2d 939, 942 (Fla. 1st DCA 1984)("prescribing Dilaudid to a patient who is already habituated or tolerant to the drug and who has chronic moderate to severe pain can be medically justifiable since the patient should be given relief from the pain."); FAC Rule 64B-9.013 (1)(c) (2006).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 26

### Reasonable Physicians May Disagree

There are no specific guidelines concerning what is required to support a conclusion that a defendant physician acted outside the usual course of professional practice and for other than a legitimate medical purpose. In making a medical judgment concerning the right treatment for an individual patient, physicians have discretion to choose among a wide range of options. Therefore, in determining whether a Defendant acted without a legitimate medical purpose, you should examine all of the Defendant's actions and the circumstances surrounding them, keeping in mind that reasonable physicians may differ in the proper course of treatment for pain. Some patients require greater or lesser amounts of pain medication to relieve a similar amount of pain than do other patients.

> *Authority*: *U.S. v. Shaygan*, 08-20112-CR-Gold, S.D. Fla., Court's Instructions to the Jury March 3, 2009; *Dept. of Prof. Reg., Brd. of Med. Examiners v. Johnston*, Case No. 83-356, 1983 Fla. Div. Adm. Hear., Recommended Order ("Reasonable physicians differ in manner of treating the same condition. Reasonable physicians differ in the manner of treating pain. A person's pain is not measurable. A person's pain threshold is not measurable."), *supported by Johnston v. Dept. of Prof. Reg., Board of Medical Examiners*, 456 So.2d 939, 942 (Fla. 1st DCA 1984).

41

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 27

### Character Evidence[27]

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

---

[27] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Special Instruction No. 12.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28**

**On or About; Knowingly; Willfully - Generally**[28]

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

---

[28] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 9.1A.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29

### On or About a Particular Date; Knowingly[29]

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

---

[29] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 9.2.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30

**Caution: Punishment**
**(Multiple Defendants, Multiple Counts)** [30]

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

---

[30] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 10.4.

45

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31**

### **Duty to Deliberate**[31]

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

[31] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 11.

46

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 32

### Verdict[32]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

---

[32] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2010), Basic Instruction No. 12.

47

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served all parties in this case in accordance with the notice of electronic filing ("NEF") that was generated as a result of electronic filing in this Court.

This 18th day of December, 2013.

s/ Thomas A. Withers, Esq.

Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Dr. Najam Azmat

GILLEN, WITHERS & LAKE, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
Facsimile:      (912) 629-6347
E-Mail: Twithers@gwllawfirm.com