IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR413-28
)
NAJAM AZMAT and DANIEL WISE, )
)
Defendants. )
)

## O R D E R

Before the Court is the Government's Motion in Limine to Exclude References at Trial of Plea Agreements for Persons Not Called as Witnesses. (Doc. 258.) In this motion, the Government requests that the Court prohibit defense counsel from referencing at trial any plea agreements for persons not called as witnesses and any potential punishment a defendant may receive. Defendant Azmat has responded in opposition, arguing that the Government's brief is insufficiently supported and that a defendant's right to present a full defense should include the ability to reference plea agreements of non-testifying witnesses. (Doc. 268.) For the reasons stated below, the Government's motion is **GRANTED**.

The Court first considers whether defense counsel should be prohibited from referencing at trial plea agreements of persons not called as witnesses. The Government argues that an alleged co-conspirator's plea agreement is irrelevant to a defendant's

guilt, unless the alleged co-conspirator is testifying and thus his or her bias could reasonably be questioned. (Doc. 258 at 2.) Defendant Azmat responds that "the defense should be permitted to introduce or refer to evidence relating to the bias or interest of any witnesses, not merely witnesses whom the government selectively chooses to testify." (Doc. 268 at 5.) For evidence to be relevant, it must "hav[e] any tendency to make the existence of any act that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. While generally admissible, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. In addition, relevant evidence may be excluded if its admission would result in "undue delay, waste of time, or needless presentation of cumulative evidence." Id.

There appears to be some confusion as to the status of persons not called as witnesses by the Government. While Defendant Azmat's response is not entirely clear on the matter, the Court best understands that defense counsel seeks to introduce the plea agreements of alleged co-conspirators—former defendants in this case—out of concern that the Government will attempt to introduce testimonial statements from them despite

2

their absence at trial.[1]  However, the Court has received no indication that the Government intends to use testimonial statements of absent witnesses.  If the Government does not call these persons as witnesses or introduce testimonial statements from any of them at trial, the Court cannot discern how or why any defendant's Sixth Amendment right of confrontation could be violated.  See, e.g., Melendez-Diaz v. Massachusetts, 557 U.S. 305, 309-10 (2009) (holding that the Confrontation Clause applies only to testimonial statements).  As there is no reason to cast doubts of bias upon persons not offering testimony, the Court finds reference to these plea agreements to have little, if any, materiality to this case and a high likelihood of confusing or misleading the jury.  Accordingly, the Government's motion as to this matter is **GRANTED**.  If necessary due to the context in which the Government presents its evidence, Defendant Azmat may renew his objections at trial.

The Court next considers whether defense counsel should be prohibited from referencing at trial any potential punishment any defendant may receive.  As the Court will instruct the jury not to consider any defendant's potential punishment in their

---

[1] Defendant's response also discusses at length the importance of Defendant's right to cross-examine a witness brought against him.  (Doc. 268 at 4-7.)  To be certain, Defendant will receive this opportunity with regard to all of the Government's witnesses.  However, these concerns seem outside the scope of the Government's motion concerning only persons not called as witnesses.

determinations of guilt, the Court finds this evidence entirely irrelevant. The Court can discern no reason to allow the introduction of evidence that it will specifically instruct the jury to ignore during their deliberations. The Court further finds Defendant Azmat's argument that the motion should be denied for the Government's failure to properly support and cite its motion (Doc. 268 at 2-4) to be without merit. Accordingly, the Government's motion as to this matter is **GRANTED**.

For the reasons stated above, the Government's motion is **GRANTED**. Defense counsel will be prohibited from referencing at trial plea agreements of persons not called as witnesses. If necessary due to the context in which the Government presents its evidence, Defendant Azmat may renew his objections at trial. Defense counsel will also be prohibited from referencing at trial any potential punishment any defendant may receive.

SO ORDERED this 3RD day of January 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA