FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2014 JAN 10 PM 2:30

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR413-28
)
NAJAM AZMAT, )
)
Defendant. )
)

O R D E R

Before the Court is Defendant's Motion to Exclude Government Experts (Doc. 241). On December 27, 2013, the Court denied the Defendant's motion in part, but also directed the Government to file a supplemental response explaining why the proposed testimony of its expert witnesses—Dr. Gene Kennedy and Dr. Martin Zdanowicz—passes Daubert's reliability requirement. (Doc. 292.) On January 6, 2014, the Government filed its supplemental response. (Doc. 297.) After a careful review of the Government's response, the Court finds that the Government has met its burden with regard to both Dr. Kennedy and Dr. Zdanowicz. The proposed testimonies of both experts appear to be the product of reliable methodologies. Accordingly, Defendant's motion is **DENIED**.

In its December 27, 2013 order, the Court deferred ruling on the merits of Defendant's motion and ordered the Government to file a supplemental response for the limited purpose of

establishing the reliability of the methods used by the Government's expert witnesses when developing their opinions. See Fed. R. Evid. 702(c) (stating that an expert may only testify if "the testimony is the product of reliable principles and methods"); United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (holding that before an expert testifies, the district court must determine whether "the methodology by which the expert reaches his conclusions is sufficiently reliable as to be determined by the sort of inquiry mandated in Daubert"). According to the Government's response, Dr. Kennedy determined the appropriate standards of care for a pain management practice by relying on his nine years of practice in pain management, a review of academic and professional medical literature relating to pain management and prescription drug treatment, and the criteria outlined in professional practice and professional guidelines used for the state of Georgia. (Doc. 297 at 2-10.) The Government also states that Dr. Kennedy has reviewed the patient files and records created by Defendant Azmat and evaluated them in light of the standards produced by the methodology stated above. (Id. at 15.) Based on this showing, the Court is satisfied that Dr. Kennedy's opinions are the product of a reliable methodology. Because this was the only question remaining in the Court's Daubert analysis of Dr. Kennedy, Defendant's motion as to this matter is **DENIED**.

According to the Government's response, Dr. Zdanowicz intends to opine as to the appropriate standards of general pain management pharmacology and treatment options, red flags indicative of drug-seeking behavior, and the appropriate conduct of a physician in prescribing pain medication. (Id. at 18-20.) To determine those standards, Dr. Zdanowicz relied primarily on his extensive education in pharmacology, his experience as a professor of pharmacology, a review of academic and professional medical and scientific literature relating to opioid treatment and prescription drug abuse, and the guidelines outlined in professional practice manuals. (Id. at 16-18.) The Court agrees that this represents a reliable methodology upon which to form opinions on the above stated matters and by which to opine on the conduct of the Defendant. Because this was the only question remaining in the Court's Daubert analysis of Dr. Zdanowicz, Defendant's motion as to this matter is **DENIED**.

SO ORDERED this 10th day of January 2014.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA