IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA        )
                                )
v.                              )
                                )        INDICTMENT NO.: CR413-28
NAJAM AZMAT,                     )
                                )
        Defendant.              )
                                )

U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office
_____ M
____|_|_7____20|Y
Deputy Clerk

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

IT IS MY DUTY TO INSTRUCT YOU ON THE RULES OF LAW THAT YOU MUST USE IN DECIDING THIS CASE.  AFTER I HAVE COMPLETED THESE INSTRUCTIONS YOU WILL GO TO THE JURY ROOM AND BEGIN YOUR DISCUSSIONS—WHAT WE CALL YOUR DELIBERATIONS.

YOU MUST DECIDE WHETHER THE GOVERNMENT HAS PROVED THE SPECIFIC FACTS NECESSARY TO FIND THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT.

YOUR DECISION MUST BE BASED ONLY ON THE EVIDENCE PRESENTED HERE.  YOU MUST NOT BE INFLUENCED IN ANY WAY BY EITHER SYMPATHY FOR OR PREJUDICE AGAINST THE DEFENDANT OR THE GOVERNMENT.

YOU MUST FOLLOW THE LAW AS I EXPLAIN IT—EVEN IF YOU DO NOT AGREE WITH THE LAW—AND YOU MUST FOLLOW ALL OF MY INSTRUCTIONS AS A WHOLE.  YOU MUST NOT SINGLE OUT OR DISREGARD ANY OF THE COURT'S INSTRUCTIONS ON THE LAW.

THE INDICTMENT OR FORMAL CHARGE AGAINST THE DEFENDANT IS NOT EVIDENCE OF GUILT.  THE LAW PRESUMES EVERY DEFENDANT IS INNOCENT.

THE DEFENDANT DOES NOT HAVE TO PROVE HIS INNOCENCE OR PRODUCE ANY EVIDENCE AT ALL. A DEFENDANT DOES NOT HAVE TO TESTIFY, AND IF THE DEFENDANT CHOSE NOT TO TESTIFY, YOU CANNOT CONSIDER THAT IN ANY WAY WHILE MAKING YOUR DECISION. THE GOVERNMENT MUST PROVE GUILT BEYOND A REASONABLE DOUBT. IF IT FAILS TO DO SO, YOU MUST FIND THE DEFENDANT NOT GUILTY.

THE GOVERNMENT'S BURDEN OF PROOF IS HEAVY, BUT IT DOES NOT HAVE TO PROVE A DEFENDANT'S GUILT BEYOND ALL POSSIBLE DOUBT. THE GOVERNMENT'S PROOF ONLY HAS TO EXCLUDE ANY "REASONABLE DOUBT" CONCERNING THE DEFENDANT'S GUILT.

A "REASONABLE DOUBT" IS A REAL DOUBT, BASED ON YOUR REASON AND COMMON SENSE AFTER YOU HAVE CAREFULLY AND IMPARTIALLY CONSIDERED ALL THE EVIDENCE IN THE CASE.

"PROOF BEYOND A REASONABLE DOUBT" IS PROOF SO CONVINCING THAT YOU WOULD BE WILLING TO RELY AND ACT ON IT WITHOUT HESITATION IN THE MOST IMPORTANT OF YOUR OWN AFFAIRS. IF YOU ARE CONVINCED THAT THE DEFENDANT HAS BEEN PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO. IF YOU ARE NOT CONVINCED, SAY SO.

AS I SAID BEFORE, YOU MUST CONSIDER ONLY THE EVIDENCE THAT I HAVE ADMITTED IN THE CASE. EVIDENCE INCLUDES THE TESTIMONY OF WITNESSES AND THE EXHIBITS ADMITTED. BUT, ANYTHING THE LAWYERS SAY IS NOT EVIDENCE AND IS NOT BINDING ON YOU.

YOU SHOULD NOT ASSUME FROM ANYTHING I HAVE SAID THAT I HAVE ANY OPINION ABOUT ANY FACTUAL ISSUE IN THIS CASE. EXCEPT FOR MY INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY

2

HAVE SAID DURING THE TRIAL IN ARRIVING AT YOUR OWN DECISION ABOUT THE FACTS.

YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE IS WHAT MATTERS.

IN CONSIDERING THE EVIDENCE, YOU MAY USE REASONING AND COMMON SENSE TO MAKE DEDUCTIONS AND REACH CONCLUSIONS. YOU SHOULD NOT BE CONCERNED ABOUT WHETHER THE EVIDENCE IS DIRECT OR CIRCUMSTANTIAL.

"DIRECT EVIDENCE" IS THE TESTIMONY OF A PERSON WHO ASSERTS THAT HE OR SHE HAS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS.

"CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES THAT TEND TO PROVE OR DISPROVE A FACT. THERE IS NO LEGAL DIFFERENCE IN THE WEIGHT YOU MAY GIVE TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

WHEN I SAY YOU MUST CONSIDER ALL THE EVIDENCE, I DO NOT MEAN THAT YOU MUST ACCEPT ALL THE EVIDENCE AS TRUE OR ACCURATE. YOU SHOULD DECIDE WHETHER YOU BELIEVE WHAT EACH WITNESS HAD TO SAY, AND HOW IMPORTANT THAT TESTIMONY WAS. IN MAKING THAT DECISION YOU MAY BELIEVE OR DISBELIEVE ANY WITNESS, IN WHOLE OR IN PART. THE NUMBER OF WITNESSES TESTIFYING CONCERNING A PARTICULAR POINT DOES NOT NECESSARILY MATTER.

TO DECIDE WHETHER YOU BELIEVE ANY WITNESS I SUGGEST THAT YOU ASK YOURSELF A FEW QUESTIONS:

- DID THE WITNESS IMPRESS YOU AS ONE WHO WAS TELLING THE TRUTH?

3

- DID THE WITNESS HAVE ANY PARTICULAR REASON NOT TO TELL THE TRUTH?

- DID THE WITNESS HAVE A PERSONAL INTEREST IN THE OUTCOME OF THE CASE?

- DID THE WITNESS SEEM TO HAVE A GOOD MEMORY?

- DID THE WITNESS HAVE THE OPPORTUNITY AND ABILITY TO ACCURATELY OBSERVE THE THINGS HE OR SHE TESTIFIED ABOUT?

- DID THE WITNESS APPEAR TO UNDERSTAND THE QUESTIONS CLEARLY AND ANSWER THEM DIRECTLY?

- DID THE WITNESS'S TESTIMONY DIFFER FROM OTHER TESTIMONY OR OTHER EVIDENCE?

YOU SHOULD ALSO ASK YOURSELF WHETHER THERE WAS EVIDENCE THAT A WITNESS TESTIFIED FALSELY ABOUT AN IMPORTANT FACT. AND ASK WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME A WITNESS SAID OR DID SOMETHING, OR DID NOT SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY THE WITNESS GAVE DURING THIS TRIAL.

TO DECIDE WHETHER YOU BELIEVE A WITNESS, YOU MAY CONSIDER THE FACT THAT THE WITNESS HAS BEEN CONVICTED OF A FELONY OR A CRIME INVOLVING DISHONESTY OR A FALSE STATEMENT.

BUT KEEP IN MIND THAT A SIMPLE MISTAKE DOES NOT MEAN A WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT. PEOPLE NATURALLY TEND TO FORGET SOME THINGS OR REMEMBER THEM INACCURATELY. SO, IF A WITNESS MISSTATED SOMETHING, YOU MUST DECIDE WHETHER IT WAS BECAUSE OF AN INNOCENT LAPSE IN MEMORY OR AN INTENTIONAL DECEPTION. THE SIGNIFICANCE OF YOUR DECISION MAY DEPEND ON WHETHER

THE MISSTATEMENT IS ABOUT AN IMPORTANT FACT OR ABOUT AN UNIMPORTANT DETAIL.

WHEN SCIENTIFIC, TECHNICAL OR OTHER SPECIALIZED KNOWLEDGE MIGHT BE HELPFUL, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT FIELD IS ALLOWED TO STATE AN OPINION ABOUT THE MATTER.

BUT THAT DOES NOT MEAN YOU MUST ACCEPT THE WITNESS'S OPINION. AS WITH ANY OTHER WITNESS'S TESTIMONY, YOU MUST DECIDE FOR YOURSELF WHETHER TO RELY UPON THE OPINION.

YOU MUST CONSIDER SOME WITNESSES' TESTIMONY WITH MORE CAUTION THAN OTHERS.

FOR EXAMPLE, A WITNESS MAY TESTIFY ABOUT EVENTS THAT OCCURRED DURING A TIME WHEN THE WITNESS WAS USING ADDICTIVE DRUGS, AND SO THE WITNESS MAY HAVE AN IMPAIRED MEMORY OF THOSE EVENTS.

ALSO, IN THIS CASE, THE GOVERNMENT HAS MADE PLEA AGREEMENTS WITH CODEFENDANTS IN EXCHANGE FOR THEIR TESTIMONY. SUCH "PLEA BARGAINING," AS IT IS CALLED, PROVIDES FOR THE POSSIBILITY OF A LESSER SENTENCE THAN A CODEFENDANT WOULD NORMALLY FACE. PLEA BARGAINING IS LAWFUL AND PROPER, AND THE RULES OF THIS COURT EXPRESSLY PROVIDE FOR IT.

BUT A WITNESS WHO HOPES TO GAIN MORE FAVORABLE TREATMENT MAY HAVE A REASON TO MAKE A FALSE STATEMENT IN ORDER TO STRIKE A GOOD BARGAIN WITH THE GOVERNMENT.

SO WHILE A WITNESS OF THAT KIND MAY BE ENTIRELY TRUTHFUL WHEN TESTIFYING, YOU SHOULD CONSIDER THAT TESTIMONY WITH MORE CAUTION THAN THE TESTIMONY OF OTHER WITNESSES.

AND THE FACT THAT A WITNESS HAS PLEADED GUILTY TO AN OFFENSE IS NOT EVIDENCE OF GUILT OF THE DEFENDANT.

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS THE PERSON WHO COMMITTED THE CRIME.

IF A WITNESS IDENTIFIES A DEFENDANT AS THE PERSON WHO COMMITTED THE CRIME, YOU MUST DECIDE WHETHER THE WITNESS IS TELLING THE TRUTH.   BUT EVEN IF YOU BELIEVE THE WITNESS IS TELLING THE TRUTH, YOU MUST STILL DECIDE HOW ACCURATE THE IDENTIFICATION IS.   I SUGGEST THAT YOU ASK YOURSELF QUESTIONS:

- DID THE WITNESS HAVE AN ADEQUATE OPPORTUNITY TO OBSERVE THE PERSON AT THE TIME THE CRIME WAS COMMITTED?

- HOW MUCH TIME DID THE WITNESS HAVE TO OBSERVE THE PERSON?

- HOW CLOSE WAS THE WITNESS?

- DID ANYTHING AFFECT THE WITNESS'S ABILITY TO SEE?

- DID THE WITNESS KNOW OR SEE THE PERSON AT AN EARLIER TIME?

YOU MAY ALSO CONSIDER THE CIRCUMSTANCES OF THE IDENTIFICATION OF THE DEFENDANT, SUCH AS THE WAY THE DEFENDANT WAS PRESENTED TO THE WITNESS FOR IDENTIFICATION AND THE LENGTH OF TIME BETWEEN THE CRIME AND THE IDENTIFICATION OF THE DEFENDANT.

AFTER EXAMINING ALL THE EVIDENCE, IF YOU HAVE A REASONABLE DOUBT THAT THE DEFENDANT WAS THE PERSON WHO COMMITTED THE CRIME, YOU MUST FIND THE DEFENDANT NOT GUILTY.

DURING THE TRIAL YOU HAVE SEEN OR HEARD EVIDENCE IN THE FORM OF A SUMMARY OR A CHART.   THESE SUMMARIES OR CHARTS WERE ADMITTED

INTO EVIDENCE, IN ADDITION TO THE MATERIAL THEY SUMMARIZE, BECAUSE THEY MAY ASSIST YOU IN UNDERSTANDING THE EVIDENCE THAT HAS BEEN PRESENTED.   THEY SHOULD BE CONSIDERED WITH, AND IN THE SAME WAY AS, ALL OTHER EVIDENCE IN THE CASE.

AT THIS TIME I WILL EXPLAIN THE INDICTMENT, WHICH CHARGES THE DEFENDANT WITH FIFTY-ONE OFFENSES, COMMONLY CALLED "COUNTS."   I WILL NOT READ IT TO YOU AT LENGTH BECAUSE YOU WILL BE GIVEN A COPY OF THE INDICTMENT FOR REFERENCE DURING YOUR DELIBERATIONS.

COUNT 1 CHARGES THAT THE DEFENDANT VIOLATED TITLE 21, UNITED STATES CODE, SECTION 846 BY KNOWINGLY AND WILLFULLY CONSPIRING TO DISPENSE CONTROLLED SUBSTANCES OR CAUSE CONTROLLED SUBSTANCES TO BE DISPENSED OUTSIDE THE USUAL COURSE OF PROFESSIONAL PRACTICE FOR A MEDICAL DOCTOR AND WITHOUT LEGITIMATE PURPOSE RELATING TO THE PRACTICE OF MEDICINE.   I WILL EXPLAIN THE LAW GOVERNING THAT OFFENSE IN A MOMENT.

COUNTS 2 THROUGH 50 CHARGE THAT DEFENDANT COMMITTED WHAT ARE CALLED "SUBSTANTIVE OFFENSES," SPECIFICALLY SEPARATE AND INDIVIDUAL VIOLATIONS OF TITLE 21, UNITED STATES CODE, SECTION 841(a)(1), BY DISPENSING A CONTROLLED SUBSTANCE OR CAUSING A CONTROLLED SUBSTANCE TO BE DISPENSED OUTSIDE THE USUAL COURSE OF PROFESSIONAL PRACTICE FOR A MEDICAL DOCTOR AND WITHOUT LEGITIMATE PURPOSE RELATING TO THE PRACTICE OF MEDICINE.   I WILL EXPLAIN THE LAW GOVERNING THOSE SUBSTANTIVE OFFENSES IN A MOMENT.

COUNT 52 CHARGES THAT THE DEFENDANT VIOLATED TITLE 18, UNITED STATES CODE, SECTION 1956 BY KNOWINGLY AND WILLFULLY CONSPIRING TO

LAUNDER MONEY.  I WILL EXPLAIN THE LAW GOVERNING THAT OFFENSE IN A MOMENT.

BUT FIRST NOTE THAT THE DEFENDANT IS NOT CHARGED IN COUNTS 1 OR 52 WITH COMMITTING SUBSTANTIVE OFFENSES — HE IS CHARGED WITH CONSPIRING TO COMMIT CERTAIN OFFENSES.  I WILL GIVE YOU SPECIFIC INSTRUCTIONS ON CONSPIRACY.

COUNT 1 CHARGES THAT THE DEFENDANT KNOWINGLY AND WILLFULLY CONSPIRED TO DISPENSE CONTROLLED SUBSTANCES OR CAUSE CONTROLLED SUBSTANCES TO BE DISPENSED OUTSIDE THE USUAL COURSE OF PROFESSIONAL PRACTICE FOR A MEDICAL DOCTOR AND WITHOUT LEGITIMATE PURPOSE RELATING TO THE PRACTICE OF MEDICINE.  TITLE 21, UNITED STATES CODE, SECTION 846 MAKES IT A SEPARATE FEDERAL CRIME FOR ANYONE TO CONSPIRE OR AGREE WITH SOMEONE ELSE TO DO SOMETHING THAT WOULD BE ANOTHER FEDERAL CRIME IF IT WAS ACTUALLY CARRIED OUT.

TITLE 21, UNITED STATES CODE, SECTION 841(a)(1) MAKES IT A FEDERAL CRIME FOR A MEDICAL DOCTOR, LICENSED AND REGISTERED IN THE STATE OF GEORGIA AND BY THE UNITED STATES, TO KNOWINGLY AND INTENTIONALLY DISPENSE A CONTROLLED SUBSTANCE OR CAUSE A CONTROLLED SUBSTANCE TO BE DISPENSED OUTSIDE THE USUAL COURSE OF PROFESSIONAL PRACTICE FOR A MEDICAL DOCTOR AND WITHOUT LEGITIMATE PURPOSE RELATING TO THE PRACTICE OF MEDICINE.

A "CONSPIRACY" IS AN AGREEMENT BY TWO OR MORE PERSONS TO COMMIT AN UNLAWFUL ACT.  IN OTHER WORDS, IT IS A KIND OF PARTNERSHIP FOR CRIMINAL PURPOSES.  EVERY MEMBER OF THE CONSPIRACY BECOMES THE AGENT OR PARTNER OF EVERY OTHER MEMBER.

THE GOVERNMENT DOES NOT HAVE TO PROVE THAT ALL THE PEOPLE NAMED IN THE INDICTMENT WERE MEMBERS OF THE PLAN, OR THAT THOSE WHO WERE MEMBERS MADE ANY KIND OF FORMAL AGREEMENT.  THE HEART OF A CONSPIRACY IS THE MAKING OF THE UNLAWFUL PLAN ITSELF, SO THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE CONSPIRATORS SUCCEEDED IN CARRYING OUT THE PLAN.

THE DEFENDANT CAN BE FOUND GUILTY ONLY IF ALL THE FOLLOWING FACTS ARE PROVED BEYOND A REASONABLE DOUBT:

<u>FIRST</u>:  TWO OR MORE PEOPLE IN SOME WAY AGREED TO TRY TO ACCOMPLISH THE SHARED AND UNLAWFUL PLAN TO KNOWINGLY AND INTENTIONALLY DISPENSE A CONTROLLED SUBSTANCE OR CAUSE A CONTROLLED SUBSTANCE TO BE DISPENSED OUTSIDE THE USUAL COURSE OF PROFESSIONAL PRACTICE FOR A MEDICAL DOCTOR AND WITHOUT LEGITIMATE PURPOSE RELATING TO THE PRACTICE OF MEDICINE, <u>AND</u>

<u>SECOND</u>:  THAT THE DEFENDANT KNEW THE UNLAWFUL PURPOSE OF THE PLAN AND WILLFULLY JOINED IN IT.

A PERSON MAY BE A CONSPIRATOR EVEN WITHOUT KNOWING ALL THE DETAILS OF THE UNLAWFUL PLAN OR THE NAMES AND IDENTITIES OF ALL THE OTHER ALLEGED CONSPIRATORS.

IF THE DEFENDANT PLAYED ONLY A MINOR PART IN THE PLAN, BUT HAD A GENERAL UNDERSTANDING OF THE UNLAWFUL PURPOSE OF THE PLAN – AND WILLFULLY JOINED IN THE PLAN ON AT LEAST ONE OCCASION – THAT IS SUFFICIENT FOR YOU TO FIND THE DEFENDANT GUILTY.

BUT SIMPLY BEING PRESENT AT THE SCENE OF AN EVENT OR MERELY ASSOCIATING WITH CERTAIN PEOPLE AND DISCUSSING COMMON GOALS AND INTERESTS DOES NOT ESTABLISH PROOF OF A CONSPIRACY.  ALSO A PERSON WHO DOES NOT KNOW ABOUT A CONSPIRACY, BUT HAPPENS TO ACT IN A WAY THAT ADVANCES SOME PURPOSE OF ONE, DOES NOT AUTOMATICALLY BECOME A CONSPIRATOR.

COUNTS 2 THROUGH 50 CHARGE DEFENDANT WITH DISPENSING A CONTROLLED SUBSTANCE, OR CAUSING A CONTROLLED SUBSTANCE TO BE DISPENSED, OUTSIDE THE USUAL COURSE OF PROFESSIONAL PRACTICE FOR A MEDICAL DOCTOR AND WITHOUT LEGITIMATE PURPOSE RELATING TO THE PRACTICE OF MEDICINE.  AS STATED BEFORE, TITLE 21, UNITED STATES CODE, SECTION 841(a)(1), MAKES IT A FEDERAL CRIME OR OFFENSE FOR A MEDICAL DOCTOR, LICENSED AND REGISTERED IN THE STATE OF GEORGIA AND BY THE UNITED STATES, TO KNOWINGLY AND INTENTIONALLY DISPENSE CONTROLLED SUBSTANCES OR CAUSE A CONTROLLED SUBSTANCE TO BE DISPENSED OUTSIDE THE USUAL COURSE OF PROFESSIONAL PRACTICE FOR A MEDICAL DOCTOR AND WITHOUT LEGITIMATE PURPOSE RELATING TO THE PRACTICE OF MEDICINE.

COUNTS 2 THROUGH 50 OF THE INDICTMENT EACH REFER TO A PRESCRIPTION WRITTEN BY THE DEFENDANT FOR A PARTICULAR INDIVIDUAL ON A GIVEN DATE.  EACH COUNT REPRESENTS ONE INSTANCE WHERE THE DEFENDANT IS ALLEGED TO HAVE COMMITTED A VIOLATION OF FEDERAL LAW.

THE DEFENDANT CAN BE FOUND GUILTY OF THE OFFENSES CHARGED IN THE INDICTMENT ONLY IF ALL OF THE FOLLOWING FACTS ARE PROVED BEYOND A REASONABLE DOUBT:

FIRST:    THAT THE DEFENDANT DISPENSED A CONTROLLED SUBSTANCE
          OR CAUSED A CONTROLLED SUBSTANCE TO BE DISPENSED,
          AS CHARGED IN THE INDICTMENT;

SECOND:   THAT   THE   DEFENDANT   ACTED   KNOWINGLY   AND
          INTENTIONALLY; AND

THIRD:    THAT THE DEFENDANT ACTED OUTSIDE THE USUAL COURSE
          OF PROFESSIONAL PRACTICE FOR A MEDICAL DOCTOR AND
          WITHOUT LEGITIMATE MEDICAL PURPOSE.


THESE ELEMENTS APPLY TO COUNTS 2 THROUGH 50 OF THE INDICTMENT. IN OTHER WORDS, THE DEFENDANT CAN BE FOUND GUILTY OF THESE COUNTS OF THE INDICTMENT ONLY IF THESE ESSENTIAL ELEMENTS ARE FOUND BEYOND A REASONABLE DOUBT FOR THAT SPECIFIC COUNT.

AS IT IS USED IN THESE INSTRUCTIONS, "DISPENSING A CONTROLLED SUBSTANCE OR CAUSING A CONTROLLED SUBSTANCE TO BE DISPENSED" INCLUDES ISSUING A PRESCRIPTION FOR A CONTROLLED SUBSTANCE. AS IT IS USED IN THESE INSTRUCTIONS, "CONTROLLED SUBSTANCE" MEANS A DRUG OR OTHER SUBSTANCE THAT IS INCLUDED IN CERTAIN SCHEDULES THAT HAVE BEEN FORMULATED BY CONGRESS AND ARE PART OF THE LAWS OF THE UNITED STATES.  THE DRUGS REFERRED TO IN THE INDICTMENT AS OXYCODONE, HYDROCODONE, PERCOCET, LORCET, AND XANAX ARE "CONTROLLED SUBSTANCES" WITHIN THE MEANING OF THE LAW.

AS IT IS USED IN THE INDICTMENT OR IN THESE INSTRUCTIONS, THE TERM "KNOWINGLY" MEANS THAT THE ACT WAS DONE VOLUNTARILY AND INTENTIONALLY AND NOT BECAUSE OF A MISTAKE OR ACCIDENT.

COUNT 52 CHARGES THAT THE DEFENDANT KNOWINGLY AND WILLFULLY CONSPIRED TO LAUNDER MONEY.  IT IS A FEDERAL CRIME TO CONSPIRE TO

ENGAGE IN MONEY LAUNDERING OR TRANSACTIONS INVOLVING THE PROCEEDS OF SPECIFIED UNLAWFUL ACTIVITY THAT VIOLATES TITLE 18, UNITED STATES CODE, SECTION 1956.

TITLE 18, UNITED STATES CODE, SECTION 1956(a)(1) MAKES IT A FEDERAL CRIME FOR A PERSON TO KNOWINGLY CONDUCT OR TRY TO CONDUCT A FINANCIAL TRANSACTION IF THE PERSON KNOWS THAT THE MONEY OR PROPERTY INVOLVED IN THE TRANSACTION ARE THE PROCEEDS FROM SOME KIND OF UNLAWFUL ACTIVITY; THE MONEY OR PROPERTY ARE IN FACT THE PROCEEDS FROM AN UNLAWFUL ACTIVITY; AND THE PERSON WAS INVOLVED IN THE FINANCIAL TRANSACTION WITH THE INTENT TO PROMOTE THE CARRYING ON OF THAT UNLAWFUL ACTIVITY.

TO "CONDUCT A TRANSACTION" MEANS TO START OR FINISH A TRANSACTION, OR TO PARTICIPATE IN A TRANSACTION AT ANY POINT.

A "TRANSACTION" MEANS A PURCHASE, SALE, LOAN, PROMISE, GIFT, TRANSFER, DELIVERY, OR OTHER DISPOSITION OF MONEY OR PROPERTY. A TRANSACTION WITH A FINANCIAL INSTITUTION ALSO INCLUDES A DEPOSIT, WITHDRAWAL, TRANSFER BETWEEN ACCOUNTS, EXCHANGE OF CURRENCY, LOAN, EXTENSION OF CREDIT, USE OF A SAFE DEPOSIT BOX, OR PURCHASE OR SALE OF ANY STOCK, BOND, CERTIFICATE OF DEPOSIT, OR OTHER MONETARY INSTRUMENT.

A "FINANCIAL TRANSACTION" MEANS A TRANSACTION THAT IN ANY WAY OR TO ANY DEGREE AFFECTS INTERSTATE OR FOREIGN COMMERCE BY INVOLVING ONE OR MORE "MONETARY INSTRUMENTS." THE PHRASE "MONETARY INSTRUMENTS" INCLUDES COINS OR CURRENCY OF ANY COUNTRY, TRAVELERS OR PERSONAL CHECKS, BANK CHECKS OR MONEY ORDERS, OR INVESTMENT SECURITIES OR NEGOTIABLE INSTRUMENTS IN A FORM THAT ALLOWS OWNERSHIP TO TRANSFER ON DELIVERY. A "FINANCIAL TRANSACTION" MAY

13

ALSO INCLUDE A TRANSACTION INVOLVING THE USE OF A FINANCIAL

INSTITUTION THAT IS INVOLVED IN INTERSTATE OR FOREIGN COMMERCE, OR

WHOSE ACTIVITIES AFFECT INTERSTATE OR FOREIGN COMMERCE, IN ANY WAY

OR DEGREE.

THE PHRASE "FINANCIAL INSTITUTION" INCLUDES A BANK THAT IS

INSURED UNDER THE FEDERAL DEPOSIT INSURANCE ACT, A COMMERCIAL BANK

OR TRUST COMPANY, ANY CREDIT UNION, AN INVESTMENT BANK OR

INVESTMENT COMPANY, AN OPERATOR OF A CREDIT CARD SYSTEM, OR AN

ISSUER, REDEEMER, OR CASHIER OF TRAVELERS' CHECKS, CHECKS, MONEY

ORDERS, OR SIMILAR INSTRUMENTS.

"INTERSTATE OR FOREIGN COMMERCE" MEANS TRADE AND OTHER

BUSINESS ACTIVITY BETWEEN PEOPLE OR BUSINESSES IN AT LEAST TWO

STATES OR BETWEEN PEOPLE OR BUSINESSES IN THE UNITED STATES AND

PEOPLE OR BUSINESSES OUTSIDE THE UNITED STATES.

TO "KNOW THAT THE MONEY OR PROPERTY INVOLVED IN THE

TRANSACTION CAME FROM SOME KIND OF UNLAWFUL ACTIVITY" IS TO KNOW

THAT THE MONEY OR PROPERTY CAME FROM AN ACTIVITY THAT IS A FELONY

UNDER STATE, FEDERAL, OR FOREIGN LAW.

THE TERM "PROCEEDS" MEANS ANY MONEY OR PROPERTY DERIVED FROM

OR OBTAINED OR RETAINED, DIRECTLY OR INDIRECTLY, THROUGH SOME FORM

OF UNLAWFUL ACTIVITY, INCLUDING THE GROSS RECEIPTS OF THE ACTIVITY.

THE TERM "SPECIFIED UNLAWFUL ACTIVITY" INCLUDES THE UNLAWFUL

DISPENSING OF CONTROLLED SUBSTANCES, OR THE CAUSING OF CONTROLLED

SUBSTANCES TO BE DISPENSED, BY A MEDICAL DOCTOR, LICENSED AND

REGISTERED IN THE STATE OF GEORGIA AND BY THE UNITED STATES,

OUTSIDE THE USUAL COURSE OF PROFESSIONAL PRACTICE AND WITHOUT

LEGITIMATE PURPOSE RELATING TO THE PRACTICE OF MEDICINE.

DEFENDANT IS NOT CHARGED WITH THE SUBSTANTIVE OFFENSE OF MONEY LAUNDERING IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1956(a)(1).  RATHER, HE IS CHARGED WITH CONSPIRACY TO LAUNDER MONEY IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1956(h).

AS STATED BEFORE, A "CONSPIRACY" IS AN AGREEMENT BY TWO OR MORE PERSONS TO COMMIT AN UNLAWFUL ACT.  IN OTHER WORDS, IT IS A KIND OF PARTNERSHIP FOR CRIMINAL PURPOSES.  EVERY MEMBER OF THE CONSPIRACY BECOMES THE AGENT OR PARTNER OF EVERY OTHER MEMBER.

THE GOVERNMENT DOES NOT HAVE TO PROVE THAT ALL THE PEOPLE NAMED IN THE INDICTMENT WERE MEMBERS OF THE PLAN, OR THAT THOSE WHO WERE MEMBERS MADE ANY KIND OF FORMAL AGREEMENT.  THE HEART OF A CONSPIRACY IS THE MAKING OF THE UNLAWFUL PLAN ITSELF, SO THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE CONSPIRATORS SUCCEEDED IN CARRYING OUT THE PLAN.

THE DEFENDANT CAN BE FOUND GUILTY ONLY IF ALL THE FOLLOWING FACTS ARE PROVED BEYOND A REASONABLE DOUBT:

FIRST:    TWO OR MORE PEOPLE AGREED TO TRY TO ACCOMPLISH A SHARED AND UNLAWFUL PLAN TO LAUNDER MONEY IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1956(a)(1), AND

SECOND:   THAT THE DEFENDANT KNEW THE UNLAWFUL PURPOSE OF THE PLAN AND WILLFULLY JOINED IN IT.

AS STATED BEFORE, A PERSON MAY BE A CONSPIRATOR EVEN WITHOUT KNOWING ALL THE DETAILS OF THE UNLAWFUL PLAN OR THE NAMES AND IDENTITIES OF ALL THE OTHER ALLEGED CONSPIRATORS.

14

IF THE DEFENDANT PLAYED ONLY A MINOR PART IN THE PLAN BUT HAD A GENERAL UNDERSTANDING OF THE UNLAWFUL PURPOSE OF THE PLAN - AND WILLFULLY JOINED IN THE PLAN ON AT LEAST ONE OCCASION - THAT IS SUFFICIENT FOR YOU TO FIND THE DEFENDANT GUILTY.

BUT SIMPLY BEING PRESENT AT THE SCENE OF AN EVENT OR MERELY ASSOCIATING WITH CERTAIN PEOPLE AND DISCUSSING COMMON GOALS AND INTERESTS DOES NOT ESTABLISH PROOF OF A CONSPIRACY. ALSO A PERSON WHO DOES NOT KNOW ABOUT A CONSPIRACY BUT HAPPENS TO ACT IN A WAY THAT ADVANCES SOME PURPOSE OF ONE DOES NOT AUTOMATICALLY BECOME A CONSPIRATOR.

IT IS POSSIBLE TO PROVE THE DEFENDANT GUILTY OF A CRIME EVEN WITHOUT EVIDENCE THAT THE DEFENDANT PERSONALLY PERFORMED EVERY ACT CHARGED.

ORDINARILY, ANY ACT A PERSON CAN DO MAY BE DONE BY DIRECTING ANOTHER PERSON, OR "AGENT." OR IT MAY BE DONE BY ACTING WITH OR UNDER THE DIRECTION OF OTHERS.

A DEFENDANT "AIDS AND ABETS" A PERSON IF THE DEFENDANT INTENTIONALLY JOINS WITH THE PERSON TO COMMIT A CRIME.

A DEFENDANT IS CRIMINALLY RESPONSIBLE FOR THE ACTS OF ANOTHER PERSON IF THE DEFENDANT AIDS AND ABETS THE OTHER PERSON. A DEFENDANT IS ALSO RESPONSIBLE IF THE DEFENDANT WILLFULLY DIRECTS OR AUTHORIZES THE ACTS OF AN AGENT, EMPLOYEE, OR OTHER ASSOCIATE.

BUT FINDING THAT A DEFENDANT IS CRIMINALLY RESPONSIBLE FOR THE ACTS OF ANOTHER PERSON REQUIRES PROOF THAT THE DEFENDANT INTENTIONALLY ASSOCIATED WITH OR PARTICIPATED IN THE CRIME - NOT JUST PROOF THAT THE DEFENDANT WAS SIMPLY PRESENT AT THE SCENE OF A CRIME OR KNEW ABOUT IT.

IN OTHER WORDS, YOU MUST FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS A WILLFUL PARTICIPANT AND NOT MERELY A KNOWING SPECTATOR.

IF A DEFENDANT'S KNOWLEDGE OF A FACT IS AN ESSENTIAL PART OF A CRIME, IT IS ENOUGH THAT THE DEFENDANT WAS AWARE OF A HIGH PROBABILITY THAT THE FACT EXISTED - UNLESS THE DEFENDANT ACTUALLY BELIEVED THE FACT DID NOT EXIST.

"DELIBERATE AVOIDANCE OF POSITIVE KNOWLEDGE" - WHICH IS THE EQUIVALENT OF KNOWLEDGE - OCCURS, FOR EXAMPLE, IF A DEFENDANT POSSESSES A PACKAGE AND BELIEVES IT CONTAINS A CONTROLLED SUBSTANCE BUT DELIBERATELY AVOIDS LEARNING THAT IT CONTAINS THE CONTROLLED SUBSTANCE SO HE CAN DENY KNOWLEDGE OF THE PACKAGE'S CONTENTS.

SO YOU MAY FIND THAT A DEFENDANT KNEW A PARTICULAR FACT IF YOU DETERMINE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT (1) ACTUALLY KNEW A PARTICULAR FACT, OR (2) HAD EVERY REASON TO KNOW BUT DELIBERATELY CLOSED HIS EYES.

BUT I MUST EMPHASIZE THAT NEGLIGENCE, CARELESSNESS, OR FOOLISHNESS IS NOT ENOUGH TO PROVE THAT THE DEFENDANT KNEW ABOUT A PARTICULAR FACT.

A PHYSICIAN MAY NOT BE CONVICTED OF A VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION 841(a)(1) WHEN HE DISPENSES THE CONTROLLED SUBSTANCE IN GOOD FAITH TO PATIENTS IN THE REGULAR COURSE OF PROFESSIONAL PRACTICE. ONLY THE LAWFUL ACTS OF A PHYSICIAN, HOWEVER, ARE EXEMPTED FROM PROSECUTION UNDER THE LAW.

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF UNDER COUNTS 2 THROUGH 50, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE

DEFENDANT KNOWINGLY AND DELIBERATELY DISPENSED A CONTROLLED SUBSTANCE AND DID SO OTHER THAN IN GOOD FAITH IN THE USUAL COURSE OF PROFESSIONAL PRACTICE.  THE DEFENDANT MAY NOT BE CONVICTED IF HE MERELY MADE AN HONEST EFFORT TO TREAT HIS PATIENTS IN ACCORDANCE WITH A STANDARD OF MEDICAL PRACTICE GENERALLY RECOGNIZED AND ACCEPTED IN THE STATE OF GEORGIA.

A CONTROLLED SUBSTANCE IS "DISPENSED" BY A PHYSICIAN IN THE USUAL COURSE OF HIS PROFESSIONAL PRACTICE, AND THEREFORE LAWFULLY, IF THE SUBSTANCE IS DISPENSED BY HIM IN GOOD FAITH WHILE MEDICALLY TREATING A PATIENT.  GOOD FAITH IN THIS CONTEXT MEANS GOOD INTENTIONS AND THE HONEST EXERCISE OF GOOD PROFESSIONAL JUDGMENT AS TO A PATIENT'S MEDICAL NEEDS.  GOOD FAITH CONNOTES AN OBSERVANCE OF CONDUCT IN ACCORDANCE WITH WHAT THE PHYSICIAN SHOULD REASONABLY BELIEVE TO BE PROPER MEDICAL PRACTICE.

IN DETERMINING WHETHER THE DEFENDANT ACTED IN GOOD FAITH IN THE COURSE OF MEDICAL PRACTICE, YOU MAY CONSIDER ALL OF THE EVIDENCE IN THE CASE WHICH RELATES TO THAT CONDUCT.

UNLESS YOU CAN FIND BEYOND A REASONABLE DOUBT THAT THE CONDUCT CHARGED IN A SPECIFIC COUNT OF THE INDICTMENT WAS NOT DONE IN GOOD FAITH IN THE COURSE OF A MEDICAL PRACTICE, YOU MUST ACQUIT THE DEFENDANT OF THAT CHARGE.

YOU WILL SEE THAT THE INDICTMENT CHARGES THAT A CRIME WAS COMMITTED "ON OR ABOUT" A CERTAIN DATE.  THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE CRIME OCCURRED ON AN EXACT DATE.  THE GOVERNMENT ONLY HAS TO PROVE BEYOND A REASONABLE DOUBT THAT THE CRIME WAS COMMITTED ON A DATE REASONABLY CLOSE TO THE DATE ALLEGED.

THE WORD "KNOWINGLY" MEANS THAT AN ACT WAS DONE VOLUNTARILY AND INTENTIONALLY AND NOT BECAUSE OF A MISTAKE OR BY ACCIDENT.

THE WORD "WILLFULLY" MEANS THAT THE ACT WAS COMMITTED VOLUNTARILY AND PURPOSELY, WITH THE INTENT TO DO SOMETHING THE LAW FORBIDS; THAT IS, WITH THE BAD PURPOSE TO DISOBEY OR DISREGARD THE LAW. WHILE A PERSON MUST HAVE ACTED WITH THE INTENT TO DO SOMETHING THE LAW FORBIDS BEFORE YOU CAN FIND THAT THE PERSON ACTED "WILLFULLY," THE PERSON NEED NOT BE AWARE OF THE SPECIFIC LAW OR RULE THAT HIS CONDUCT MAY BE VIOLATING.

EACH COUNT OF THE INDICTMENT CHARGES A SEPARATE CRIME. YOU MUST CONSIDER EACH CRIME AND THE EVIDENCE RELATING TO IT SEPARATELY. IF YOU FIND THE DEFENDANT GUILTY OR NOT GUILTY OF ONE CRIME, THAT MUST NOT AFFECT YOUR VERDICT FOR ANY OTHER CRIME.

I CAUTION YOU THAT THE DEFENDANT IS ON TRIAL ONLY FOR THE SPECIFIC CRIMES CHARGED IN THE INDICTMENT. YOU ARE HERE TO DETERMINE FROM THE EVIDENCE IN THIS CASE WHETHER THE DEFENDANT IS GUILTY OR NOT GUILTY OF THOSE SPECIFIC CRIMES.

YOU MUST NEVER CONSIDER PUNISHMENT IN ANY WAY TO DECIDE WHETHER THE DEFENDANT IS GUILTY. IF YOU FIND THE DEFENDANT GUILTY, THE PUNISHMENT IS FOR THE JUDGE ALONE TO DECIDE LATER.

IN THIS CASE YOU HAVE BEEN PERMITTED TO TAKE NOTES DURING THE COURSE OF THE TRIAL, AND MOST OF YOU-PERHAPS ALL OF YOU-HAVE TAKEN ADVANTAGE OF THAT OPPORTUNITY AND HAVE MADE NOTES FROM TIME TO TIME.

YOU WILL HAVE YOUR NOTES AVAILABLE TO YOU DURING YOUR DELIBERATIONS, BUT YOU SHOULD MAKE USE OF THEM ONLY AS AN AID TO YOUR MEMORY.  IN OTHER WORDS, YOU SHOULD NOT GIVE YOUR NOTES ANY PRECEDENCE OVER YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE OR THE LACK OF EVIDENCE; AND NEITHER SHOULD YOU BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS.

I EMPHASIZE THAT NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE MEMORY OR IMPRESSION OF EACH JUROR AS TO WHAT THE TESTIMONY MAY HAVE BEEN.

ANY VERDICT YOU REACH IN THE JURY ROOM, WHETHER GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.  IN OTHER WORDS, TO RETURN A VERDICT YOU MUST ALL AGREE.  YOUR DELIBERATIONS WILL BE SECRET; YOU WILL NEVER HAVE TO EXPLAIN YOUR VERDICT TO ANYONE.

IT IS YOUR DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY.  WHILE YOU ARE DISCUSSING THE CASE DO NOT HESITATE TO REEXAMINE YOUR OWN OPINION AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU WERE WRONG. BUT DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY OR MERELY TO GET THE CASE OVER WITH.

REMEMBER, THAT IN A VERY REAL WAY YOU ARE JUDGES—JUDGES OF THE FACTS.  YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

WHEN YOU GO TO THE JURY ROOM YOU SHOULD FIRST SELECT ONE OF YOUR MEMBERS TO ACT AS YOUR FOREPERSON.   THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL SPEAK FOR YOU HERE IN COURT.

A FORM OF VERDICT HAS BEEN PREPARED FOR YOUR CONVENIENCE.

[EXPLAIN VERDICT FORM]

YOU WILL TAKE THE VERDICT FORM TO THE JURY ROOM AND WHEN YOU HAVE REACHED A UNANIMOUS AGREEMENT YOU WILL HAVE YOUR FOREPERSON FILL IN THE VERDICT FORM, DATE AND SIGN IT, AND THEN RETURN TO THE COURTROOM.

IF YOU SHOULD DESIRE TO COMMUNICATE WITH ME AT ANY TIME, PLEASE WRITE DOWN YOUR MESSAGE OR QUESTION AND PASS THE NOTE TO THE MARSHAL WHO WILL BRING IT TO MY ATTENTION.   I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU RETURNED TO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY.   I CAUTION YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION YOU MIGHT SEND, THAT YOU SHOULD NOT TELL ME YOUR NUMERICAL DIVISION AT THAT TIME.