UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | INDICTMENT NUMBER: |
| ) | CR 4:13 - 28 |
| NAJAM AZMAT, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR RECONSIDERATION OF BOND PENDING SENTENCING**

Comes Now Najam Azmat, M.D., defendant herein, ("Dr. Azmat"), and pursuant to 18 U.S.C. § 3143 and 18 U.S.C. § 3145 (c) shows the Court the following:

**Procedural History**

Dr. Azmat was arrested on February 26, 2013 on the instant indictment. Doc. # 8. On February 28, 2013 a detention hearing was held. Doc. # 19. The Magistrate Court orally ordered the defendant detained, however, no detention Order was entered.

Dr. Azmat filed a Motion for Reconsideration on March 11, 2013. Doc. # 38.

The Magistrate Judge entered an Order of Detention on March 19, 2013 finding that Dr. Azmat had not offered evidence sufficient to rebut the presumption that no conditions of release would reasonably assure that Dr. Azmat will not flee or pose a danger to the community. Doc. #43, pp. 1-2.

Dr. Azmat filed an Appeal of that detention Order and filed a Reply to the

Government's Response in Opposition, Doc. # 57, 72, arguing that he had resided in Waycross, Georgia since September 2005. Dr. Azmat noted that he and his wife, Sameena, have 3 children together: a 16 year old son, Nausher, who is a special needs child and suffers from developmental delays occasioned by a troubled birth, a 14 year old daughter, Neesha, and a 9 year old son, Jansher. Dr. Azmat and his family continue to reside in the same house they purchased in September, 2005 at 707 Confederate Way, Waycross, Georgia, 31503. Doc. # 57, p. 2-3.

This Court held a detention hearing on May 6, 2013 and heard from several prominent members of the Waycross community that Dr. Azmat was neither a flight risk, nor a danger to the community. Doc. # 77, 78, p. 3 (noting that Ware County Middle School principal Dr. Darlene Tanner and retired Georgia Department of Corrections Chief Probation Officer James Arnold testified on Dr. Azmat's behalf).

On May 9, 2013, this Court entered an Order ordering the release of Dr. Azmat under conditions, including that his wife, three children, mother, and mother in law surrender their passports to the United States Probation Office. Doc. # 78, p. 8. Further, Dr. Azmat was ordered to post a $100,000 bond, secured by $5,000 cash and was ordered to submit to electronic monitoring. Id., at 8-9.

A Superseding Indictment was returned on August 7, 2013. Doc. # 156.

Dr. Azmat's conditions of release were modified on September 9, 2013 to eliminate the requirement of electronic monitoring. Doc. # 194.

The week of January 13, 2014 trial commenced and at the conclusion of trial Dr. Azmat was found guilty of all counts in the indictment. Doc. # 320. Following the discharge of the jury, this Court revoked Dr. Azmat's bond and Ordered him remanded to custody.

## STATEMENT OF FACTS

**1.     Dr. Azmat is not a Flight Risk**

Dr. Azmat continues to reside at his family home in Waycross. His mother-in-law continues to reside with the family at the Confederate Way address.

Dr. Azmat's brother and mother reside together in Lawrenceville, Georgia and his wife's sister also lives in Atlanta. The last few months, Dr. Azmat's wife has been working with her sister in Atlanta to help support the family financially.

In short, Dr. Azmat's children and extended family reside here in the Southern District of Georgia. This is where his family is. This is where Dr. Azmat will continue to reside in addressing this case.

**2.     Dr. Azmat is Not a Danger to the Community**

Dr. Azmat's DEA registration number is suspended, so he is unable to prescribe controlled substances. And, his medical licenses in Georgia, Indiana and Kentucky are currently suspended, so he may not currently practice medicine. Further, as a condition of bond, this Court Ordered that he may not be employed in any hospital, health organization or company related to the practice of medicine. Doc. # 78, p. 8.

**3.     There is a Substantial Likelihood that a Motion for New Trial Will be Granted**

Counts 2 through 50 assert that Dr. Azmat "knowingly, intentionally and unlawfully **dispense[d]**" Schedule II, III, and IV controlled substances on various occasions from February 21, 2011, to March 15, 2011, all in violation of 21 U.S.C. § 841(a)(1). Doc # 156, pp. 11-15 [emphasis added]. Count 52 contends that Dr. Azmat and his co-defendants conspired to launder money, with the specified unlawful activity being "the **dispensation** of Schedule II, III, and IV controlled substances." Doc # 156, p. 16 [emphasis added].

21 U.S.C. § 841(a)(1), provides that: "Except as authorized by this subchapter, it shall be unlawful for a person knowingly or intentionally − (1) to. . .**distribute, or dispense** . . . a controlled substance. . . ." 21 U.S.C. § 841(a)(1) (emphasis added).

4

> Title 21 defines "dispense" as follows:
>
> The term "dispense" means to deliver a controlled substance to an ultimate user . . . by, or pursuant to the lawful order of, a practitioner, including the prescribing **and** administering of a controlled substance **and** the packaging, labeling or compounding necessary to prepare the substance for such delivery. The term "dispenser" means a practitioner who so delivers a controlled substance to an ultimate user . . .

21 U.S.C. § 802(10) (emphasis added).

Title 21 defines "distribute" as follows: "The term "distribute" means to deliver (**other than by administering or dispensing**) a controlled substance . . . The term "distributor" means a person who so delivers a controlled substance. . . . .

21 U.S.C. § 802(11) (emphasis added).

The government proved that Dr. Azmat "prescribed" controlled substances. The government did not prove that he "dispensed" controlled substances. The plain language of the statute demonstrates that "prescribe" and "dispense" are distinct ways in which the statute can be violated.

Not only does the statute define "distribute" and "dispense" as separate and distinct ways to violate Section 841, but also the comprehensive regulatory scheme for prescription drugs demonstrates the same. One commonly thinks of physicians as prescribing drugs and pharmacists as dispensing drugs; "dispensing" connotes the

5

packaging and the delivery of a prescription drug to a patient. The DEA's regulations contemplate the same.

In typical situations, "[a] prescription for a controlled substance may be issued only by an individual practitioner" who is authorized by his state's licensing board and registered by the DEA. 21 C.F.R. § 1306.03(a). "A prescription for a controlled substance may only be filled by a pharmacist, acting in the usual course of his professional practice. . . . or [a] registered institutional practitioner." 21 C.F.R. § 1306.06. Schedule II drugs may be dispensed by a pharmacist "only pursuant to a written prescription signed by a practitioner." 21 C.F.R. § 1306.11(a), (b). Schedule III and IV controlled substances carry similar requirements – i.e., that a pharmacist may dispense these drugs only pursuant to a practitioner's prescription, and the practitioner may dispense these drugs directly only upon meeting the requirements of Section 1306.07. 21 C.F.R. § 1306.21(a), (b).

Here, Dr. Azmat had a license to prescribe, but not a license to dispense. There was no evidence that Dr. Azmat dispensed controlled substances. Counts 2 through 50 which charge that he dispensed medications are fatally flawed.

Count 52 which charged a money laundering conspiracy, describes the specified unlawful activity as "the unlawful dispensation of Schedule II, III, and IV controlled

substances" – the conduct charged in counts two through 50. Doc #156, p. 16. As set forth above, Dr. Azmat did not violate Title 21's prohibition against dispensing controlled substances. Since no evidence showed that Dr. Azmat engaged in dispensation, the specified unlawful activity charged in the superseding indictment, insufficient evidence supports the conviction for money laundering conspiracy.

Thus, there is a substantial likelihood that considering all of the above a Motion for New Trial will be granted.

## ARGUMENT AND CITATION OF AUTHORITY

18 U.S.C. § 3145 provides that a person who is ordered detained by a judicial officer may "file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." Accordingly, Dr. Azmat brings the instant motion for reconsideration before this Court.

18 U.S.C. § 3143 (a) provides that a defendant found guilty of an offense set forth in 18 U.S.C. § 3142 (f)(1) and awaiting imposition of sentence be detained unless the judicial officer find that there is a substantial likelihood that a motion for acquittal or motion for new trial will be granted.

However, 18 U.S.C. § 3145 (c) further provides that, "A person subject to

detention pursuant to section 3143 (a)(1) or (b)(1) may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

Thus, even where this Court to find that Dr. Azmat is not subject ot release pursuant to 18 U.S.C. § 3143, he may still be released pursuant to 18 U.S.C. § 3145 (c). See, United States v. Hooks, 33 F.Supp.2d 1311 (M.D. Ala. 2004)(releasing defendant under conditions following drug conviction to allow her to make provisions for child care).

As set forth above, Dr. Azmat is a long time resident of the Southern District of Georgia where he, his wife, his wife's mother and his 3 children reside. Given his long time ties to the community and his limited financial resources, Dr. Azmat is not a risk of flight. Further, all of Dr. Azmat's family have surrendered their passports, evidencing both their faith in Dr. Azmat and their willingness to continue to support him.

Additionally, Dr. Azmat is instrumental in caring for their 16 year old special needs child, who has become too difficult for his wife to manage physically. He is needed to provide continued care for his son, until the time of sentencing, which may well be three months or more down the road.

Further, given the continued suspension of his medical license and his DEA license, Dr. Azmat can not and will not under the conditions originally imposed by this Court's May 9, 2013 Order gain employment in the health care field.

As attested to by his pretrial services officer following conviction, Dr. Azmat has met all conditions of release pending trial. He respectfully asks that he be permitted to be released on the conditions originally imposed and suggests that the imposition of an additional Ten Thousand Dollars ($10,000.00) cash be deposited into the registry of the Court as additional security.

No other defendant has been ordered detained despite several of those defendants having extensive criminal records.

For the reasons stated above, Dr. Azmat respectfully requests that this Court Order his Release Pending Sentencing under the original conditions imposed in its May 9, 2013 Order along with the imposition of an additional $10,000 cash as security.

Respectfully submitted, this the 28th day of January, 2014.

**s/ Thomas A. Withers, Esq.**
Thomas A. Withers, Esq.
Attorney Bar Number: 772250
Attorney for Dr. Najam Azmat


Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
E-Mail: Twithers@gwllawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 28th day of January, 2014.

                                                  **s/ Thomas A. Withers, Esq.**
                                                Thomas A. Withers, Esq.
                                                Georgia Bar Number: 772250
                                                Attorney for Dr. Najam Azmat

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
E-Mail: Twithers@gwllawfirm.com