UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR 413-28 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NAJAM AZMAT** | ) | |

## GOVERNMENT'S RESPONSE TO MOTION FOR RECONSIDERATION OF BOND PENDING SENTENCING [DOC 321]

Now comes the United States of America, by and through Edward J. Tarver, United States Attorney for the Southern District of Georgia, and files the government's response in opposition to Azmat's motion for reconsideration of bond, and in support thereof notes the following:

1. Following a jury trial, Azmat was found guilty of all counts of the indictment in which he was charged. He was thereafter remanded to the custody of the United States Marshal.

2. Azmat was appropriately remanded to custody pursuant to the Bail Reform Act of 1984. Owing to the nature of the offenses of which Azmat was found guilty, his release pending sentence is governed by 18 U.S.C. § 3143(a)(2), which provides:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142[1] and is awaiting imposition or execution of sentence be detained unless—
>
> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

---

[1] Offenses falling under 18 U.S.C. § 3142(f)(1)(C) include "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq. See 18 U.S.C. § 3142(f)(1)(A). . .). Each of the offenses in Counts 1 through 50, of which Azmat was found guilty, qualifies for treatment under 18 U.S.C. § 3143(a)(2).

    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143

  3. The government submits that there is no substantial likelihood that a motion for acquittal or new trial will be granted. The government will recommend that a sentence of imprisonment be imposed. Accordingly, Azmat does not meet the criteria for release under 18 U.S.C. § 3143(a)(2).

  4. Azmat argues that even if he does not meet the requirements of § 3143(a)(2), he may be eligible for release pending sentencing pursuant to 18 U.S.C. § 3145(c) if "there are exceptional reasons why . . . detention would not be appropriate." See Doc321 at 8-9. In support of his argument that such exceptional circumstances exist, Azmat shows that he is a long time resident of the Southern District of Georgia where he resides with his wife and three children. He further maintains that he has limited financial resources, that he and his family have surrendered their passports, and that he is instrumental in caring for a special needs child. Since his medical licenses have been suspended or revoked, he is unable to gain employment in the medical field. Id.

## ARGUMENT

  5. The showing of Azmat may justify a finding that he is not a flight risk or a danger to the community. The matters which Azmat asserts as "exceptional reasons," however, may be more or less present in any case. They are not "exceptional" and do not justify his release before sentencing. As the Tenth Circuit has recognized, exceptional reasons are generally not present in a given case. Instead, exceptional reasons means "being out of the ordinary: uncommon, rare." United States v. Wages, 271 F.App'x 726, 727 (10th Cir.2008)(per curiam)(unpublished). Accord

<u>United States v. DiSomma, 951 F.2d at 497</u> (stating that exceptional circumstances are "a unique combination of circumstances giving rise to situations that are out of the ordinary," and finding that a defendant's status as a student, as employed, or as a first-time offender did not constitute exceptional circumstances). In <u>Wages</u>, the Tenth Circuit rejected the notion that a defendant's age, lack of prior criminal record; use of a wheelchair and need for a special mattress to avoid pain; limited ability to hear, and need to care for his elderly mother qualified as exceptional reasons: <u>Wages</u> at 727-28. As was the case in <u>Wages</u>, the facts which Azmat points to are not materially different than what the Court sees with many other defendants and thus are not exceptional reasons for delaying his detention until after sentencing.

WHEREFORE, the government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

EDWARD J. TARVER
UNITED STATES ATTORNEY

*s/ Karl I. Knoche*

Karl I. Knoche
Assistant United States Attorney
Georgia Bar No. 426624

**CERTIFICATE OF SERVICE**

      This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

      This 5th day of February 2014.

                                          Respectfully submitted,

                                          EDWARD J. TARVER
                                          UNITED STATES ATTORNEY

                                          *s/ **Karl I. Knoche***

                                          Karl I. Knoche
                                          Assistant United States Attorney
                                          Georgia Bar No. 426624

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422