UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NUMBER: |
| | ) | CR 4:13 - 28 |
| NAJAM AZMAT, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO RESPONSE TO MOTION FOR RECONSIDERATION
OF BOND PENDING SENTENCE**

COMES NOW Najam Azmat, M.D., defendant herein, ("Dr. Azmat"), Defendant's Reply to Government's Response to Defendant's Renewed Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial, and hereby replies to the Government's Response to Defendant's Renewed Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial (hereinafter Response), Doc. # 326, as follows:

**A. The Evidence at Trial Was Insufficient**

The government commences its argument that the evidence presented at trial was allegedly sufficient to convict Dr. Azmat by reciting evidence relating to organization of East Health Center and its organizers. Doc. # 326, p. 3-4. The evidence is undisputed that Dr. Azmat had nothing to do with the organization of East Health Center and had no prior relationship with its organizers. Doc. # 324, p. 5.

1

The government next points to evidence that Al LeFrancois hired Dr. Azmat from an ad after attempting to hire another physician. Doc. # 326, p. 4. As Dr. Azmat has shown, LeFrancois disliked him and determined that he had to go on Dr. Azmat's first day at work. Doc. # 324, p. 4-5.

The government contends that most of the patients at East Health Center were from out-of-state and that they frequently traveled in groups or families. Doc. # 326, p. 4. It points to evidence that only a cursory physical examination was performed on the patients, and that there was no treatment plan or referrals. *Id.*, p. 4, 5. Patients were required to pay a fee, usually in cash; fill out paperwork; present an MRI less than two years old; and orally provide a history of pain in order to be prescribed oxycodone and other medications. *Id.*, p. 4. This alleged evidence is contradicted by evidence that Dr. Azmat, with few, if any, exceptions, maintained detailed patient records and typically sought to reduce the amount of medications which his patients received. Doc. # 324, p. 6.

The government points to the alleged red flags that East Health Center was not a legitimate operation. Doc. # 326, p. 5-6. However, the issue is whether the evidence at trial demonstrated beyond a reasonable doubt that Dr. Azmat knowingly agreed to enter into a conspiracy with the operators of East Health Center. Doc. # 324, p. 4 (citing *United States v. Monroe*, 866 F.2d 1357, 1365 (11th Cir. 1989)). The government's evidence of conspiracy was circumstantial

and speculative and therefore insufficient to demonstrate that Dr. Azmat knowingly agreed to enter into any conspiracy beyond a reasonable doubt. Dr. Azmat should therefore be granted judgment of acquittal and a new trial.

### B. The Patients Who Were the Subject of the Substantive Counts Should Have Testified

The government argues in its Response that there is no requirement that each of its substantive counts be proved by direct evidence, including patient testimony, as opposed to circumstantial evidence. Doc. # 326, p. 8. It contends that its introduction of medical records and prescriptions for each patient who was the basis for the dispensation counts in the Indictment was sufficient. *Id*.

As Dr. Azmat has argued, "when the government relies on circumstantial evidence, the conviction must be supported by reasonable inferences, not mere speculation." *United States v. Rodriguez*, 732 F.3d 1299, 1303 (11th Cir. 2013) (citing *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011)). In addition to the numerous cases cited in Dr. Azmat's motion where the evidence found sufficient to sustain a conviction of a physician for alleged dispensation or prescribing of a controlled substance included testimony from the patients who formed the basis for the counts, more recently, in *United States v. MacKay*, the Tenth Circuit Court of Appeals affirmed the conviction of the defendant physician for unlawfully prescribing controlled substances holding that the evidence was sufficient to affirm the defendant's conviction, observing that the government had

3

presented expert testimony that the defendant "prescribed to each patient without a legitimate medical purpose. And each of these patients backed up [the expert's] testimony," 715 F.3d 807, 822 (10th Cir. 2013) (emphasis added); *see also United States v. Singh*, 54 F.3d 1182, 1187 (4th Cir. 1995) (holding that the evidence was sufficient to sustain the defendant physician's convictions for distributing controlled substances outside scope of his medical practice for other than legitimate medical purposes and for furnishing false information in drug prescription noting that "[t]he patients concerned in all but two of the § 841 counts testified at trial"). Mere introduction of records and prescriptions should be held to be insufficient to sustain the convictions of Dr. Azmat on the Counts of the Indictment where patients did not testify. Dr. Azmat should be granted verdict of acquittal on each such Count.

### C. Dr. Azmat Was Incorrectly Charged with Dispensing Controlled Substances

In its Response, the government contends that a physician may be charged with "dispensing" controlled substances even though the patient never takes possession of the drugs and the prescription is never filled. Doc. # 326, p. 10 (citing *United States v. Tighe*, 551 F.2d 18, 21 (3d Cir. 1977); *United States v. Stump*, 735 F.2d 273, 276 (7th Cir. 1984)). As Dr. Azmat has argued at length in his Motion for Judgment of Acquittal, Doc. # 307, the government failed to prove that

4

Dr. Azmat "dispensed" any controlled substances, but only that he prescribed controlled substances. Doc. # 307, pp. 4-13.

*United States v. Thompson*, 624 F.2d 740 (5th Cir. 1980), relied on by the government in its Response, is distinguishable. Doc. # 326, p. 10 (citing *Thompson*, at 741-42). In that case, the Court held that "a doctor who administers or prescribes a controlled substance in an unlawful manner is to be indicted for dispensing it rather than distributing it. *Thompson*, at 742, relying on *United States v. Leigh*, 487 F.2d 206 (5th Cir. 1973). The Court in *Leigh* ignored many of the elements in 21 U.S.C. § 802. That section provides, in relevant part, that:

> (10) The term "dispense" means to *deliver* a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing *and administering of a controlled substance and the packaging, labeling or compounding necessary to prepare the substance for such delivery*. The term "dispenser" means a practitioner who so *delivers a controlled substance to an ultimate user or research subject*.
> (11) The term "distribute" means to *deliver (other than by administering or dispensing)* a controlled substance or a listed chemical. The term "distributor" means a person who so delivers a controlled substance or a listed chemical.

21 U.S.C. § 802 (emphasis added). The statute also states that "(2) The term "administer" refers to *the direct application of a controlled substance to the body of a patient or research subject…*" 21 U.S.C. § 802(2) (emphasis added). And: "(27) The term "ultimate user" means *a person who has lawfully obtained, and who possesses, a controlled substance* for his own use or for the use of a member

5

of his household or for an animal owned by him or by a member of his household." 21 U.S.C. § 802(27) (emphasis added). Accordingly, pursuant to the statutory scheme under Title 21, in order to be convicted for unlawfully "dispensing" a controlled substance (1) the defendant must "deliver" the controlled substance to an "ultimate user" (Section 802(10));(2) the "delivery" must include "the prescribing and administering of a controlled substance and the packaging, labeling or compounding necessary to prepare the substance for such delivery" (Section 802(10));(3) the delivery must be "by" or "pursuant to" the lawful order of a practitioner (Section 802(10)); and (4) the "ultimate user" must actually "obtain" and "possess" the controlled substance (Section 802(27)) (no attempted or constructive possession allowed, as suggested by Section 802(8)).

In this case, Dr. Azmat unquestionably did not "dispense" any controlled substances within the meaning of the statutory scheme in Title 21, and the government indisputably failed to prove beyond a reasonable doubt that he did. Dr. Azmat should be granted verdict of acquittal on the dispensation of controlled substances counts. *See United States v. Badia*, 490 F.2d 296, 297 n. 4 (1st Cir 1973) (*per curiam*) (noting that a licensed physician "could not be convicted of unlawful dispensing because, as we stated above, the statute defines the term in and of itself as a lawful act").

**D. The Government Failed to Establish An Appropriate Standard for Dr. Azmat's Conduct or How Any Such Standard Was Violated**

The government argues in its Response that it presented sufficient evidence of the standard of medical care at trial through the testimony of Dr. Gene Kennedy. Doc. # 326, p. 11-12. On the contrary, the government failed to present sufficient evidence of the "'objective standard by which a physician's prescribing behavior can be judged.'" *United States v. Merrill*, 513 F.3d 1293, 1306 (11th Cir. 2008) (quoting *United States v. Williams*, 445 F.3d 1302, 1309 (11th Cir. 2006); *United States v. Lewis*, 492 F.3d 1219 (11th Cir.2007) (*en banc*)). The government was required to produce evidence at trial that Dr. Azmat knowingly and intentionally prescribed "other than in good faith… in the usual course of a professional practice and in accordance with a standard of medical practice generally recognized and accepted in the United States." *United States v. Moore*, 423 U.S. 122, 139, 96 S.Ct. 335 (1975). It failed to present sufficient evidence, and Dr. Azmat should accordingly be granted a verdict of acquittal.

**E. Requested Instructions, Prosecutorial Misconduct, Admission of Expert Testimony and Admission of Patient Files**

Dr. Azmat hereby restates his arguments that the improper admission of expert testimony, the rejection of his theory of the defense instructions, the bulk admission of files from East Health Center, and the government's misconduct deprived him of a fair trial. Doc. # 324, p. 11-20. The errors at trial were sufficient

7

in themselves to warrant the grant of judgment of acquittal. And as Dr. Azmat has contended in his motion, even if the errors are not individually sufficient to support the grant of a verdict of acquittal and new trial, cumulatively the errors were more than sufficient to deprive him of a fair trial. It is respectfully requested that the Court direct verdict in Dr. Azmat's favor.

WHEREFORE, Najam Azmat, M.D., defendant herein, prays that this Court grant his Renewed Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial.

Respectfully submitted, this the 28th day of February, 2014.

**s/ Thomas A. Withers, Esq.**
Thomas A. Withers, Esq.
Attorney Bar Number: 772250
Attorney for Dr. Najam Azmat

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
E-Mail: Twithers@gwllawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This the 28th day of February, 2014.

                                          **s/ Thomas A. Withers, Esq.**
                                          Thomas A. Withers, Esq.
                                          Attorney Bar Number: 772250
                                          Attorney for Dr. Najam Azmat

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
E-Mail: Twithers@gwllawfirm.com