UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No.: CR413-28 |
| v. ) | |
| ) | |
| NAJAM AZMAT ) | |
| ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
SUPPLEMENTAL MOTION FOR JUDGMENT OF ACQUITTAL, OR
IN THE ALTERNATIVE, MOTION FOR NEW TRIAL**

NOW COMES THE UNITED STATES OF AMERICA, by and through Edward J. Tarver, United States Attorney for the Southern District of Georgia, and files this government's response to Defendant Najam Azmat's supplemental motion for judgment of acquittal or, in the alternative, motion for a new trial. (Doc. 334.)

In his supplemental motion, Azmat simply repeats what he has previously alleged: That the superseding indictment improperly charged him with "dispensing" controlled substances instead of "distributing" controlled substances, which constituted a "material variance requiring a verdict of acquittal"; and that the government committed prosecutorial misconduct during the trial of this case when the prosecutor, during his cross-examination of a defense expert, asked the expert if he recalled that the defendant attended medical school in Pakistan. (Id, pg.5.)

As to the distinction between the terms "dispense" and "distribute", Azmat has raised this same issue in each of his post-trial pleadings (Docs. 307, 324, 327 and 334.) Each time, however, Azmat has ignored precedent in the Eleventh Circuit that a physician can be convicted of "dispensing" controlled substances by issuing

prescriptions for those controlled substances. In United States v. Thompson, 624 F.2d 740, 741 (5th Cir. 1980)[1], a case in which the defendant, a physician, like Azmat claimed "that he was improperly charged with having unlawfully 'dispensed' preludine, when he should have been charged with 'distributing' the drug." In affirming the conviction, the court stated, "Precedent in this circuit establishes that, under Title 21 of the Code, a doctor who administers or prescribes a controlled substance in an unlawful manner is to be indicted for dispensing it rather than distributing it" (internal citations omitted).

More recently, the Eleventh Circuit, in a number of cases involving physicians issuing prescriptions for controlled substances, have reaffirmed that those physicians can be convicted of dispensing controlled substances.   See United States v. Joseph, 709 F.3d 1082, 1098 (11th Cir. 2013) (affirming "dispensing" conviction, citing the Supreme Court case of United States v. Moore, 423 U.S. 122 (1975), for the proposition that physicians may be prosecuted for either dispensing or distributing controlled substances);   United States v. Bourlier, 518 Fed.Appx.848, 851 (11th Cir. 2013) (unpublished) (affirming "dispensing" conviction); and United States v. Ignasiak, 667 F.3d 1217, 1228 (11th Cir. 2012) (finding evidence sufficient to convict defendant of "dispensing" controlled substances by issuing prescriptions; reversed on other grounds); and United States v. Williams, 445 F.3d 1302, 1307-08 (11th Cir. 2006) (affirming "dispensing" conviction and approving district court's use of jury instruction: "[A] medical doctor has violated Section 841 when the government has proved beyond a

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc),* the Eleventh Circuit Court of Appeals adopted a binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

reasonable doubt that he has dispensed or caused to be dispensed controlled substances outside the usual course of professional conduct.")

For the reasons noted above and in the government's prior responses to Azmat's motions, Azmat was properly charged and convicted of conspiracy to distribute and dispense controlled substances and substantive counts of dispensing controlled substances, not for a legitimate medical purpose and outside the usual course of professional practice; and related charges.

As to Azmat's claim that the government improperly questioned his expert witness regarding his attending medical school in Pakistan, the government responded extensively to Azmat's claim filed in an earlier motion. (Doc. 326, Pg. 15, et seq.) For the reasons noted therein, Azmat's claim lacks merit and should be denied.

This 21st day of May, 2014.

                                                  Respectfully submitted,

                                                  EDWARD J. TARVER
                                                  UNITED STATES ATTORNEY

                                                  **s/ Karl I. Knoche**
                                                  Karl I. Knoche
                                                  Assistant United States Attorney
                                                  Georgia Bar No. 426624

                                                  **s/ E. Greg Gilluly**
                                                  E. Greg Gilluly
                                                  Assistant United States Attorney
                                                  Tennessee Bar No. 019397

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422

## **CERTIFICATE OF SERVICE**

The undersigned certifies that I have on this day served the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 21st day of May, 2014.

                                         **s/ E. Greg Gilluly**
                                         E. Greg Gilluly
                                         Assistant United States Attorney
                                         Tennessee Bar No. 019397

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422