FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 JUL 18 PM 4:18
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NAJAM AZMAT, )
)
    Petitioner, )
)
v. ) CASE NOS. CV417-086
)           CR413-028
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

## O R D E R

Before the Court are Petitioner's Appeal of the Magistrate Judge Decision (Doc. 457), Motion to Stay Proceedings Related to the Report and Recommendation (Doc. 458), and Motion to Stay all Proceedings (Doc. 459).[1] For the following reasons, the Magistrate Judge's ruling is **AFFIRMED** and Petitioner's motions to stay are **DENIED**. To the extent that Petitioner wishes to file any objections to the report and recommendation, Petitioner will have **14 days** from the date of this order.

I. APPEAL

On June 7, 2019, the Magistrate Judge denied several of Petitioner's motions. (Doc. 455.) These motions included Petitioner's (1) Motion to Amend (Doc. 411), (2) Motion to Request Court's Intervention to Provide Grand Jury Transcript

---

[1] For consistency with the Magistrate Judge's order, all citations to the record refer to Petitioner's criminal docket, CR413-28, on this Court's docketing software.

(Doc. 413), (3) Motion for Brady Materials (Doc. 424), (4) Motion for Grand Jury Transcript and Stay (Doc. 429), (5) Motion to Compel (Doc. 437), (6) Motion for Summary Judgment (Doc. 441), (7) Motion to Admit Exhibits (Doc. 447), (8) Motion to Expedite (Doc. 452), and (9) Motion for Default Judgment or in the Alternative Motion to Compel (Doc. 453). On June 24, 2019, Petitioner filed an appeal of the Magistrate Judge's order to this Court. (Doc. 457.)

In reviewing the Magistrate Judge's rulings on appeal for non-dispositive matters, this Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72. This Court has thoroughly reviewed Petitioner's arguments on appeal and finds that the Magistrate Judge properly considered and rejected many of those same arguments. The Court does not find that any part of the Magistrate Judge's order was clearly erroneous or contrary to law. Because this Court finds that the Magistrate Judge's order is responsive to many of the arguments Petitioner now raises and is not clearly erroneous or contrary to law, this Court will not specifically address many of Petitioner's arguments on appeal. The Court, however, will address Petitioner's arguments that the Magistrate Judge improperly denied his Motion to Amend by finding that his new claims were barred by the one-year statute

of limitations provided in the Anti-Terrorism and Effective Death Penalty Act, § 28 U.S.C. § 2255(f),("AEDPA").

Petitioner's initial Motion to Set Aside Judgment under 28 U.S.C. § 2255 (Doc. 401) and Amended Motion to Set Aside Judgment (Doc. 403) were filed by his attorney Kent Williams. After a breakdown in the attorney-client relationship, Petitioner terminated his relationship with Mr. Williams and proceeded to file a motion to amend on October 10, 2017. (Doc. 411.) In his motion, Petitioner seeks to add additional claims to his original petitions filed on his behalf by his former attorney.(Id.)

On review, the Magistrate Judge found that Petitioner's new claims were time-barred because they were not filed within AEDPA's one-year statute of limitations. (Doc. 455 at 2-5.) The Magistrate Judge concluded that Petitioner's claims were untimely because these claims did not "relate back" to the timely filed claims raised in Petitioner's initial petition. (Id.) Accordingly, the Magistrate Judge denied Petitioner's request to amend. (Id.)

In his appeal, Petitioner now challenges the Magistrate Judge's findings and argues that this Court should allow him to amend his complaint for several reasons. (Doc. 457.) First, Petitioner contends that he should be permitted to freely amend his petition and that there should be no requirement that his

3

claims relate back to his timely filed petition. (Id. at 7-8.) Next, Petitioner asserts that this Court should use equitable tolling to permit Petitioner to file his new claims despite any applicable statute of limitations. (Id. at 8-9.) Finally, Petitioner argues that the Court should allow his newly filed claims because these claims amount to an actual innocence claim that should not be time-barred. (Id. at 10-11.) After careful review, however, the Court cannot agree with Petitioner's arguments.

As his first challenge to the Magistrate Judge's ruling that his new claims are untimely, Petitioner asserts that the Magistrate Judge improperly applied Federal Rule of Civil Procedure 15(c) to find that his claims were untimely because they do not relate back to his timely filed petition. (Id. at 7-8.) Petitioner asserts that "the 'relate back' [rule] would be contradictory and counter intuitive" because under Rule 15(a) leave to amend is given freely so that cases may be properly decided on their merits. (Id. at 7.) Although Petitioner is correct that the ability to amend under Federal Rule of Civil Procedure 15(a) is generally given freely, "[w]hether a petition can be amended under Rule 15(a) however, either as of right, with consent of the court, or with the consent of the parties, does not answer the question of the date that those claims are considered to have been made for limitations purposes." Pruitt v.

4

United States, 274 F.3d 1315, 1318 (11th Cir. 2001). Instead, Federal Rule of Civil Procedure 15(c) provides the "mechanism by which an amendment to a pleading under Rule 15(a) may be considered to have been filed as of the date of filing the original pleading" and this rule requires that the new claims relate back to those claims that were timely filed. Id.

In this case, the Magistrate Judge properly found that Petitioner's new claims do not relate back to the claims initially raised in Petitioner's timely filed petition. It is well settled that under Federal Rule 15(c), "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." Davenport v. United States, 217 F.3d 1341, 1346 (11th Cir. 2000). In this case, Petitioner's new claims are not factually related to the claims initially filed by his attorney. Accordingly, Petitioner's claims do not relate back to that timely filing and are time-barred. See, e.g., Id. (applying Federal Rule of Civil Procedure 15(c) to determine that "three new claims in [the petitioner's] amended § 2255 motion do not relate back to the date of his timely filed § 2255 motion" and were barred under AEDPA).

Next, Petitioner argues that this Court should find that his claims are not time-barred because this Court should allow equitable tolling of the one-year filing deadline in AEDPA.

5

(Doc. 457 at 8-9.) Petitioner contends that he diligently pleaded with his attorney to file additional claims in his initial habeas petition and the failure of his attorney to file those claims warrants equitable tolling of the statute of limitations. (Id.)

In order to establish that equitable tolling is warranted, a petitioner must "show[] '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1818, 161 L. Ed. 2d 669 (2005)). The petitioner bears the burden of proving his entitlement to equitable tolling. San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011). However, equitable tolling is applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances," Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). In the Eleventh Circuit, "[e]quitable tolling based on counsel's failure to satisfy the AEDPA's statute of limitations is available only for serious instances of attorney misconduct." Thomas v. Att'y Gen., 795 F.3d 1286, 1291 (11th Cir. 2015) (internal citations and quotation marks omitted).

In this case, Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations. As the record shows, Petitioner's attorney properly filed a petition within the one-year period provided in AEDPA. (Doc. 401.) Although Petitioner quarrels with his attorney's decision to file some claims at the exclusion of others, this disagreement does not rise to the extraordinary circumstances which warrant equitable tolling of the statute of limitations. See Maples v. Thomas, 565 U.S. 266, 280-81, 132 S. Ct. 912, 922, 181 L. Ed. 2d 807 (2012) ("[B]ecause the attorney is the prisoner's agent, and under "well-settled" agency law, the principal bears the risk of his agent's negligent conduct." (citing Coleman v. Thompson, 501 U.S. 722, 753, 111 S. Ct. 2546, 2566-67, 115 L. Ed. 2d 640 (1991))). As Petitioner's agent, Petitioner's attorney was permitted to make tactical decisions based on the attorney's knowledge of the law. The decision by Petitioner's counsel not to raise certain claims does not warrant equitable tolling to permit Petitioner the opportunity to amend his complaint.

Finally, Petitioner asserts that his claims cannot be time-barred because he is asserting a claim that he is actually innocent. It is well established that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the

7

existence of a procedural bar to relief. McQuiggin v. Perkins, 569 U.S. 383, 392, 133 S. Ct. 1924, 1931, 185 L. Ed. 2d 1019 (2013). However, "actual innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " Id. at 386, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 868, 130 L. Ed. 2d 808 (1995)).

Despite Petitioner's argument, Petitioner has not provided any sufficient basis to support his actual innocence claim. As a starting point, Petitioner has never raised an actual innocence claim in his properly filed petition or in his later untimely petition filed on his own behalf. (See Doc. 401; Doc. 403; Doc. 411.) Instead, Petitioner asserts a wide array of errors made by his attorney and evidence that Petitioner argues is either untruthful or perjured. (See Doc. 401; Doc. 403; Doc. 411.) Although Petitioner disputes evidence raised at trial, Petitioner must do more than "counterbalance the evidence that sustained [his] conviction." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1017-18 (11th Cir. 2012). Instead, Petitioner "must present 'new reliable evidence' such that it is more likely than not that 'no reasonable juror would have

8

convicted him in light of the new evidence.'" Id. at 1017 (quoting Schlup, 513 U.S. at 324, 327, 115 S. Ct. at 865, 867).

Here, Petitioner has not cited any new reliable evidence which shows that he is actually innocent of his underlying crime. Arguing that witness testimony was perjured or that the Government acted improperly is insufficient. Accordingly, Petitioner will not be permitted to raise any new claims in an amended complaint based on an actual innocence exception to AEDPA's one-year statute of limitations.

For the foregoing reasons, the Court affirms the Magistrate Judge's conclusion that Petitioner is not entitled to file an amended complaint that raises untimely claims factually untethered from his properly filed petition. Petitioner has simply shown no basis to warrant the consideration of his new untimely claims. Accordingly, the Magistrate Judge's opinion is **AFFIRMED** in its entirety.[2]

II. MOTION TO STAY PROCEEDINGS RELATED TO REPORT AND RECOMMENDATION

In his appeal, Petitioner requests that the Court stay all proceedings with respect to the report and recommendation due to Petitioner's pending appeal. (Doc. 458.) At this time, the Court

---

[2] Again, the Court affirms the Magistrate Judge's findings and conclusions with respect to the other issues raised in Petitioner's appeal. This Court finds that the Magistrate Judge's findings and conclusions were neither clearly erroneous nor contrary to law.

9

has thoroughly reviewed Petitioner's appeal and affirmed the Magistrate Judge's ruling. As a result, Petitioner is not entitled to any stay and his request is **DENIED**. Accordingly, this Court will consider the merits of the report and recommendation.

It should be noted that no stay was granted in this case and that the deadline for Petitioner to file objections to the Magistrate Judge's report and recommendation has since expired. (See Doc. 456.) In light of Petitioner's pro se status, however, this Court will provide Petitioner with **14 days** from the date of this order to respond to the report and recommendation.

III. MOTION TO STAY ALL PROCEEDINGS BEFORE DISTRICT COURT

Finally, Petitioner requests that this Court stay all proceedings in this case to allow Petitioner the opportunity to request permission from the Eleventh Circuit to file a second or successive habeas petition. (Doc. 459.) However, Petitioner cannot file a second or successive habeas petition while this Court is still in the process of reviewing his initial petition. As a result, Petitioner's request is **DENIED**.

IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge's ruling (Doc. 455) is **AFFIRMED** and Petitioner's motions to stay (Doc. 458; Doc. 459) are **DENIED**. To the extent that Petitioner wishes

10

to file any objections to the report and recommendation (Doc. 456), Petitioner will have **14 days** from the date of this order.

SO ORDERED this 18th day of July 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA