IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| NAJAM AZMAT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CR 413-028 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

On July 9, 2024, Petitioner, proceeding *pro se*, filed a 123-page motion and incorporated brief for a writ of error *coram nobis* with 253 pages of attached exhibits. (See doc. no. 543.) Respondent subsequently moved for a Court order requiring Petitioner to file an amended motion in compliance with Rule 12(b) of the Local Rules for Administration of Criminal Cases ("Local Criminal Rules"), (doc. no. 544), which provides "[n]o brief shall exceed 26 pages," LR Crim. 12(b). Petitioner opposes the government's motion, claiming "Local Rules have never been applied in this case." (Doc. no. 547.)[1]

Upon consideration, the Court **GRANTS** Respondent's motion. (Doc. no. 544.) Thus, the Court **ORDERS** Petitioner to amend his motion to include all of his stated grounds for

---

[1] The Court notes Petitioner cites to the Local Rules for Civil Actions, (see doc. no. 547, p. 2 (citing to "LR 7.6")), while Respondent cites to the Local Rules for Administration of Criminal Cases, (see doc. no. 544, p. 1 (citing "LR Crim. 12(b)"). A writ of error *coram nobis* "is a step in the criminal case and not . . . the beginning of a separate civil proceeding." United States v. Morgan, 346 U.S. 502, 505 n.4 (1954) (citing Kurtz v. Moffitt, 115 U.S. 487, 494 (1885). Accordingly, this Court's Local Criminal Rules apply to the briefing related to Petitioner's motion for a writ of error *coram nobis*.

*coram nobis* relief in one complete document, not to exceed twenty-six pages in length, by no later than October 3, 2024. See LR Crim. 12(b) ("No brief shall exceed 26 pages, excluding any certificate of service.").

Petitioner contends if he is required to submit an amended motion, as the Court now orders, the amended motion "is fully expected to keep referring each argument back to the original Motion (Doc. [543]) for details" and the original motion will effectively serve as an exhibit to the amended motion. (Doc. no. 547, p. 4.) Such an attempt at amending his motion in a piecemeal manner will not be tolerated. See Fields v. Ethicon, Inc., No. CV421-020, 2022 WL 2959711, at *2 (S.D. Ga. July 26, 2022) (explaining the Court "would not accept filings that incorporated earlier arguments by reference as it is not the practice of this court to accept piecemeal filings."). The Court advises Petitioner his amended motion will supersede and replace the motion originally submitted. See, e.g., Malone v. Sec'y, Florida Dep't of Corr., No. 806-720, 2009 WL 2579216, at *1 (M.D. Fla. Aug. 20, 2009) (recognizing amended § 2254 petition completely superseded original petition). Petitioner is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. While Petitioner may attach exhibits to his amended motion, he shall not incorporate them by reference as a means of providing the factual basis for his amended motion. For example, Petitioner should not simply state, "See attached documents." The Court will not independently examine exhibits Petitioner does not specifically reference (by the exhibit's page number) in his amended motion.

Furthermore, to demonstrate eligibility for *coram nobis* relief, Petitioner's amended motion must demonstrate "'there is and was no other available avenue for relief,' . . . 'the error involves a matter of fact of the most fundamental character which has not been put in issue or

passed upon and which renders the proceeding itself irregular and invalid[,] . . . [and] 'sound reasons for failing to seek relief earlier.'" United States v. Louis, 463 F. App'x 819, 820 (11th Cir. 2012) (*per curiam*) (quoting Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000), and United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000)).

Accordingly, the Court **GRANTS IN PART** Respondent's motion for an extension of time to respond. (Doc. no. 545.) Respondent is directed to file its response to Petitioner's amended petition no later than November 4, 2024. Should Petitioner elect to file a reply brief, any reply shall be filed no later than November 18, 2024. No brief shall exceed twenty-six pages absent prior permission of the Court.

SO ORDERED this 3rd day of September, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA