IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| NAJAM AZMAT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CR 413-028 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Presently before the Court is Petitioner's Motion for Change of Venue and Stay of Proceedings. (Doc. no. 582.) Petitioner alternatively seeks a twenty-one-day extension of time to respond to the Court's July 8, 2025 Report and Recommendation in the event his requests to change venue and stay proceedings are denied. (Id. at 7.)

I.   **REQUEST TO CHANGE VENUE**

Petitioner demands a change of venue because he does "not expect[] to get a fair resolution of [his] Coram Nobis and related issues in the Southern District of Georgia." (Doc. no. 582, p. 1.) Petitioner relies on Chief United States District Judge R. Stan Baker's responses to his allegations of attorney misconduct under Local Rule 1B(g)(3)(A) and (C), unfounded concerns of possible retaliation following Petitioner's report of Chief Judge Baker's perceived bias to the Judicial Council of the Eleventh Circuit, and the substance of the undersigned's July 8, 2025 Report and Recommendation to support Petitioner's argument he faces bias and prejudice in this Court, and therefore his coram nobis and related proceedings should be

transferred elsewhere. (See generally id.) Petitioner does not attempt to identify an appropriate alternative venue. (Id.)

Although Petitioner cites to caselaw in his vigorous attempts to relitigate the substance of his coram nobis petition and other assorted filings in this Court, (see id.), he fails to identify any case, statute, or other source of authority to support his request for a transfer of the current proceedings to another judicial district. "It is clear . . . that a petition for writ of error coram nobis should be docketed in the original criminal proceeding whose judgment is being challenged." United States v. Tyler, 413 F. Supp. 1403, 1405 (M.D. Fla. 1976). Petitioner has provided no argument to override this principle to justify transfer of these proceedings. Petitioner has provided only his unfounded claims of perceived bias—based solely on judicial conduct—to suggest this case should be transferred to an unspecified judicial district, which the Court finds insufficient to warrant the relief Petitioner seeks.[1] Accordingly, Petitioner's request to change venue is **DENIED**.

## II.     REQUEST TO STAY PROCEEDINGS AND EXTENSION OF TIME TO OBJECT

Petitioner also requests, in conjunction with his request to change venue, a stay of proceedings. (Doc. no. 582, p. 7.) Alternatively, he seeks a twenty-one-day extension of time to respond to the Court's July 8, 2025 Report and Recommendation. (Id.) As Petitioner's motion to change venue is denied, there is no basis to stay the instant proceedings in their

---

[1] To the extent Petitioner's motion should be construed as a motion to recuse the undersigned and Chief Judge Baker, such a motion would likewise be denied because judicial conduct would be the only stated basis for recusal and he failed to file an affidavit in support of his motion as required by 28 U.S.C. § 144. See Liteky v. United States, 510 U.S. 540, 553 (1994) (explaining allegations of personal bias and prejudice which would disqualify a judge under 28 U.S.C. § 455 must be based on an "extrajudicial source").

entirety. Therefore, Petitioner's request to stay proceedings is **DENIED**. However, the Court **GRANTS** Petitioner's request for a twenty-one-day extension to file objections. Objections to the July 8, 2025 Report and Recommendation must be filed by no later than August 15, 2025.

### III. CONCLUSION

In sum, Petitioner's Motion for Change of Venue and Stay of Proceedings is **DENIED IN PART** and **GRANTED IN PART**. (Doc. no. 582.) Specifically, Petitioner's requests to change venue and stay proceedings are **DENIED**, while his request for an extension of time to object to the July 8, 2025 Report and Recommendation is **GRANTED**. Objections to the July 8, 2025 Report and Recommendation must be filed by no later than August 15, 2025.

SO ORDERED this 23rd day of July, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA