IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| NAJAM AZMAT,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO.: 4:13-cr-28 |

**O R D E R**

This Order addresses Petitioner's objection to the Magistrate Judge's Order denying his motion for change of venue and stay of proceedings, (doc. 585), and his motion for recusal of the undersigned, (doc. 577). It also addresses the Magistrate Judge's July 8, 2025 Report and Recommendation ("R&R") concerning Petitioner's amended motion for writ of error coram nobis and the assorted related motions, (doc. 578).

**I.   Overruling of Objection to Magistrate Judge's Order Denying Petitioner's Motion to Change Venue and Stay Proceedings**

After entry of the R&R, Petitioner filed a Motion for Change of Venue and Stay of Proceedings, in which he sought a transfer and stay of this case. (Doc. 582.) In this motion, he requested a twenty-one-day extension for filing objections to the R&R if his request for a change of venue and stay was not granted. (Id. at 7.) By Order dated July 23, 2025, the Magistrate Judge denied Petitioner's request to change venue and stay the case and provided Petitioner with an extension through August 15, 2025, to file objections to the R&R. (See doc. 584.)

In lieu of filing objections to the R&R, Petitioner submitted an appeal and objection to the Magistrate Judge's denial of his Motion for Change of Venue and Stay of Proceedings. (Doc. 585.)  Petitioner argues a change of venue is warranted because of the undersigned's bias against him, and he claims the Magistrate Judge erred by failing to consider his claims about the undersigned's alleged conflict of interest in this matter.  (See generally id.)  He also requests a second extension of twenty-one days to file objections to the R&R if his challenge to the transfer and stay denial is overruled.  (Id. at 4.)

Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy."  "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  The clearly erroneous and contrary to law standards are "exceedingly deferential."  Pate v. Winn-Dixie Stores, Inc., No. CV 213-166, 2014 WL 5460629, at *1 (S.D. Ga. Oct. 27, 2014) (citations omitted).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal., 508 U.S. 602, 622 (1993) (alteration in original) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  A finding is contrary to law "where it either fails to follow or misapplies the applicable law."  Jackson v. Deen, No. CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citation omitted).

Petitioner identifies no part of the Magistrate Judge's Order that is clearly erroneous or contrary to law.  The Magistrate Judge correctly applied the principle that writs of error coram nobis should be filed "in the original criminal proceeding whose judgment is being challenged,"

2

and there is no legal basis for transferring the case. (Doc. 584, pp. 1-2 (quoting United States v. Tyler, 413 F. Supp. 1403, 1405 (M.D. Fla. 1976).) Moreover, Petitioner's contention that a change of venue is necessary because of the undersigned's purported bias is baseless for the reasons described in Section II *infra*. Thus, the Court **FINDS** the Magistrate Judge's Order is not clearly erroneous or contrary to the law and **OVERRULES** Petitioner's objection to the Magistrate Judge's July 23, 2025 Order. (Doc. 585.)

Furthermore, the Court finds no reason to provide Petitioner with a second extension of time to file objections to the R&R. Petitioner already received an extension and should have timely objected within the deadline or timely moved for an extension, rather than merely including his extension request in his objection to the transfer and stay denial.

## II.     Denial of Petitioner's Motion for Recusal

Petitioner argues recusal is necessary because the undersigned determined no action was warranted on a prosecutorial misconduct complaint filed by Petitioner, and Petitioner has since filed a judicial misconduct complaint against the undersigned with the Eleventh Circuit concerning this determination. (See doc. 577.) Petitioner claims he presented irrefutable evidence of prosecutorial misconduct, (id. at 2-5), and "any fair-minded jurist of reason would certainly take issue with Chief Judge Baker's reasoning/excuse to dismiss the [attorney misconduct complaint] as frivolous," (id. at 5). Petitioner contends the dismissal of his complaint "raises very serious questions" about the undersigned's "discriminatory bias" and ability to recognize misconduct. (Id.)

Respondent argues no reasonable person would question the undersigned's impartiality, and Petitioner's attorney misconduct complaints have been presented and rejected dozens of times across various forums. (Doc. 580, pp. 3-4.) Respondent argues the undersigned's decision about Petitioner's complaint was a "straightforward application of law to fact, not bias against

3

[Petitioner]." (Id. at 3.) Respondent further points out Petitioner failed to allege the purported bias against Petitioner stems from an extrajudicial source. (Id. at 4.)

Recusal is governed by 28 U.S.C. §§ 144 and 455. Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012) (*per curiam*). Under § 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).

Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or under specifically enumerated circumstances, which include "personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)-(b). The Eleventh Circuit has explained the party seeking recusal must allege facts in the affidavit which "show that the judge's bias is personal, as opposed to judicial, in nature." Hepperle v. Johnston, 590 F.2d 609, 613 (5th Cir. 1979) (citation omitted).[1] Furthermore, allegations of personal bias and prejudice which would disqualify a judge under § 455 must be based on an "extrajudicial source." Liteky v. United States, 510 U.S. 540, 553 (1994); see also Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1329 (11th Cir. 2002) (explaining bias necessary to disqualify judge "must stem from extrajudicial sources"). That is, the § 455 analysis should not rest on judicial conduct. Hepperle, 590 F.2d at 614 (citations omitted). As the Supreme Court explained, "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . and can only in the rarest circumstances evidence the degree of

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

favoritism or antagonism required . . . when no extrajudicial source is involved." Liteky, 510 U.S. at 555.

The Court **DENIES** Petitioner's motion for recusal, (doc. 577), because Petitioner failed to submit a supporting affidavit as required by § 144, the purported basis for recusal is solely judicial conduct, and Petitioner alleges no facts showing personal bias or prejudice such that the undersigned's impartiality might reasonably be questioned, (see docs. 577, 581). Petitioner's assertion recusal is warranted because of the mere pendency of his judicial misconduct complaint with the Eleventh Circuit also lacks merit. See In re Evergreen Sec., Ltd., 570 F.3d 1257, 1265 (11th Cir. 2009) ("The mere filing of a complaint of judicial misconduct is not grounds for recusal.").

III.   **Adoption of Recommendations Regarding Petitioner's Amended Motion for Writ of Error Coram Nobis and Assorted Related Motions**

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's R&R, (doc. 578), to which Petitioner has not objected. Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R as the opinion of the Court, **GRANTS** Respondent's motion to dismiss, (doc. 555), and **DISMISSES** Petitioner's amended motion for writ of error coram nobis without a hearing, (doc. 552). The Court further **DENIES AS MOOT** Petitioner's original motion for writ of error coram nobis and motion to dismiss, (docs. 543, 557), **GRANTS** Respondent's motion to strike and Petitioner's motion to correct clerical error, (docs. 565, 566), and **DENIES** Petitioner's assorted motions, (docs. 558, 560, 568, 571, 574). The Court also **DIRECTS** the **CLERK** to strike the "Follow-Up Complaint" from the docket in its entirety. (Doc. 564.)

Finally, the Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment and **DENIES** Petitioner *in forma pauperis* status on appeal and, to the extent necessary in the coram nobis context, a Certificate of Appealability.

**SO ORDERED**, this 2nd day of September, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA